**ORIGINAL**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 AUG 6 PM 2 05

STEPHAN HARRIS, CLERK
CHEYENNE

ERIC J. HEIMANN
Assistant United States Attorney
District of Wyoming
P. O. Box 668
Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov
Wyo. State Bar # 6-4504

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-CV-151-J |
| ) | |
| ONE CESSNA AIRPLANE, MODEL ) | |
| NUMBER TU-206, BEARING TAIL ) | |
| NUMBER N6214V AND SERIAL NUMBER ) | |
| U206-1189, ET AL. ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF FORFEITURE ACTION

TO:   Dion Custis, counsel for Gilbert Wayne Wiles, Jr.

The enclosed Complaint is sent pursuant to Supp. R. For Adm. M. and Forf. Claims G(4).

   A.   DATE OF NOTICE: **August 6, 2014**

   B.   FORFEITURE COMPLAINT:   On August 1, 2014, the United States filed a civil complaint seeking forfeiture pursuant to 21 U.S.C. § 881, in the United States District Court against the following property:   **(1)** One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189; and **(2)** $259,717 in United States Currency.

   C.   FILING OF A VERIFIED CLAIM:   Pursuant to Supplemental Rule G(5)(a)(ii), You <u>must</u> file a verified claim within thirty-five (35) days after the date this notice is mailed.

D.     FILING OF AN ANSWER: You <u>must</u> then file an answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one (21) days after filing the verified claim.

E.     ATTORNEY FOR PLAINTIFF: The claim and answer <u>must</u> be served upon:

Eric J. Heimann
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003

**Failure to follow the requirements set forth above may result in judgment by default taken against you for the relief demanded in the Complaint. You may wish to seek legal advice to protect your interests.**

CHRISTOPHER A. CROFTS
United States Attorney

By: _____
ERIC J. HEIMANN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

It is hereby certified on the 6th day of August, 2014, a true and correct copy of the foregoing **Notice of Forfeiture Action with enclosed Civil Forfeiture Complaint** was served upon the following, by the method(s) indicated below.

| | |
|---|---|
| Dion J. Custis<br>400 East 20th Street<br>Cheyenne, WY 82001-3708 | [ ] Facsimile<br>[ ] U.S. Mail -- postage prepaid<br>[X] U.S. Mail -- certified<br>[ ] Hand delivery<br>[ ] Overnight Courier |

*Vicki Powell*
United Stated Attorney's Office

**ORIGINAL**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 AUG 1   AM 10 30

STEPHAN HARRIS, CLERK
CHEYENNE

ERIC J. HEIMANN
Assistant United States Attorney
District of Wyoming
P. O. Box 668,
Cheyenne, WY 82003
(307) 772-2124

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 14-CV-151-J |
| | ) |
| One Cessna Airplane, Model Number | ) |
| TU-206, bearing Tail Number N6214V | ) |
| and Serial Number U206-1189, | ) |
| | ) |
| and | ) |
| | ) |
| $259,717 United States Currency, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through Assistant United States Attorney Eric Heimann, brings this verified complaint to forfeit one Cessna airplane and $259,717 United States currency under authority of 21 U.S.C. § 881 and in compliance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### *NATURE OF THE ACTION & THE DEFENDANT-PROPERTY*

This is a civil *in rem* action to forfeit property to the United States under 21 U.S.C. § 881. Specifically, the United States seeks to forfeit the following Defendant-Property: **(1)** one Cessna airplane, model number TU-206, bearing tail number N6214V and serial number U206-1189, and **(2)** $259,717 United States currency. The Defendant-Property was seized from Scott Michael Lewis and Gilbert Wayne Wiles, Jr., on February 28, 2014, in Cody, Wyoming, under authority of State of Wyoming search warrants. After seizure, the Defendant-Property was transferred to the custody of special agent Jim Hasskamp of the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (DHS-HSI).

