ERIC J. HEIMANN
Assistant United States Attorney
District of Wyoming
P. O. Box 668,
Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov
Wyo. Bar # 6-4504

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 14-CV-00151-ABJ** |
| | ) | |
| **One Cessna Airplane, Model Number** | ) | |
| **TU-206, bearing Tail Number N6214V** | ) | |
| **and Serial Number U206-1189,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **$259,717 United States Currency,** | ) | |
| | ) | |
| **Defendant-Property.** | ) | |
| | ) | |
| **SCOTT MICHAEL LEWIS,** | ) | |
| | ) | |
| **Claimant.** | ) | |

## MOTION TO STRIKE CLAIM AND ANSWER OF CLAIMANT SCOTT MICHAEL LEWIS FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G

Plaintiff, United States of America, initiated this civil *in rem* forfeiture action by filing a verified complaint against the above-described airplane and currency. (Verified Compl., Doc. 1.) Through counsel, Claimant Scott Michael Lewis then filed a claim to the Defendant-Property asserting an otherwise unspecified "ownership and a possessory interest in, and right to exercise dominion and control over, all or part of the defendant property." (Verified Claim, Doc. 9.)

The United States, by and through Assistant United States Attorney Eric Heimann, now requests that this court strike Claimant Lewis's claim and subsequent answer because the Claimant has failed to adequately identify both the specific property claimed and his interest in the Defendant-Property as required by Supplemental Rule G(5) of the Federal Rules of Civil Procedure. Since the time has passed for filing claims and no other timely claims have been filed, striking Mr. Lewis's deficient claim would allow entry of a final forfeiture order in favor of the government.

### NATURE OF THE ACTION & THE DEFENDANT-PROPERTY

This is a civil *in rem* action to forfeit property to the United States under 21 U.S.C. § 881. Specifically, the United States seeks to forfeit the Defendant-Property, which was seized from Claimant Scott Michael Lewis and Gilbert Wiles on February 28, 2014, in Cody, Wyoming, as part of a drug trafficking investigation.

The Defendant-Airplane is forfeitable under 21 U.S.C. § 881(a)(4) because it is a conveyance which was used, and was intended for use, to transport, and to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances which had been manufactured, distributed, dispensed, and acquired in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*. The Defendant-Currency is forfeitable under 21 U.S.C. § 881(a)(6) because it constitutes **(1)** moneys furnished and intended to be furnished by any person in exchange for a controlled substance in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*; **(2)** proceeds traceable to such an exchange; and **(3)** moneys used and intended to be used to facilitate any violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*.

### RULES GOVERNING CIVIL *IN REM* FORFEITURE ACTIONS

The Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules") are part of the Federal Rules of Civil Procedure and govern procedure in civil forfeiture actions. *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1309 n.2 (10th Cir. 1994); Supplemental Rule G(1) ("This rule governs a forfeiture action in rem arising from a federal statute."). The Federal Rules of Civil Procedure fill in any gaps in the applicable Supplemental Rules. *51 Pieces of Real Property*, 17 F.3d at 1309 n.2; Supplemental Rule G(1) ("To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.").

As relevant here, the Supplemental Rules require any person who asserts an interest in forfeitable property to file a claim which must "identify the specific property claimed," Supplemental Rule G(5)(a)(i)(A), and "state the claimant's interest in the property," *id.* at Rule G(5)(a)(i)(B). Where a claimant asserts a possessory interest as a bailee, the claim must identify the bailor. *Id.* at Rule G(5)(a)(iii). The government, in turn, may serve special interrogatories to investigate the claimant's identity and relationship to the defendant property. *Id.* at Rule G(6). And, the government may move to strike a claim or answer if a claimant lacks standing, or fails to comply with pleading requirements or fails to answer special interrogatories. *Id.* at Rule G(8)(c).

### ARGUMENT

Here, Claimant Lewis has claimed an otherwise unspecified "ownership and a possessory interest in, and right to exercise dominion and control over, all or part of the defendant property." (Verified Claim, Doc. 9.) This claim fails to identify the specific property claimed and fails to

adequately state the claimant's interest in the defendant property; therefore, the claim and subsequent answer should be stricken.

### 1. Failure to identify the specific property claimed

The Claimant asserts that he owned and possessed "all or part" of the Defendant-Airplane and the Defendant-Currency. This equivocating assertion fails to sufficiently identify the specific property claimed as required by Supplemental Rule G(5)(a)(i)(B). Consider: does the Claimant have an interest in the Defendant-Airplane but not the Defendant-Currency? Or vice versa? Or, alternatively, does he have an interest in "all or part" of each asset? The government is left to guess for now—and then proffer standing interrogatories to clear up an ambiguity which the Supplemental Rules require every claimant to make clear from the outset. The Claimant knows what property he is claiming and is required to be specific about this in his claim. The Claimant's inexplicable failure to be specific about what belongs to him—and what does not—unnecessarily wastes the government's litigation resources and does not comply with the pleading requirements of the Supplement Rules.

In addition, since no other timely claims have been filed in this case, the Defendant-Property which Mr. Lewis is not claiming could be forfeited now. Since the government is accruing storage costs for the Defendant-Airplane, the Claimant's failure to specifically state whether he is claiming an interest in that portion of the Defendant-Property wastes these government resources as well.

Thus, the Claimant's failure to describe the specific property he is claiming prevents the government from focusing its litigation resources on the specific property at issue in this case, delays the lawful forfeiture of unclaimed property, requires the government to pay storage costs for the Defendant-Airplane, and wastes judicial resources by requiring the court's attention to

Page 4

litigation involving unclaimed property. Therefore, Mr. Lewis's claim and subsequent answer should be stricken for failure to sufficiently "identify the specific property claimed" as required by Supplemental Rule G(5)(a)(i)(A).

