DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:    (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:    (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>    Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>    Claimant. | Civil Case No.: 2:14-cv-00151-ABJ |

**RESPONSE TO GOVERNMENT'S MOTION TO STRIKE CLAIM AND ANSWER OF SCOTT MICHAEL LEWIS FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G; ALTERNATIVE REQUEST FOR PERMISSION TO AMEND CLAIM**

Claimant Scott Michael Lewis ("Lewis") hereby responds to and opposes the Motion to Strike Claim And Answer of Scott Michael Lewis For Failure To Comply With Supplemental Rule G filed by Plaintiff, United States ("the government") on or about 10/31/14.

# INTRODUCTION

The government complains that it must "guess for now" what portion of each of the Defendant properties Lewis owns, and while acknowledging that it has a specific, powerful unilateral discovery device to have already obtained this type of information, instead asks this Court at the onset of the case for the most draconian and drastic action possible: strike Lewis and forfeit all of his property by default judgment. No authority supports such a result.

Aside from the fact that Rule G[1] specifically allows the government to have already obtained the supposedly lacking information through special interrogatories and requisite responses, both the Federal Rules of Civil Procedure and Rule G itself specifically provide that a claimant should be given an opportunity to amend his claim to cure any deficiencies before being stricken from the case.

In any event, the government's motion is at best premised on an overly broad interpretation of a straightforward notice pleading rule, and conflates pleading with summary judgment, so the motion clearly lacks merit. Further, Lewis is entitled to a 18 U.S.C. § 981(g) stay of this civil case[2] given that the government is simultaneously trying to elicit statements from him and prosecute him criminally – Lewis must not be forced to choose one constitutional right over another.

## I.   The Harsh Sanction of Default Is Only Appropriate In Extreme Circumstances Clearly Not Present Here

Initially, it must be briefly emphasized that "judgment by default is a drastic step appropriate <u>only in extreme circumstances;</u> a case should, whenever possible, be decided on the merits." [ ]*United States v. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (emphasis added). *See also, e.g., Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (court may impose the "extreme sanction" of default only as a "last resort," when no other sanction would be sufficiently curative); Advisory Committee Note to Rule G(8)(c)(i)(A) ("[a]s with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15.") The *Mesle* Court went on to note that:

> "Due to the policy of favoring judgments on the merits, a glaring abuse of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d

---

[1] Supplemental Rules For Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G.
[2] Claimant has separately filed a motion for a stay of this case pursuant to 18 U.S.C. § 981(g).

318, 324 (6th Cir. 2010) (internal quotation marks and citation omitted)."

*Mesle*, 615 F.3d at 1091.

Right out of the gate, the government asks this Court for the most extreme and drastic of sanctions, but as we shall see, this is clearly not warranted.

## II. The Government's Motion Is Meritless

### 1. Claimant Has Constitutional Standing Here, Contrary to The Government's Bizarre, Unexplained Reference to The Concept

The government moves to strike Lewis for supposedly failing to comply with the pleading requirements of Rule G(5); however, the government is either confused or purposefully attempting to sow confusion by interposing statements regarding constitutional, Article III, case-or-controversy standing into its legal arguments. *See* Motion to Strike at 5 (government stating that "a claimant's constitutional standing depends in large part on whether he claims an ownership interest or mere possessory interest") (citing *U.S. v. $148,840.00*, 521 F.3d 1268, 1274-76 (10th Cir. 2008)). Therefore, it must be briefly noted that Lewis obviously has constitutional standing to challenge the forfeiture of money taken directly from his possession and a plane that he was flying.

> <u>At the pleading stage, a claimant satisfies this burden by alleging</u> a sufficient interest in the seized property, such as <u>an ownership interest, some type of lawful possessory interest; or a security interest</u>. [ ]. In contrast, at the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in the res such that he would be injured if the property were forfeited to the United States; otherwise, no case or controversy exists capable of federal court adjudication. [ ]

*$148,840.00, supra*, 521 F.3d 1268, 1273 (emphasis added).

As discussed more thoroughly in his concurrently filed motion to stay this case, it is unavoidable that Claimant has satisfied the "undemanding"[3] Article III standing requirements at

---

[3] *Family & Children's Ctr., Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994); *see also See also, e.g. U.S. v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir.

this early stage of the litigation.

### 2. The Claim Should Not Be Stricken For Lack Of Specificity

The government takes issue with the language of Lewis' assertion of interest in his claim as to the defendant property, complaining of Lewis' "[f]ailure to describe" his interest. Motion to Strike at p. 5.  Since the government admits in its complaint that "[t]he Defendant-Property was seized from Scott Lewis" (Doc. 1 at p. 3), its complaints are at best disingenuous.[4]

The government rhetorically pontificates: "does the Claimant have an interest in the Defendant Airplane but not the Defendant-Currency? Or vice versa? Or, alternatively, does he have an interest in 'all or part' of each asset? The government is left to guess for now". Motion at 4. Yet, this is blatant misleading gamesmanship because Lewis specifically indicated that he owned each asset in his administrative claims. *See* Exhibit 1 & 2 of the concurrently filed Motion to Stay by Lewis.

