DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:   (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:   (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>)   Civil Case No.: 2:14-cv-00151-ABJ |
| v. | )<br>) |
| One Cessna Airplane, Model Number<br>TU-206, bearing Tail Number N6214V<br>and Serial Number U206-1189, and | )<br>)<br>) |
| $259,717 United States Currency, | )<br>) |
| Defendants, | )<br>) |
| SCOTT MICHAEL LEWIS, | )<br>) |
| Claimant. | )<br>) |

## MOTION OF CLAIMANT TO STAY CIVIL FORFEITURE PROCEEDING PURSUANT TO 18 U.S.C. § 981(g)(2); OR ALTERNATIVELY MOTION FO PROTECTIVE ORDER

Claimant hereby moves this Court to stay this civil forfeiture proceeding pursuant to 18
U.S.C. § 981(g)(2), on the grounds that the forfeiture proceedings will burden the right of
Claimant against self-incrimination in the related and pending criminal investigation.  Claimant
asks that these civil forfeiture proceedings be stayed until the conclusion of said criminal
investigation. Claimant alternatively asks for a protective order limiting the use of any further

1

claim filed in this matter.

Counsel for Claimant conferred with counsel for Plaintiff by telephone on November 13, 2014 and despite good faith efforts to resolve this dispute, counsel for Plaintiff opposes this motion and the relief requested herein.

## BRIEF STATEMENT OF RELEVANT FACTS

On or about February 27, 2014, [1] Claimant Scott Lewis, along with a passenger, flew a plane into Yellowstone Regional Airport in or near Cody, Wyoming. Local law enforcement were contacted and began investigating the plane and its occupants. Law enforcement eventually obtained a warrant to search the plane and Claimant's hotel room.

On February 28, 2014, law enforcement detained Claimant and the plane's passenger and searched the plane, hotel room and everything therein. From the hotel room, officers discovered and seized Defendant currency. Officers also seized the defendant airplane, and a wealth of personal items of Claimant and the passenger.

Plaintiff ("the government") thereafter, through its agents at the United States Customs and Border Protection, adopted the matter. (This procedure allows the local law enforcement to keep and do as they please with up to 80% of seized assets that are ultimately ordered forfeited in federal forfeiture proceedings such as the present case.)

On or about May 4, 2014, Claimant filed an administrative claim with United States Customs and Border Protection, stating under oath that he was the owner of, and had a possessory interest in, all or part of the seized, now Defendant, currency. *See* Exhibit 1, attached hereto. On that same date, Claimant filed a separate administrative claim with United States Customs and Border Protection, stating under oath that he was the owner of, and had a possessory interest in, all or part of the seized, now Defendant, airplane. *See* Exhibit 2, attached hereto

On August 1, 2014, the government instituted this case by filing a complaint for forfeiture alleging that both of the seized Defendant properties are subject to forfeiture for being connected to illegal drug trafficking. *See* Doc. 1.

On September 3, 2014, Claimant filed his claim opposing forfeiture, stating under oath

---

[1] The facts are derived from the government's allegations in its complaint for forfeiture (Doc. 1).

the he owned, and had a possessory interest in all or part of the defendant property. *See* Doc. 9. On October 3, 2014, Claimant filed his answer to the complaint along with a demand for trial by jury. *See* Doc. 13.

On October 31, 2014, the government moved to strike Claimant's claim on the grounds that it did not comply with the applicable pleading requirements, as it supposedly did not "describe" Claimant's interest in the property with enough specificity.

