ERIC J. HEIMANN
Assistant United States Attorney
District of Wyoming
P. O. Box 668,
Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov
Wyo. Bar # 6-4504

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 14-CV-00151-ABJ** |
| | ) | |
| **One Cessna Airplane, Model Number** | ) | |
| **TU-206, bearing Tail Number N6214V** | ) | |
| **and Serial Number U206-1189,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **$259,717 United States Currency,** | ) | |
| | ) | |
| **Defendant-Property.** | ) | |
| | ) | |
| **SCOTT MICHAEL LEWIS,** | ) | |
| | ) | |
| **Claimant.** | ) | |

## REPLY TO CLAIMANT'S REPONSE TO MOTION TO STRIKE CLAIM AND ANSWER FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G

On October 31, 2014, the United States of America filed a motion to strike the claim and

answer of claimant Scott Lewis for failure to comply with Rule G of the Supplemental Rules for

Certain Admiralty and Maritime Claims. (Pl.'s Mot. to Strike, Doc. 19.) Claimant filed his

opposition on November 14, 2014. (Cl.'s Resp., Doc. 21.) An initial pretrial conference is

currently scheduled for December 5th, but a hearing has not been scheduled on the government's

motion to strike. Therefore, the United States, by and through Assistant United States Attorney Eric Heimann, now replies to the Claimant's response.

The Claimant makes three arguments that merit a reply. First, The Claimant correctly notes that the Supplemental Rule G(6) allows the government to use standing interrogatories to investigate a claimant's identity and relationship to the property. (Cl.'s Resp., Doc. 21, 1, 6-8.) He then claims that this Court would render the standing interrogatory provision superfluous if it grants the government's current motion to strike. (*Id.* at 7-8.) This argument fails because Supplemental Rules state that the government "*may* serve special interrogatories … at any time after the claim is filed and before discovery is closed," Supplemental Rule G(6)(a) (emphasis added), and that the government may move to strike a claim and answer "[a]t any time before trial … for failing to comply with Rule G(5) *or* (6)," *id.* at G(8)(c)(i) (emphasis added). Thus, by the plain language of the rules, standing interrogatories are optional and a motion to strike may be based on a violation of the Rule G(5) pleading requirements independent of any violation of Rule G(6). Put another way, the Supplemental Rules allow the government to use standing interrogatories at any time but do not require the government to use special interrogatories to cure a violation of the pleading requirements listed in Rule G(5).

Second, the Claimant correctly notes that the Supplemental Rules and the Federal Rules of Civil Procedure allow the court to give the Claimant leave to amend his claim. (Cl.'s Resp., Doc. 21, 1, 9-10.) The government does not object to this outcome as it would allow the Claimant to identify the specific property he is claiming and clearly state his interest in that property—as required by the Supplemental Rule G(5)—and allow the government to proceed with standing interrogatories that focus on the relevant issues. We can then determine whether

the Claimant has a lawful claim to any of the Defendant-Property as envisioned by the statutes and rules governing civil forfeiture actions.

Finally, the Claimant argues that the government's motion is based on an overly broad interpretation Supplemental Rule G(5) which confuses standing at the pleading stage with standing at the summary judgment stage. (Cl.'s Resp., Doc. 21, 1, 3-6.) To understand the government's position, it is essential to note that a claimant in a civil forfeiture action must demonstrate constitutional standing under Article III <u>and</u> so-called "statutory standing" under the pleading requirements of the Supplemental Rules. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) (citing *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n. 9 (3d Cir. 2003)). Whether the Claimant has met his burden of establishing constitutional standing—and whether he can maintain it throughout this litigation—is a question for another day.

For now, the government is challenging the Claimant's compliance with the pleading requirements of the Supplemental Rules which plainly require any person who asserts an interest in forfeitable property to file a claim which must "identify the specific property claimed," Supplemental Rule G(5)(a)(i)(A), and "state the claimant's interest in the property," *id.* at Rule G(5)(a)(i)(B). Unlike constitutional standing where, "[a]t the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property," *$148,840.00 in U.S. Currency*, 521 F.3d at 1273, the pleading requirements of the Supplemental Rules are strictly enforced to move forfeiture proceedings along as quickly as possible and to deter false claims. *United States v. $487,825 in U.S. Currency*, 484 F.3d 662, 664-665 (3rd Cir. 2007) (dismissal of claim for failure to comply with verification requirement affirmed) (discussing policy rationale for strict enforcement of pleading requirements in civil forfeiture context).

Unlike most of the cases cited by the Claimant in his response, this case does not involve a single cash hoard seized from a claimant's physical possession or seized from a vehicle or residence under a claimant's control at the time of seizure. Rather, the Defendant-Property here includes multiple assets (an airplane and a cash hoard), seized in different places (a hangar and a hotel room), and at times when Claimant Lewis did not have physical possession of either the plane or the cash. (*See* Verified Compl., Doc. 1, 6-7.) Considering the nature of the Defendant-Property and the facts surrounding the seizure of this property, the Claimant's equivocating claim to "all or part of the defendant property" does not adequately identify the specific property as required by the Supplemental Rules. Therefore, the court should strike the claim and require the Claimant to specifically describe the property he is claiming in an amended claim.

In addition to being elsewhere when the Defendant-Property was seized, Claimant Lewis denied having money to hire an attorney and never asked about the Defendant-Currency after being released from state custody. (*See* Verified Compl., 7; Answer, Doc. 13, 8.). Given that this behavior is inconsistent with ownership, the Claimant's failure to specify the nature of his "ownership and possessory" interest fails to adequately state his interest in the defendant property as required by the Supplemental Rules. Therefore, the court should strike the claim and require the Claimant to describe his interests in the specific property he is claiming.

Dated this 24th day of November, 2014.

> Respectfully submitted,
> CHRISTOPHER A. CROFTS
> United States Attorney
>
> By:     *S: Eric J. Heimann*
> ERIC J. HEIMANN
> Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified on the24th day of November, 2014, a true and correct copy of the foregoing

**REPLY TO CLAIMANT'S REPONSE TO MOTION TO STRIKE CLAIM AND ANSWER FOR**

**FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G** was served upon the following, by the

method(s) indicated below.


David M. Michael                                     [X] Electronic Filing
Law Offices of David M. Michael              [ ] U.S. Mail -- postage prepaid
One Sansome Street, Suite 3500              [ ] U.S. Mail -- certified
San Francisco, CA 94104                         [ ] Hand delivery

Joe D. Bustos                                          [X] Electronic Filing
400 E 20th Street                                     [ ] U.S. Mail -- postage prepaid
Cheyenne, WY 82001                             [ ] U.S. Mail -- certified
                                                              [ ] Hand delivery


*S/ Vicki Powell*
United Stated Attorney's Office