IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-CV-00151-ABJ |
| | ) | |
| One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| $259,717 United States Currency, | ) | |
| | ) | |
| Defendant-Property. | ) | |
| | ) | |
| SCOTT MICHAEL LEWIS, | ) | |
| | ) | |
| Claimant. | ) | |

**JOINT REPORT OF MEETING AND PROPOSED
JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

As required by this Court's order (Doc. 15), the parties file this joint report of meeting and proposed joint discovery and case management plan. The initial pretrial conference in this matter is currently scheduled for December 5, 2014.

1. As ordered by the Court, the parties conferred by telephone on Friday, November 21, 2014. Claimant Scott Lewis was represented by Mr. Edward Burch. The government was represented by Assistant United States Attorneys Eric Heimann and C. Levi Martin.

2. **Related Cases:** The parties are not aware of any related cases currently pending in any federal court. However, the Claimant is the subject of an ongoing federal criminal investigation which is related to the seizure of the above described Defendant-Property and other evidence seized at the time the Defendant-Property was seized. In addition, Claimant is the

defendant in an ongoing state misdemeanor prosecution related to the registration and operation of the Defendant Cessna Aircraft, Model No. TU-406. That matter is presently pretrial.

3. **Description of the Case:** This is a civil *in rem* action to forfeit property to the United States under 21 U.S.C. § 881. Specifically, the United States seeks to forfeit the following Defendant-Property: **(1)** one Cessna airplane, model number TU-206, bearing tail number N6214V and serial number U206-1189, and **(2)** $259,717 United States currency. The Defendant-Property was seized from Scott Michael Lewis and Gilbert Wayne Wiles, Jr., on February 28, 2014, in Cody, Wyoming, under authority of State of Wyoming search warrants. The United States alleges that the Defendant-Airplane is forfeitable under 21 U.S.C. § 881(a)(4) because it is a conveyance which was used, and was intended for use, to transport, and to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances which had been manufactured, distributed, dispensed, and acquired in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*. The United States further alleges that the Defendant-Currency is forfeitable under 21 U.S.C. § 881(a)(6) because it constitutes **(1)** moneys furnished and intended to be furnished by any person in exchange for a controlled substance in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*; **(2)** proceeds traceable to such an exchange; and **(3)** moneys used and intended to be used to facilitate any violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*. Claimant Lewis has claimed an ownership and possessory interest in all or part of the Defendant-Property and raised a number of defenses to forfeiture including that he has an innocent interest in the Defendant-Property.

4. **Basis for Federal Jurisdiction:** The United States alleges that this Court has subject-matter jurisdiction under 28 U.S.C. § 1345 because this action is being commenced by the United States, and under 28 U.S.C. § 1355(a) because this is a civil forfeiture action. This

Court has *in rem* jurisdiction over the Defendant-Property under 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and under 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the action accrued in this district and the Defendant-Property was seized in this district. Venue is proper in this Court under the same authorities and for the same reasons.

5. **Claimant's Position on Jurisdiction:** In his answer, the Claimant raised an affirmative defense that this Court lacks jurisdiction of the subject matter of the government's forfeiture complaint and the Defendant-Property. At this time, however, the Claimant does not challenge this Court's jurisdiction.

6. **Complexity:** This case is not complex.

7. **Anticipated Additional Parties:** The parties do not anticipate any additional parties will be added to this litigation.

8. **Anticipated Interventions:** The parties do not anticipate any additional interventions.

9. **Class Action Issues:** There are no class action issues here.

10. **Rule 26(a) Disclosures:** The parties have not made initial disclosures because this civil forfeiture action arises from a federal statute and is therefore exempt from initial disclosures under Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure.

11. **Proposed Discovery Plan:** The following discovery plan depends on the Court's resolution of the government's motion to strike (Doc. 19) and the Claimant's motion to stay proceedings (Doc. 23) which are currently pending. *See* ¶¶ 20-21, *infra.*

**a.** **<u>Rule 26(f) Matters</u>:** The parties are not required to confer under Rule 26(f) because this proceeding is exempt from initial disclosure under Rule 26(a)(1)(B). *See* Fed. R. Civ. P. 26(f)(1).

**b.** **<u>Government's Interrogatories</u>:** The government intends to serve Supplemental Rule G(6) standing interrogatories no later than two weeks following this Court's decision on the pending motions. The government intends to begin normal Rule 26 discovery no later than two weeks following the Claimant's satisfactory responses to any standing interrogatories.

**c.** **<u>Claimant's Interrogatories</u>:** The Claimant intends to serve Rule 33 interrogatories and Rule 34 document requests at the appropriate time.

**d.** **<u>Government's Depositions</u>:** The government currently intends to depose the Claimant and Mr. Gilbert Wiles. The government may depose additional individuals depending on the responses to written discovery. The government intends to depose these persons no later than two months after Claimant's satisfactory responses to Rule 26 written discovery.