The Defendant-Airplane is currently located at Spirit Mountain Aviation in Cody, Wyoming, in the custody of a contractor under a U.S. Customs and Border Protection consignment order pending forfeiture. The Defendant-Currency was reduced to a cashiers' check which was deposited into a U.S. Customs and Border Protection seizure account pending forfeiture.

### *LEGAL BASIS FOR FORFEITURE OF THE DEFENDANT-PROPERTY*

The Defendant-Airplane is forfeitable under 21 U.S.C. § 881(a)(4) because it is a conveyance which was used, and was intended for use, to transport, and to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances which had been manufactured, distributed, dispensed, and acquired in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*

The Defendant-Currency is forfeitable under 21 U.S.C. § 881(a)(6) because it constitutes (1) moneys furnished and intended to be furnished by any person in exchange for a controlled substance in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*; (2) proceeds traceable to such an exchange; and (3) moneys used and intended to be used to facilitate any violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*

### *JURISDICTION & VENUE*

This Court has subject-matter jurisdiction under 28 U.S.C. § 1345 because this action is being commenced by the United States, and under 28 U.S.C. § 1355(a) because this is a civil forfeiture action.

This Court has *in rem* jurisdiction over the Defendant-Property under 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and under 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the action accrued in this district and the Defendant-Property was seized in this district. Venue is proper in this Court under the same authorities and for the same reasons.

### *FACTS*

The Defendant-Property was seized from Scott Lewis and Gilbert Wiles on February 28, 2014, as part of an investigation of suspected drug trafficking. The following facts were learned in the investigation and support a reasonable belief that the government can prove by a preponderance of the evidence that the Defendant-Property is subject to forfeiture. *See* Supplemental Rule G(2)(f), Civil Rules of Civil Procedure ("The complaint must: ... state sufficiently detailed facts to support a reasonable belief that the government will be able to meet

its burden of proof at trial."); 18 U.S.C. § 983(c) ("In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—(1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture....").

On February 27, 2014, the director of operations for Choice Aviation at the Yellowstone Regional Airport, called Cody (Wyo.) police to report a suspicious airplane (later identified as the Defendant-Airplane) which had arrived at the airport at approximately 4:00 p.m. that day. The director believed the airplane and its occupants were suspicious for the following reasons.

First, the Defendant-Airplane had previously landed at the airport in November 2013. On that occasion, the pilot (who was later identified as Scott Lewis) asked if he could stay with his plane overnight in the Choice Aviation facility. When told that he could not, rather than stay in a local hotel, the pilot immediately paid cash for fuel and de-icing and then flew out of the airport at 8:00 p.m. heading west into a snowstorm. Second, in November 2013 when the Defendant-Airplane landed at the airport, the occupant immediately placed sunshades into the windows so no one could see into the plane. On February 27th, the occupants did the same as the plane taxied down the runway. And, the occupants left the sunshades in the windows even after the Defendant-Airplane was moved into the Choice Aviation hangar for the night. This was unusual because other pilots typically placed sunshades into their windows only in the summer when their planes were sitting outside. Third, the occupants of the Defendant-Airplane paid for fuel and other Choice Aviation services with cash, which was unusual. Fourth, although it was customary for pilots to radio the airport prior to landing, the occupants of the Defendant-

Airplane did not do so when they landed on February 27th. And, when the pilot of the Defendant-Airplane had used his radio, he did not identify his plane by its tail number which was unusual and suggested that the pilot did not want to identify himself on recorded radio transmissions. Fifth, no record of a Federal Aviation Administration registration for the Defendant-Airplane could be found. Finally, the occupants of the Defendant-Airplane were flying under "visual flight rules" which means they did not need to file a flight plan and could not be tracked.

The Choice Aviation director further reported that there were two men (who were later identified as pilot Scott Lewis and passenger Gilbert Wiles) in the Defendant-Airplane when it landed on February 27, 2014. Lewis and Wiles appeared to be traveling west but could not continue because of the weather that day. They paid for fuel and airplane storage fees with one-hundred dollar bills. Lewis gave the name "Ken Howard" and a contact phone number to the airport staff.