### 2.   Failure to describe claimant's interest in the defendant property

Every claim must clearly "state the claimant's interest in the property." Supplemental Rule G(5)(a)(i)(B). "Requiring the claimant to state the nature of his interest in the property at the outset of the case allows the Government to commence discovery on the standing issue in accordance with Rule G(6) without having to guess at the nature of the interest being asserted, and allows the court to dispose of claims that lack merit as a matter of law before the case consumes significant judicial resources." *United States v. Various Vehicles, et al.*, 2011 WL 6012424, *2 (D.S.C., October 25, 2011) (report and recommendation of magistrate judge), affirmed and adopted, 2011 WL 6019196 (D.S.C., November 30, 2011) (Norton, C.J.). The specific nature of a claimant's property interest is legally important at this early stage for at least two reasons. First, a claimant's constitutional standing depends in large part on whether he claims an ownership interest or a mere possessory interest. *See United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1274-1276 (10th Cir. 2008) (comparing Article III standing requirements when claimant asserts ownership interest versus mere possessory interest). Second, a claimant with a possessory as a bailee is required to identify the bailor in his claim. Supplemental Rule G(5)(c).

Given the importance of a claimant's specific property interest, courts have found that a bald assertion of ownership and possession does not adequately state a claimant's interest in the defendant property as required by Supplemental Rule G(5)(a)(i)(B). *See United States v. $39,557 in U.S. Currency*, 683 F.Supp.2d 335, 339-40 (D.N.J. 2010) ("a bald assertion of ownership"

insufficient under Supplemental Rule G(5) where claimant was passenger in vehicle where currency was found but initially denied any knowledge of it); *United States v. $67,500 in U.S. Currency*, 2012 WL 1372186, *1 (M.D. Fla., April 16, 2012) (blanket assertion of ownership insufficient under Rule G(5)); *United States v. $164,750 in U.S. Currency*, 2010 WL 2545549, *2 (D.N.J., June 18, 2010 (assertion that claimant "legally acquired said currency" insufficient under Rule G(5)); *see also United States v. $100,348*, 354 F.3d 1110, 1118-19 (9th Cir. 2004) (because "the danger of false claims in these [forfeiture] proceedings is substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property").

Here, Claimant Lewis asserts an otherwise unspecified "ownership and a possessory interest" in the defendant property. This bald assertion violates Rule G(5) and unfairly leaves the government guessing about the nature of the Claimant's property interests and unnecessarily wastes the government's litigation resources attempting to uncover what the Supplemental Rules require every claimant to disclose in the claim. The Claimant's failure to be specific about his property interests in the Defendant-Property is especially vexing in this case because: the Defendant-Property includes more than one type of asset (*i.e.,* an airplane and cash); the Defendant-Currency included money found in a jacket and money found in 12 separate vacuum sealed bags labeled either "Deposit I" and "Deposit II" (Verified Compl., 6); Mr. Gilbert Wiles (who has not filed a timely claim) was also traveling in the Defendant-Airplane and staying in the hotel room where the Defendant-Currency was found (*see id.* at 5-6); at his initial appearance in state court, the Claimant said that he did not have any money to hire an attorney (*id.* at 7); upon his release from state custody, the Claimant asked about other seized property but never asked about the Defendant-Currency (*id.*); Mr. Wiles arranged the purchase of the Defendant-Airplane (*id.* at 8); the bill of sale for the Defendant-Airplane was in the name of Morris Point

LLC (*id.*); and the Claimant has failed to identify the specific property he is claiming in this action (*supra.* § 1). [*See also* Def's Answer, Doc. 13 (admitting most of the above-listed facts).]

Under these circumstances, Mr. Lewis's claim and subsequent answer should be stricken because he has failed to clearly "state the claimant's interest in the property" as required by Supplemental Rule G(5)(a)(i)(B).

### CONCLUSION

For the reasons stated above, Claimant Scott Lewis has failed to comply with the pleading requirements of the Supplemental Rules by asserting an otherwise unspecified "ownership and a possessory interest in, and right to exercise dominion and control over, all or part of the defendant property." If Mr. Lewis has a valid property interest in any of the Defendant-Property, there is no reason why he could not have described in his verified claim that interest and the specific property to which it applies—nor any legitimate reason why he would not have done so. Therefore, the government respectfully requests that the Claimant's claim (Doc. 9) and subsequent answer (Doc. 13) be stricken.

Dated this 31st day of October, 2014.

Respectfully submitted,
CHRISTOPHER A. CROFTS
United States Attorney


By:      *S: Eric J. Heimann*
ERIC J. HEIMANN
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified on the 31st day of October, 2014, a true and correct copy of the foregoing **MOTION TO STRIKE CLAIM AND ANSWER OF CLAIMANT SCOTT MICHAEL LEWIS FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G** was served upon the following, by the method(s) indicated below.

David M. Michael                                  [X] Electronic Filing
Law Offices of David M. Michael          [ ] U.S. Mail -- postage prepaid
One Sansome Street, Suite 3500           [ ] U.S. Mail -- certified
San Francisco, CA 94104                       [ ] Hand delivery

Joe D. Bustos                                         [X] Electronic Filing
400 E 20th Street                                   [ ] U.S. Mail -- postage prepaid
Cheyenne, WY 82001                            [ ] U.S. Mail -- certified
                                                               [ ] Hand delivery


*S/ Vicki Powell*
United Stated Attorney's Office