Further, any lack of specificity does not warrant a striking Lewis' claim at such a premature stage in the present proceedings. *See infra*.

Most importantly and, in any event, Lewis' claim satisfies the minimal pleading requirements of Rule G(5). As the government concedes, and as it **must** concede, federal law does not require that a claimant "describe" his interest or even state how much of a defendant property he is claiming.  Supplemental Rule G(5)(a)(1) states, in simple terms, that:

> (i)   A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must:
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury, and
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)

Rule G(5)(a) (emphasis added).

---

2003) ("not rigorous."); *U.S. v. Real Property Located at 475 Martin Lane,* 545 F.3d 1134, 1140 (9th Cir. 2008).

[4] To be sure, Rule G(6) permits the government, and only the government, to serve special interrogatories the instant a claimant files a claim, so that the government can obtain the type of information it presently claims is lacking in Claimant's claim. *See infra*.

Claimant did exactly what the Rule requires. The rule does not require a claimant to provide a description or accounting of how much of a particular property he owns; it merely requires him to "state [his] interest in the property". To carry the government's argument to its logical conclusion, every time a claimant does not claim all of a defendant property he must do a detailed accounting in his claim as to exactly how much of a defendant property he is claiming. In other words, plaintiff wants claimant to provide early discovery to the government in a notice pleading. Nothing in the rules, case law, statutes, or any other authority creates such a requirement.

The government states the essence of its argument by arguing, "a bald assertion of ownership and possession does not adequately state a claimant's interest in the defendant property as required by Supplemental Rule G(5)(a)(i)(B)". Motion at p. 5. However, the only Court of Appeals that has addressed the issue has precisely rejected the argument:

> The government moved the district court to strike the claim on the ground that it failed [ ] to comply fully with Supplemental Rule G(5) ... the district judge ruled that Johnson's claim did not comply fully with the requirements of Rule G(5)(a)(i). So the judge dismissed the claim and ordered forfeiture.
>     All that (a)(1) requires is that the claim be signed under penalty of perjury, served on the government, and "identify the specific property claimed [and] . . . the claimant and state the claimant's interest in the property." But quoting an unpublished district court opinion, [ ], the judge held that to comply with the rule the claimant must state in addition "how he obtained possession of the currency, including, but not limited to, the person(s) from whom he received the currency, the date of receipt, the place of the receipt, and a description of the transaction which generated the currency." Johnson had stated none of these things; his claim had failed, the district judge (in this case) added, "to even assert that Mr. Johnson is the lawful owner of the property. And even if it were construed as an assertion of ownership, such a bald assertion of interest does not strictly comply with" the rule." **Actually the "bald assertion" would strictly comply with the rule; the additional assertions required by the judge have no basis in it.**
>     In defending the judge's analysis and conclusion the government adds that Johnson "also fails to meet his burden to establish Article III standing. In order to meet this burden, a claimant must show that they [sic] have a colorable legal interest in the claimed property." That is incorrect. The government has confused the requirement of pleading Article III standing, which in a case such as this requires no more than alleging that the government should be ordered to turn over to the claimant money that it's holding that belongs to him, with the additional requirements imposed on claimants in civil forfeiture proceedings by Rule G(5). But Johnson's claim satisfied those requirements as well. ...

*U.S. v. $196,969.00*, 719 F.3d 644, 645-646 (7th Cir. 2013) (emphasis added). The government's tired "bald assertion" mantra carries no weight.

At least one court has found that even less than what the government complains about is sufficient for Rule G(5)'s minimal notice requirements:

> The Court concludes that the Government has failed to establish that Wiley's claim is insufficient for purposes of its Motion to Strike based on statutory standing. Mr. Wiley's verified claim, albeit brief and equivocal, nevertheless appears to minimally meet the requirements of Rule G(5). It identifies the amount of currency in question, the Case No., and states that he "claims an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." The case authority cited by the Government, in the Court's view, does not support a conclusion to the contrary.