Claimant has filed (in a separate pleading) an opposition to the government's motion to strike asking this Court to deny the motion on the merits, or alternatively allow him to file an amended claim to cure any supposed deficiencies of his original claim. *See* Doc. 21 and Doc. 22

Claimant herein also moves the Court to stay the case pursuant to 18 U.S.C. § 981(g)(2), or alternatively issue a protective order which limits the use of Claimant's claim and amended claim to this civil forfeiture action and forbids the government from using any such claims in a criminal action, given that the government has indicated that Claimant is a "subject of an investigation by Homeland Security Investigations of the U.S. Department of Homeland Security. This investigation involves alleged federal crimes—including conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), money laundering in violation of 18 U.S.C. § 1956, identity theft in violation of 18 U.S.C. § 1028, and operation of an unregistered aircraft in violation of 49 U.S.C. § 46306—related to the seizure of an airplane and $259,717 from you and Gilbert Wiles on February 28, 2014, in Cody, Wyoming." *See* Exhibit 3, attached hereto.

## AUTHORITIES AND ARGUMENT

A stay of this civil forfeiture is authorized and required by 18 U.S.C. § 981(g)(2). That statute provides:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>   (A) the claimant is the subject of a related criminal investigation or case;
>   (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>   (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

§ 981(g)(2). Claimant easily satisfies each prong (as will now be discussed in turn), so a stay is mandatory, i.e. it "shall" be ordered.

## I.   Claimant Is The Subject of A Related Criminal Investigation

As noted, the government has indicated that Claimant:

> ... the subject of an investigation by Homeland Security Investigations of the U.S. Department of Homeland Security. This investigation involves alleged federal crimes—including conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), money laundering in violation of 18 U.S.C. § 1956, identity theft in violation of 18 U.S.C. § 1028, and operation of an unregistered aircraft in violation of 49 U.S.C. § 46306—related to the seizure of an airplane and $259,717 from you and Gilbert Wiles on February 28, 2014, in Cody, Wyoming.

Exhibit 3.

Thus, it cannot be disputed that Claimant is "the subject of a related criminal investigation" and it cannot reasonably be disputed that Claimant has satisfied the first prong of § 981(g)(2).

## II.   Claimant Has Standing to Assert a Claim in this Civil Forfeiture Proceeding

Claimant has standing in this civil forfeiture action, as he has claimed under oath to have an ownership interest in both the Defendant currency and the Defendant airplane, both of which were seized directly from him (i.e. his possession and control), which is bolstered by the fact that the government admits Claimant's relationship to the defendant properties in its complaint for forfeiture.  In fact, it is Claimants' relationship to the defendant properties which forms the alleged basis for forfeiture here.

Claimant for those reasons clearly has Article III standing, otherwise known as the Constitutional "case or controversy" requirement[2]. In this circuit, as with essentially all circuits,

---

[2] *See e.g. Baaske v. City of Rolling Meadows*, 191 F. Supp. 2d 1009, 1014 (N.D. Ill. 2002): "[T]o satisfy the standing requirements of Article III of the Constitution, [one] must allege: (1) a personal injury, (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) which is likely to be redressed by the requested relief. *Johnson v. Allsteel, Inc.*, 259 F.3d 885, 887 (7th Cir. 2001) (quoting *Allen v. Wright*, 468 U.S. 737, 751, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984)). The personal injury must be an actual or imminent injury that is concrete and particularized. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000) (citing *Lujan v. Defenders of*

establishing standing in a civil forfeiture action is "undemanding" and a claimant need "not own or control" the defendant property, he or she only "must allege [ ] an immediate threat of injury" if the property "is forfeited". *U.S. v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1022 (7th Cir. 2000). *See also e.g. U.S. v. $ 4,224,958.57*, 392 F.3d 1002 (9th Cir. Cal. 2004) (citing *U.S. v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. This threshold burden is not rigorous.")

> At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest; or a security interest. [ ]. In contrast, at the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in the res such that he would be injured if the property were forfeited to the United States; otherwise, no case or controversy exists capable of federal court adjudication. [ ]

*U.S. v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008) (emphasis added).