**e.** **<u>Claimant's Interrogatories</u>:** The Claimant currently intends to depose one or more employees of Choice Aviation (a service provider at the airport in Cody) and law enforcement witnesses involved in the investigation and seizure of the Defendant-Property. The Claimant may depose additional individuals depending on the interrogatory responses. The Claimant intends to depose these persons within a short time after receiving responses to his written discovery requests from the government.

  **f.** **Expert Designations & Reports:** The government will designate its expert witnesses no later than two months following the completion of non-expert depositions. The Claimant will designate experts one month following the government's designation of experts.

  **g.** **Government's Expert Depositions:** The government intends to complete expert depositions no later than 30 days following Claimant's expert designations and the government receipt of all expert reports.

  **h.** **Claimant's Expert Depositions:** The Claimant intends to complete expert depositions no later than 30 days following the government's expert designations and the Claimant's receipt of all expert reports.

**12.** **Discovery Plan Disputes:** The parties currently disagree as to whether the proceedings should be stayed. *See* ¶¶ 20-21, *infra.*

**13.** **Discovery Already Undertaken:** Neither party has undertaken discovery.

**14.** **Completion of Discovery:** If this matter is not stayed, the parties anticipate that discovery will be completed in July 2015.

**15.** **Settlement:** The parties have not discussed settlement because this civil forfeiture action is exempt from the requirements of Rule 26(f). *See* Fed. R. Civ. P. 26(f)(1).

**16.** **Possibility of Prompt Resolution:** The parties do not currently believe there is any significant possibility of prompt resolution of this forfeiture.

**17.** **Alternative Dispute Resolution Techniques:** The parties do not currently believe that any alternative dispute resolution techniques are reasonably suitable to this civil forfeiture action.

**18.** **Jury Demand:** In his answer, the Claimant demanded a jury.

**19.** **Time for Trial:** The parties currently believe that presentation of evidence in this case will require at least one-week of court time.

**20.** **Pending Motions – Pretrial Conference:** The government's motion to strike claim and answer (Doc. 19) is pending before the Court. The Claimant has filed his opposition (Doc. 21) and the government has filed its response (Doc. 24). Therefore, this motion may be decided at (or before) the pretrial conference. The Court's decision on this motion significantly affects the government's position on the Claimant's pending motion to stay proceedings (Doc. 23). *See* ¶ 21, *infra.* Therefore, if the Court decides the motion to strike at (or before) the pretrial conference, the motion to stay may be resolved at the pretrial conference as well.

**21.** **Other Pending Motions:** The Claimant's motion to stay (Doc. 23) is currently pending before the Court. The government's response is due no later than December 5th, which is the day of the pretrial conference.

**22.** **Peculiarities:** Claimant Scott Lewis is the subject of an ongoing criminal investigation which is related to the seizure of the Defendant-Property.

**23.** **Anticipated Amendments to Pleadings:** If the ongoing criminal investigation reveals additional criminal activity which would support forfeiture of the Defendant-Airplane or the Defendant-Currency, the government will seek to amend its complaint to allege forfeiture on these additional bases.

**24.** **Attorneys:** Required contact information is listed in the signature blocks below.

Dated this 28th day of November, 2014.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER A. CROFTS<br>United States Attorney<br>District of Wyoming<br>P. O. Box 668,<br>Cheyenne, WY 82003<br>(307) 772-2124<br><br>By:   *S: Eric J. Heimann*<br>    ERIC J. HEIMANN<br>    Assistant United States Attorney<br>    Wyoming Bar # 6-4504<br>    Eric.Heimann@usdoj.gov<br><br>By:   *S: C. Levi Martin*<br>    C. LEVI MARTIN<br>    Assistant United States Attorney<br>    Wyoming Bar # 6-3781<br>    christopher.martin@usdoj.gov | Scott Michael Lewis<br>c/o Law Offices of David M. Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>415-946-8996<br><br>  *s/ Davd M. Michael*<br>David M. Michael<br>California Bar # 74031<br>david@davidmichaellaw.com<br><br>  *s/ Edward M. Burch*<br>Edward M. Burch<br>California Bar # 255470<br>edward@davidmichaellaw.com<br>Law Offices of David M. Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>415-946-8996<br><br>  *s/ Joe Bustos*<br>Joe Bustos<br>Wyoming Bar # 6-3581<br>400 East 20th Street<br>Cheyenne, WY 82001<br>307-638-4633<br>joebustos@qwestoffice.net |

**CERTIFICATE OF SERVICE**

It is hereby certified on the 28th day of November, 2014, a true and correct copy of the foregoing **JOINT REPORT OF MEETING AND PROPOSED JOINT DISCOVERY AND CASE MANAGEMENT PLAN** was electronically filed and thereby served upon counsel for all parties.

*s/ Vaughna Warburton*
United Stated Attorney's Office