The police investigation revealed that Choice Aviation staff called a Holiday Inn shuttle for Lewis and Wiles so they could stay the night at the hotel. According to the hotel shuttle driver, Lewis and Wiles had a rolling suitcase and two duffel bags. When the driver was loading Lewis and Wiles' luggage into the shuttle, they would not let him touch one of the duffel bags even though they let him load the other two bags. At the Holiday Inn, Lewis and Wiles checked in under the name "Ken Howard" and paid cash for one room. They requested an HDMI cable from room service. When hotel staff delivered the cable, Lewis or Wiles opened the room door only enough to slide the cable through and no further.

At 7:45 p.m. on February 27, 2014, Powell (Wyo.) police officer Reece McLain and his narcotics detection canine Zeke arrived at the Choice Aviation hangar to assist Cody police officers in their investigation. Officer McLain and Zeke had been recently certified in narcotics detection by the National Police Canine Association on January 21, 2014. Officer McLain deployed Zeke around the Defendant-Airplane. Canine Zeke sniffed the left-side and right-side doors of the plane and sat at each door. This indicated that Zeke had detected the odor of a controlled substance coming from the Defendant-Airplane.

Cody police detective Ron Parduba then applied for, and received, Wyoming state court search warrants for the Defendant-Airplane and Lewis and Wiles' hotel room. At approximately 10:00 a.m. on February 28, 2014, Wyoming law enforcement officers detained Scott Lewis in the Holiday Inn restaurant. Officers identified Lewis by his Colorado driver's license. Shortly thereafter, officers entered the hotel room where they found and detained Wiles, who was identified by his Colorado identification card.

Police officers then searched the hotel room. The officers discovered a blue duffel bag hidden in a dresser drawer under clothing. Inside this duffel bag, officers found $258,520 in $20 bills and $100 bills packaged into 12 vacuum-sealed bags. Handwritten notes on each vacuum-sealed bag indicated the amount of money in each bag and "Deposit I" or "Deposit II." Another handwritten paper note inside the duffel bag recorded "Deposit I $95,000" and "Deposit II $163,520" and "Total $258,520." On top of the same dresser, officers discovered another $1,467, most of which was denominated in $20 bills found in a jacket lying on the dresser. These moneys are the Defendant-Currency in this action.

In addition to the Defendant-Currency, officers found and seized two laptop computers, six electronic storage devices, fifteen cellphones, and three fake Idaho driver's licenses. Each of the fake driver's licenses had a picture of Scott Lewis but showed a different name, one of which was "Kenneth Howard."

Meanwhile, at approximately 10:30 a.m., police officers served the search warrant on the Defendant-Airplane. Officers did not find any controlled substances but found (among other things) sleeping bags, portable toilets and other items which suggested that Lewis and Wiles had been living out of the plane. Officers also looked for but did not find any registration documents for the Defendant-Airplane or any pilot's license for Lewis or Wiles.

Gilbert Wiles was released in the afternoon on February 28, 2014. Wiles then asked if he could have his jacket which he said contained $300 to $400. Detective Parduba informed Wiles that the jacket and money had been seized as evidence. Wiles did not ask about any of the other Defendant-Currency.

Scott Lewis was charged with a state of Wyoming misdemeanor and made an initial court appearance on March 3, 2014. During that appearance, Lewis claimed that he had been working part-time at a hotel in Denver for the last two years and had no money to hire an attorney. Lewis was released on March 3rd and contacted Cody police regarding some of the property seized from the hotel room. Although he asked about other property, Lewis did not ask about any of the Defendant-Currency.

On March 3, 2014, Cody police officers took the Defendant-Currency to First Bank of Wyoming. There, the currency was counted and the bank issued a cashier's check for $259,717 made out to U.S. Customs and Border Protection.