*U.S. v. $ 85,668.00 in United States Currency*, 2009 U.S. Dist. LEXIS 45064 **2-3 (D. Utah May 26, 2009). [5]

What is even more surprising in the face of the government's demand that a claim set out long-winded accounting in a claimant's claim is the fact that plaintiff completely ignores a powerful tool that it could have, but did not, use in this case. In civil forfeiture proceedings, the moment a claim is filed, the government has the unilateral right to serve "special interrogatories" to gather information regarding "claimant's identity and relationship to the defendant property[.]" Rule G(6). For example, the "[i]f the claimant asserts a relationship to the property as bailee, the interrogatories can inquire into the bailor's interest in the property and the bailee's relationship to the bailor." Advisory Committee note to Rule G(6). [6]

---

[5] It is noteworthy that, Lewis' administrative claim contained the exact same language, asserting claimant's possessory and/or ownership interest in the property and was accepted by the administrative agency. Apparently, Customs had no problem with the language used in the claim submitted to it. See *Exhibits B & C*.

[6] The Advisory Committee note to Rule G(6) states in its entirety:

> Subdivision (6) illustrates the adaptation of an admiralty procedure to the different needs of civil forfeiture. Rule C(6) permits interrogatories to be served with the complaint in an in rem action without limiting the subjects of inquiry. Civil forfeiture practice does not require such an extensive departure from ordinary civil practice. It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing. Subdivisions (8)(b) and (c) allow a claimant to move to dismiss only if the claimant has standing, and recognize the government's right to move to dismiss a claim for lack of standing.

By this unique method, non-existent in any other federal civil proceedings, the government gets a leg up on any claimant, and is completely and totally able to initiate early discovery to determine the nature of any claim, including the relation of any claimant to the seized property.  Furthermore, the government can demand this information at the onset of the litigation in an orderly manner, using historical discovery rules, consisting of specific questions followed by specific answers.

Yet, in this case, the government completely failed to utilize this important early discovery tool at the exclusive disposal of the government.  Instead, the government asks this Court to rule that information envisioned by the special interrogatories must be voluntarily provided, in some sloppy and unorganized manner to the government in a claim.  But, such an argument would only serve to nullify or render meaningless the special interrogatory rule.  If Congress intended that a claimant must describe his interest in great detail in the claim itself, then there would be no reason to allow the government to obtain early discovery seeking the exact same information the government here insists must be in the claim, itself.  Rule G must be

---

Subdivision (6) interrogatories are integrated with these provisions in that the interrogatories are limited to the claimant's identity and relationship to the defendant property. If the claimant asserts a relationship to the property as bailee, the interrogatories can inquire into the bailor's interest in the property and the bailee's relationship to the bailor. The claimant can accelerate the time to serve subdivision (6) interrogatories by serving a motion to dismiss—the interrogatories must be served within 20 days after the motion is served. Integration is further accomplished by deferring the government's obligation to respond to a motion to dismiss until 20 days after the claimant moving to dismiss has answered the interrogatories.
Special interrogatories served under Rule G(6) do not count against the presumptive 25-interrogatory limit established by Rule 33(a). Rule 33 procedure otherwise applies to these interrogatories.
Subdivision (6) supersedes the discovery "moratorium" of Rule 26(d) and the broader interrogatories permitted for admiralty proceedings by Rule C(6).

construed strictly in favor of claimant[7] and so as to avoid superfluity.[8]

### 3. The Cases Relied Upon by the Government Are Not Persuasive and Do Not Even Suggest the Draconian Remedy Asked For Is Appropriate

The government's reliance on *U.S. v. $ 100,348.00*, 354 F.3d 1110, 1119 (9th Cir. 2004) (*see* Motion to Strike at 6), is perplexing. There, in a case published two years before Rule G was enacted, the claim was stricken for being extremely late (over nine months) because it would have been extremely prejudicial to the government if accepted, as the government had already litigated the forfeiture and innocent owner issues with respect to a different claimant that had been issued any receipt and notice. *See Id.* ("[t]he government had litigated the case for nearly one year before Amiel attempted to file his claim, and several issues had already been definitively resolved by the district court, such as the forfeitability of the currency and the applicability of the 'innocent owner' defense. Permitting the late claim would have resulted in costly duplicative litigation for the government, requiring it to litigate the same issues all over again.") It is difficult to comprehend how this case could provide support for the issue here.

The rest of the authority relied upon by the government are simply unpersuasive interim orders that have been rejected by the only appellate precedent to address the issue, and do not suggest or support the draconian remedy requested by the government in any event.