Said another way:

> To demonstrate Article III standing in a civil forfeiture action, a claimant must have "a sufficient interest in the property to create a case or controversy." *Id.* at 1191. This burden is not a heavy one, at least at the initial stages of a forfeiture suit. *Id.* A "claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *Id.* To do so at the motion to dismiss stage, "a claimant must allege that he has an ownership or other interest in the forfeited property." *United States v. $ 191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 (9th Cir. 1994), superseded on other grounds as stated in United States v. $ 80,180.00 in U.S. Currency, 303 F.3d 1182, 1184 (9th Cir. 2002).* In their pleadings, the Kim Claimants specifically alleged an ownership interest in the May 2004 properties, which was sufficient at the initial stages of the litigation to establish that they had standing to challenge the civil forfeiture action.

*U.S. v. 475 Martin Lane,* 545 F.3d 1134, 1140 (9th Cir. 2008) (emphases added.)

---

*Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)). This means that mere indignation does not suffice to establish standing. *[ ] 5 S 351 Tuthill Rd.*, 233 F.3d [at] 1022 [ ]"

Here, Claimant has alleged (under oath) that he an ownership and possessory interest in each of the defendant properties, which is more than enough to give him standing in this action. *See* Exhibit 1, Exhibit 2, Doc. 9.

The above, coupled with the undisputed fact that the defendant properties were taken from Claimant's immediate possession and control, leaves no doubt that Claimant has standing to contest this forfeiture action. The dominion and control Claimant had over the seized currency and airplane is also strong evidence of ownership and standing in a forfeiture case and all circuits are in accord. *See e.g. U.S. v. $ 38,570,* 950 F.2d 1108, 1113 (5th Cir. 1992); *$ 191,910.00, 16 F.3d at 1058*; *see also $ 148,840, supra,* 521 F.3d 1268, 1277; *See, also, U.S. v. $ 85,668,* 2009 U.S. Dist. LEXIS 45064 (D. Utah 2009) (claimant's unequivocal claim of ownership over seized currency, coupled with undisputed evidence that money was taken from his possession and control, was sufficient to confer constitutional standing) (citing *$148,840,* 521 F. 3d at 1276-77).

As noted and as indicated in the complaint for forfeiture, Claimant flew the Defendant airplane into the airport from where it was seized, and personally walked the bag from which the Defendant currency was seized into the hotel room from where the bag in turn was discovered.

In *$ 38,570 supra,* the court explained that no additional evidence was necessary because, like here, the forfeiture complaint alleged that defendant property was taken from claimant's possession:

> Flores need not have supplemented his claim with additional evidence, because the government had admitted Flores' relationship to the currency in its complaint. We recognize that ownership can be evidenced in a variety of ways. Courts generally look to indicia of dominion and control such as possession, title, and financial stake. *[citation omitted]* Here, the government admitted, and the district court explicitly found, facts indicating Flores' involvement with the currency. The district court noted Flores' presence at the scene of the seizure and the circumstances surrounding Flores' alleged relationship to the currency, and the government's complaint clearly specified that Flores exercised some form of dominion over the currency. While Flores' claim itself did not provide evidence of his ownership interest, we hold that in this case, Flores' claim of ownership, coupled with the government's allegations of Flores' involvement with the seized *res,* are sufficient to establish standing.

*Id*, at 1113 (5th Cir. 1992) (emphases added).

To establish Article III standing, it is without dispute that a claimant "need not prove the merit of his underlying claim." *U.S. v. $ 9,041,598.68,* 163 F.3d 238, 245 (5th Cir. 1998).