On March 4, 2014, DHS-HSI special agent Jim Hasskamp met with detective Parduba and took possession of evidence seized from the hotel room and the Defendant-Airplane, including the $259,717 cashier's check representing the Defendant-Currency. This check was later deposited into a U.S. Customs and Border Protection seizure account pending forfeiture.

Also on March 4th, SA Hasskamp inventoried the contents of the Defendant-Airplane and made arrangements for the plane to be turned over to a contractor under a U.S. Customs and Border Protection consignment order. Under this consignment order, the Defendant-Airplane is currently located at Spirit Mountain Aviation in Cody, Wyoming, pending forfeiture.

Further investigation revealed that Gilbert Wiles on or about May 2013 had negotiated the purchase of the Defendant-Airplane from Mr. Mark Pollack of Skydive Temple LLC. Wiles and Scott Lewis then met Pollack in a hotel room in Austin, Texas, where they paid $130,000 in cash for the Defendant-Airplane. The bill of sale listed the purchaser as an entity called Morris Point LLC with an address in Santa Fe, New Mexico. Incorporation records show that Morris Point LLC was organized in December 2012 by an individual using an address in the Canary Islands. Morris Point LLC's registered agent is listed as Somerset Systems LLC with an address in Santa Fe, New Mexico. Somerset Systems LLC's corporate mailing address is also in the Canary Islands. Investigators believe that these entities were created using the services offered at

www.jjluna.com and www.senoritarosie.com, which websites promote the privacy benefits of New Mexico LLC's and "ghost addresses" in the Canary Islands.

Further investigation also revealed that Scott Lewis was convicted in November 2010 of a misdemeanor violation of California Health & Safety Code § 11366.5, which law prohibits renting, leasing, or making available for use any building, room, space or enclosure for the purpose of unlawfully manufacturing, storing or distributing any controlled substance for sale or distribution. This conviction resulted from Lewis's August 2010 arrest outside a home in Eureka, California, where officers seized 185 pounds of marijuana and $261,122 (the majority of which was packaged in vacuum-sealed bags).

Under the agency's administrative forfeiture authority, U.S. Customs and Border Protection sent notice of intent to forfeit the Defendant-Airplane and the Defendant-Currency to Gilbert Wiles, Scott Lewis, and Morris Point LLC. On May 5, 2014, the agency received seized asset claim forms signed by Mr. Lewis which claimed an ownership and a possessory interest in all or part of the Defendant-Airplane and the Defendant-Currency.

### *CLAIM FOR RELIEF*

By reason of the facts set forth and incorporated herein, the Defendant-Property is properly forfeited to the United States under 21 U.S.C. § 881. Wherefore, the United States, as Plaintiff, requests the following:

(1) That a warrant of arrest *in rem* be issued to the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations or its agent, commanding them to arrest and retain custody of the Defendant-Property, and to publish notice

as required by the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

(2) That notice be given to all persons claiming an interest in the Defendant-Property and all other interested parties to appear and show cause why the forfeiture should not be decreed;

(3) That the Court order, adjudge and decree the Defendant-Property be condemned and forfeited to the United States of America for disposition according to law;

(4) That the Court find reasonable cause for the seizure of the Defendant-Property and grant a certificate of reasonable cause pursuant to 28 U.S.C. § 2465; and

(5) That Plaintiff United States of America be granted such other and further relief, as appropriate, together with the costs and disbursements of this action.

Dated this 1st day of August, 2014.

Respectfully submitted,
CHRISTOPHER A. CROFTS
United States Attorney

By: _____
ERIC J. HEIMANN
Assistant United States Attorney

## VERIFICATION

I, special agent Laura Elder, hereby verify and declare under penalty of perjury that I am a special agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations; that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof; and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a special agent of the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to my knowledge and belief.

Dated this __7/31/14__ day of July, 2014.

By: _____
Special Agent