In *United States v. Various Vehicles, Funds and Real Props*., 2011 U.S. Dist. LEXIS 139643 (D.S.C.Oct. 25, 2011) (*see* Motion to Strike at 5), the Court did not take issue with the language, the Court took issue with the fact that the "claimants" did not actually file any claims whatsoever:

> Because none of the Movants have filed judicial Claims, they have no statutory standing to file a motion to dismiss under Rule 12. [ ] "Courts generally do not

---

[7] *See, e.g., U.S. v. $191,910.00,* 16 F.3d 1051, 1068 (9th Cir. 1994) ("forfeiture statutes are strictly construed against the government" and in favor of claimants) (citing *U.S. v. One 1936 Model Ford V-8 Deluxe Coach*, 307 U.S. 219, 226 (1939)); *see also U.S. v. $493,850.00,* 518 F.3d 1159, 1169 (2008) ("It is [ ] well-established that 'forfeiture statutes are strictly construed against the government.' "). *See also, e.g., U.S. v. One 1977 Cadillac Coupe De Ville*, 644 F.2d 500, 501 (5th Cir. 1981); *U.S. v. 7215 Longboat Drive (Lot 24),* 750 F. 3d 968, 974 (8th Cir. 2014); *U.S. v. Charles D. Kaier Co.*, 61 F.2d 160, 162 (3d Cir. 1932); *U.S. v. $38,000*, 816 F.2d 1538, 1545 (11th Cir. 1987) (superseded by statute on other grounds as stated in *U.S. v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002).

[8] Courts must "avoid interpreting statutes in a manner that makes any part superfluous." *Wadsworth v. Word of Life Christian Ctr. (In re McGough),* 737 F.3d 1268, 1275 (10th Cir. 2013) (quoting Fuller v. Norton, 86 F.3d 1016, 1024 (10th Cir. 1996)).

Claimant's Response to Government Motion to Strike Claim and Answer  
Case No.: 2:14-cv-00151-ABJ                                                                                                8

> deny standing to a claimant who is either the colorable owner of the [property] or who has any colorable possessory interest in it." *United States v. Contents of Accounts [ ]*, 971 F.2d 974, 985 (3d Cir. 1992).
> In light of the foregoing law, it is clear that the Movants have failed to file judicial Claims, as required by 18 U.S.C. 983(a)(4) and Supplemental Rule G, and that until they have done so, any ruling on the substantive merits of their motions would be premature, based upon their failure to possess the requisite statutory standing to file or litigate the instant motions. Accordingly, the undersigned recommends that the motions to dismiss be denied for failure to file a judicial Claim. Because Movants have failed to file judicial Claims giving them standing in this case, the court does not reach the substantive merits of their motions.

2011 U.S. Dist. LEXIS 139643 *10-11 (D.S.C.Oct. 25, 2011).

Finally, *United States v. $67,500.00 in United States Currency*, 2012 U.S. Dist. LEXIS 65175 (M.D. Fla.Apr. 16, 2012, while unpersuasively finding that the claim was lacking, nonetheless provided an opportunity for the claimant to cure it, by stating that "Tramontana's claim (Dkt. No. 8) is STRICKEN WITH LEAVE TO AMEND. Tramontana shall have twenty-one days from the date of this Order to amend his claim to more specifically set forth his interests in the $67,500.00 of U.S. currency at issue."

### III. Claimant In An Abundance of Caution, Alternatively Requests That He Be Permitted To Amend His Claim

As is clear from even the government's cited cases, if this Court were to somehow find Lewis' claim deficient, it should still permit him to amend it to cure any perceived deficiency.

Even, if there were any doubt, it dissipates in the face of the advisory committee note to subdivision (8) of Rule G. Rule G(8)(c) authorizes the government to move to strike claimant for "failing to comply with Rule G(5)", and the note to that subdivision states:

> Paragraph (c)(i)(A) provides that the government may move to strike a claim or answer for failure to comply with the pleading requirements of subdivision (5) or to answer subdivision (6) interrogatories. As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15. Not every failure to respond to subdivision (6) interrogatories warrants an order striking the claim. But the special role that subdivision (6) plays in the scheme for determining claim

  standing may justify a somewhat more demanding approach than the general
  approach to discovery sanctions under Rule 37.

(emphasis added). Of course, Rule 15(a)(2) in turn provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Given that the refusal to allow amendment would forever bar Lewis from seeking and obtaining the return of his property which was seized from him, and result in a highly discouraged and disfavored default judgment (*see Section I, supra*), one can not reasonably suggest that justice does *not* require leave to amend.

  Thus, even the most government friendly reading of the note indicates that this Court should liberally allow amendment to the claim, but may slightly be less liberal only in forgiving deficiencies in responses to special interrogatories.

  Lewis is prepared to amend his claim to cure any deficiencies that <u>this Court</u> may somehow see in his claim and it is quite clear that that opportunity must be given.

## CONCLUSION

  Claimant asks that this Court deny the government's motion, or alternatively, permit him to file an amended claim.

Dated: 14 November 2014

               Respectfully submitted,

               *s/David M. Michael*
               DAVID M. MICHAEL
               LAW OFFICES OF DAVID M. MICHAEL
               Attorney for Claimant

## **CERTIFICATE OF ELECTRONIC SERVICE**

  I hereby certify that, on 14 November 2014, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

               s/*David M. Michael*_____
               DAVID M. MICHAEL