"In order to contest a forfeiture, a claimant need only have some type of property interest in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest." *$191,910.00,* 16 F.3d 1051, 1057. In *U.S. v. $ 81,000.00,* 189 F.3d 28, 39 (1st Cir. 1999), the court noted that for standing, "the claimant need not prove the full merits of her underlying claim" and only needs show "a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement", that "[a]n owner <u>or possessor </u>of property that has been seized necessarily suffers an injury that can be redressed, at least in part, by return of the seized property" (189 F.3d at 35) (emphasis added), and <u>ultimately reversed the district court's finding that the claimant there lacked standing:</u>

> The cases cited by the district court rejecting standing for the legal title holder of the res almost all invariably have one theme in common: a lack of involvement by the legal title holder with the res. In *United States v. Vacant Land [ ],* the claimant had made no payments on the mortgage or taxes due on the property and did not even have a key necessary to enter it. [ ]. In *526 Liscum Drive,* the claimant held title to the property in Ohio where her father lived, but she herself lived in California and had only visited the property once. [ ] In *One 1981 Datsun [ ],* although the claimant held legal title to the car and the automobile was kept at the father's house, it was doubtful that the seventy-two year old claimant with a heart condition would have driven the car. [ ] Finally, in *United States v. Certain Real Property [ ],* although the claimant had legal title to the property, his father, who had transferred the property to him, continued to live on the property and pay all the necessary taxes and upkeep, and the claimant had no knowledge about the property. [ ] <u>John Bulger's involvement with the joint account was far greater than that of the claimants cited above. He acted as a joint owner would, writing checks and withdrawing money, and exercised dominion and control over the account.</u>

*$ 81,000.00,* 189 F.3d at 39.

Here, if the defendant properties are forfeited, Claimants, as even mere possessors of any part of the defendant properties, will certainly "suffer an injury that is more than intellectual, psychological or ideological", they "will lose the opportunity to receive" the property to continue their possession, which "is more than enough to give [them] an actual stake in the outcome of the suit, and to make [their] dispute with the government a genuine 'case or controversy' ". *5 S 351 Tuthill Rd.,* 233 F.3d at 1022.

> Courts should not [ ] conflate the constitutional standing inquiry with the merits determination that comes later. See *[ ] 5 S 351 Tuthill Rd.,* 233 F.3d [at] 1023-24 [ ] (criticizing tests of straw ownership that deny standing rather than denying claims on their merits).
> At the initial stage of intervention, the requirements for a claimant to demonstrate constitutional standing are very forgiving. In general, any colorable claim on the defendant property suffices.

*U.S. v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 41 (1st Cir. 2003). Even the government's own forfeiture expert agrees with this view:

> Although [standing and ownership] are sometimes blurred in reported decisions, they should properly remain separate because they pertain to different stages of the forfeiture case. *See* Stefan D. Cassella, Asset Forfeiture Law in the United States 332 (2007) ("Standing and ownership are separate concepts that are often confused in the case law. . . . [S]tanding and ownership come into play at different stages in the civil forfeiture case and are governed by different bodies of law."). … "[a] person with standing to contest the forfeiture can engage in pre-trial discovery, file dispositive motions, put the Government to its proof in the first phase of the forfeiture trial . . . , and otherwise litigate the forfeiture case <u>whether or not he ever asserts innocent ownership as an affirmative defense to the forfeiture."</u> *Cassella, supra*, at 334.

*U.S. v. Assets Described in "Attachment A"*, 2011 U.S. Dist LEXIS 48794 *9-10, (M.D.Fla. May 6, 2011) (emphasis added).

Here, as noted in the factual statement, and as the government concedes, the properties were seized from either Claimant's possession and control or from locations which the government concedes Claimants exercised dominion over. Therefore, it cannot be reasonably disputed that Claimant has Article III standing here. Claimant has thus met his burden as to the second prong, i.e. standing requirement, of § 981(g)(2) (subdivision (B)).

**III.    Continuation of the Forfeiture Proceeding Will Burden the Right of Claimant Against Self-Incrimination in the Related Investigation**

Claimant also satisfies the last/third prong of § 981(g)(2) (subdivision (C)), in that "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation[.]"

On October 31, 2014, the government moved to strike Claimant's claim on the grounds that it did not comply with the applicable pleading requirements, as it supposedly did not "describe" Claimant's interest in the property with enough specificity. Claimant opposed this, but in an abundance of caution asks alternative that he be allowed to amend his claim. At the same time, the government has indicated that claimant is currently the "subject of an investigation [which] involves alleged federal crimes … related to the seizure of an airplane and $259,717 from you and Gilbert Wiles on February 28, 2014, in Cody, Wyoming." Exhibit 3.

Therefore, in the event the Court orders a further amended claim, Claimant faces the dilemma of being forced to waive his Constitutional right to remain silent in a criminal proceeding. This is *exactly* why § 981(g)(2) was enacted.

The Fifth Amendment "not only protects the individual" in a criminal prosecution, but also privileges him to "not answer official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers <u>might</u> incriminate him in future criminal proceedings." *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973) (emphasis added); *Kastigar v. United States,* 406 U.S. 441, 445 (1972).

> The general standard for a valid assertion of the Fifth Amendment privilege against self‑incrimination is well established…to assert the privilege, respondents must show that their testimony would 'support a conviction under a … criminal statute or furnish a link in the chain of evidence needed to prosecute [them] for a … crime. 'Indeed, **it is enough if the responses would merely provide a lead or clue to evidence having a tendency to incriminate**. The privilege is validly invoked … where there are substantial hazards of self‑incrimination that are real and appreciable, not merely imaginary and unsubstantial. Finally, **the existence of such a hazard is generally determined from examination of the questions, their setting**, and the peculiarities of the case.

*U.S. v. Troescher,* 99 F.3d 933, 934-935 (1996) (emphases added). Here, the context and content of the government's demand, via its motion to strike, for more information "related to the seizure of an airplane and $259,717 from" Claimant, make clear that further information given to satisfy the government's complaints about Claimant's claim language would unquestionably provide explicit evidence that could be used in an attempt to incriminate Claimant in a criminal prosecution resulting from the pending criminal investigation, or at the very least would or could also provide a lead or clue to evidence having a tendency to incriminate each Claimant.

Any further advancement of this forfeiture proceeding will burden Claimant's absolute right against self-incrimination in the related criminal investigation of him, which is ongoing. Therefore, it cannot reasonably be disputed that this civil forfeiture action, and further description of Claimant's interest in Defendant properties, will burden Claimant's Fifth Amendment rights, and Claimant has met the last and final element of 18 U.S.C. § 981(g)(2), warranting an order staying the forfeiture proceedings. This action must be stayed.

## IV.     Claimant Alternative Asks for A Protective Order As An Accommodation For His Fifth Amendment Rights

With a further abundance of caution, and in the unlikely event that this Court refuses to grant a stay, Claimant alternatively requests that this Court issue a protective order limiting the use of any claim, amended claim, or supplemental claim to this civil forfeiture and forbidding the use of any claim in any criminal prosecution by the government.

A protective order is authorized and envisioned by Federal Rule of Civil Procedure 26(c), Fed.R.Civ.P. 26(b)(1), Fed. R. Civ. P. 26(b)(2)(C), 18 U.S.C. § 981(g)(3). *See also*, Rule G(1), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Federal Rule of Civil Procedure apply to civil forfeitures to the extent rule does not address issue).

Further, " 'courts must seek to accommodate the defendant's right against self-incrimination in a civil forfeiture proceeding.' *United States v. Thirteen (13) Mach. Guns*, 689 F.2d 861, 864 (9th Cir.1982); *see also* [United States v. 4003-4005 5th Ave., 55 F.3d 78, 84 (2d Cir. 1995)] (courts should 'explore all possible measures in order to `select that means which strikes a fair balance . . . and . . . accommodates both parties') (alterations in original) (*quoting United States v. U.S. Currency*, 626 F.2d 11, 16 (6th Cir.1980))." *U.S. v. $133,420.00*, 672 F.3d 629, 643 (9th Cir. 2012).

In the unlikely event the Court refuses a stay and requires further information from Claimant at this time, Claimant hereby formally requests the accommodation of a protective order limiting use to this case and forbidding use in any criminal case of any such further information.

//

//

//

## CONCLUSION

For the foregoing reasons, further proceedings here will inappropriately provide evidence that the government would otherwise not be entitled to in Claimants' criminal investigation, and Claimant's right against self-incrimination will be burdened if this proceeding is permitted to advance any further. Claimant respectfully requests that the Court order a stay of this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(2). Claimant alternative asks for a protective order limiting use of any claim to this case and forbidding use of any such claim in any criminal prosecution by the government.

Respectfully submitted,

Dated: 18 November 2014

*s/David M. Michael*
DAVID M. MICHAEL
LAW OFFICES OF DAVID M. MICHAEL

Attorney for Claimant
SCOTT MICHAEL LEWIS

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on 18 November 2014, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/David M. Michael*
DAVID M. MICHAEL

# Exhibit 1

## CAFRA ELECTION OF PROCEEDINGS

**NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP).**

I understand that property in which I have an interest has been seized by HSI under Case No. 2014-2921-000007-01 .

Check ONLY ONE (1) of the following choices:

**1. [  ]   I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(B) is 60 days from the date of the petition decision, or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete claim and request for judicial proceedings (see option 4, below), CBP consideration of my petition will stop and the case will be sent for judicial forfeiture proceedings.

**2. [  ]   I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete claim and request for judicial proceedings (see option 4, below), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

**3. [  ]   I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

**4. [X]   I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. 983(a)(2)(C), CBP will treat my submission as a petition for relief under option 1, described above.

SCOTT LEWS                              5-3-2014
_____               _____
Name (Print)                            Date

_____
Signature

(Revised 06/26/2012)

**CUSTOMS AND BORDER PROTECTION**
**SEIZED ASSET CLAIM FORM**
(Execute only when requesting the case be referred for court action, Opt. 4 on Election of Proceedings.)

Name: SCOTT LEWIS                    Seizure No. 2014-2921-000007-01
Address: 3531 S. 136th St
#D133 Englewed, CO 80113        **(IMPORTANT: BE SURE TO**
Telephone No: (    )                **COMPLETE ALL PARTS BELOW)**

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint
for forfeiture on the seized property described below:

PART I

List all the items in which you claim an interest. Include sufficient information to
identify the items, such as serial numbers, make and model numbers, aircraft tail
numbers, photographs, and so forth. Attach additional sheets of paper if more space is
needed.
$258,520 U.S. Currency in 12 vacuum sealed
bundles inside a duffle bag.

PART II

State your interest in each item of property listed above. Attach additional sheets of paper
if more space is needed. I have an ownership and a
possessory interest in all or part of the above named
property.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of
my claim is true and correct to the best of my knowledge and belief.


SCOTT LEWIS                         5-3-2014
Name (Print)                        Date


Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO
PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY
A FINE AND UP TO FIVE YEARS IMPRISONMENT.

**Exhibit 2**

### CAFRA ELECTION OF PROCEEDINGS

**NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP).**

I understand that property in which I have an interest has been seized by HSI under Case No. 2014-2921-000007-01 .

Check ONLY ONE (1) of the following choices:

**1. [ ]   I REQUEST THAT CBP CONSIDER MY PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My petition is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(B) is 60 days from the date of the petition decision, or, if I choose to file a supplemental petition, my deadline for filing a claim as required by 18 U.S.C. 983(a)(2)(B) is 60 days from the date of the supplemental petition decision. If I file a complete claim and request for judicial proceedings (see option 4, below), CBP consideration of my petition will stop and the case will be sent for judicial forfeiture proceedings.

**2. [ ]   I REQUEST THAT CBP CONSIDER MY OFFER IN COMPROMISE ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED.** My offer is attached. By making this request, I understand that I can request, in writing, that my case be referred for judicial forfeiture proceedings at any time prior to the completion of the administrative forfeiture proceedings or as set forth in the notice of seizure. If I choose to wait for an administrative decision on my offer, my deadline for filing a claim is 30 days from the date of the decision. If I file a complete claim and request for judicial proceedings (see option 4, below), CBP consideration of my offer will stop and the case will be sent for judicial forfeiture proceedings.

**3. [ ]   I ABANDON ANY CLAIM OR INTEREST I MAY HAVE IN THE PROPERTY.** I understand that no additional notice about future proceedings concerning the property will be provided to me.

**4. [X]   I AM FILING A CLAIM AND REQUESTING THAT CBP REFER THE CASE FOR COURT ACTION.** Please send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM. I understand that if I have not fully completed this form, or otherwise made a proper claim and request for judicial forfeiture pursuant to 18 U.S.C. 983(a)(2)(C), CBP will treat my submission as a petition for relief under option 1, described above.

SCOTT LEWIS                          5-3-2014
_____          _____
Name (Print)                              Date

_____
Signature

(Revised 06/26/2012)

## CUSTOMS AND BORDER PROTECTION
## SEIZED ASSET CLAIM FORM
(Execute only when requesting the case be referred for court action. Opt. 4 on Election of Proceedings.)

Name: SCOTT LEWIS

Seizure No. 2014-2921-000007-01

Address: 3531 S. LOGAN ST

#D133 Englewood, CO 80113

Telephone No: (____) _____

(IMPORTANT:  BE SURE TO COMPLETE ALL  PARTS BELOW)

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

PART I

List all the items in which you claim an interest.  Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

1968  Cessna  U·206 Super Sky wagon, Tail N·6214V, est. fair market value $140,000,

PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed. I have an ownership and a possessory interest in all or part of the above named property,

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

SCOTT LEWIS

Name (Print)

5-3-2014

Date

_____

Signature

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.

**Exhibit 3**



**U.S. Department of Justice**

*Christopher A. Crofts*
*United States Attorney*
*District of Wyoming*

| REPLY TO: CHEYENNE | 2120 Capitol Ave., Rm. 4002<br>Cheyenne, WY 82001<br>(307) 772-2124<br>FAX (307) 772-2123 | P. O. Box 22211<br>Casper, WY 82602-5010<br>(307) 261-5434<br>FAX (307) 261-5471 | P. O. Box 449<br>Lander, WY 82520-0449<br>(307) 332-8195<br>FAX (307) 332-7104 | P. O. Box 703<br>Yellowstone NP, WY 82190<br>(307) 344-2119<br>FAX (307) 344-9266 |
|---|---|---|---|---|

November 7, 2014

*Via certified U.S. mail and email to David@davidmichaellaw.com*
*and joebustos@qwestoffice.net*

Mr. Scott Michael Lewis
c/o Mr. David Michael, Esq.
Law Office of David Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104

and c/o Mr. Joe Bustos, Esq.
400 East 20th Street
Cheyenne, WY 82001

Dear Mr. Lewis:

I am writing to inform you that you are the subject of an investigation by Homeland Security Investigations of the U.S. Department of Homeland Security. This investigation involves alleged federal crimes—including conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), money laundering in violation of 18 U.S.C. § 1956, identity theft in violation of 18 U.S.C. § 1028, and operation of an unregistered aircraft in violation of 49 U.S.C. § 46306—related to the seizure of an airplane and $259,717 from you and Gilbert Wiles on February 28, 2014, in Cody, Wyoming.

I am sending you this letter through your attorneys in *United States v. One Cessna Airplane*, No. 14-CV-00151-ABJ (D.Wyo.), where you have filed a claim in a civil forfeiture action involving the seized airplane and currency. If you retain another attorney to represent you in any criminal proceedings which may arise from the above-described investigation, please ask that attorney to contact me.

Sincerely,

CHRISTOPHER A. CROFTS
United States Attorney

By:      ___*/s/ Eric Heimann*___
ERIC J. HEIMANN
Assistant United States Attorney