IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 DEC 4 PM 4 15
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> One Cessna Airplane, Model Number ) <br> TU-206, bearing Tail Number N6214V, ) <br> and Serial Number U206-1189 ) <br> ) <br> and ) <br> ) <br> 259, 717 United States Currency, ) <br> ) <br> Defendant-Property. ) <br> ) <br> SCOTT MICHAEL LEWIS ) <br> ) <br> Claimant. ) <br> ) | Case No. 14-cv-151-ABJ |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE CLAIM

This matter comes before the Court on Plaintiff's *Motion to Strike Claim*. This case arises in the context of a civil forfeiture action in rem brought by the Government pursuant to 21 U.S.C. § 881(a) to forfeit the following property: (1) one Cessna airplane, model number TU-206, bearing tail number N6214V and serial number U206-1189, and (2) $259, 717 United States currency. The Government seized the property from Scott Michael Lewis (Claimant) and Gilbert

1

Wayne Wiles, Jr. on February 28, 2014 in Cody, Wyoming under authority of State of Wyoming search warrants.

The Government alleges the airplane is subject to forfeiture under 21 U.S.C. §881(a)(4) because it is a conveyance which was used, and was intended for use, to transport, and to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances which were manufactured, distributed, dispensed, and acquired in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*. The Government further alleges that the Defendant-Currency is forfeitable under 21 U.S.C. §881(a)(6) because it constitutes (1) moneys furnished and intended to be furnished by any person in exchange for a controlled substance in violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq.*; (2) proceeds traceable to such an exchange; and (3) moneys used and intended to be used to facilitate any violation of Title 21, Chapter 13, Subchapter 1, Section 841, *et seq*.

Claimant filed two identical Verified Claims, one for the defendant-currency and the other for the defendant-airplane, as identified on the docket sheet. (Verified Claims, Doc. Nos. 9 and 10). In his claims, Claimant asserts "an ownership and/or possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." (Verified Claims, Doc. Nos. 9 and 10).

## Discussion

The Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules") are part of the Federal Rules of Civil Procedure and govern procedure in civil forfeiture actions. *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1309 n.2 (10th Cir. 1994); Supplemental Rule G(1) ("This rule governs a forfeiture action in rem arising from a

federal statute."). The Federal Rules of Civil Procedure fill in any gaps in the applicable Supplemental Rules. *51 Pieces of Real Property*, 17 F.3d at 1309 n.2; Supplemental Rule G(1) ("To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.").

The Government moved to strike Claimant's Verified Claim asserting that he failed to identify the specific property claimed and that he failed to identify his interest in the property as required by Rule G(5) of the Supplemental Rules. In response, Claimant argues that striking the claims is not warranted because he has constitutional standing, his claims are sufficiently specific to satisfy Supplemental Rule G, and the Government should utilize its discovery powers instead of moving to strike the claims. The disputed issue is whether Claimant has standing to challenge the forfeiture of defendant property.

### A. Standing Analysis

#### a. Statutory Standing

"Standing in forfeiture cases has both constitutional and statutory aspects. A claimant may meet its burden of statutory standing by complying with the provisions of Supplemental Rule G(5)." *United States v. $85,668.00 in United States Currency*, 2009 WL 1507150, *1 (D. Utah, May 27, 2009) (citing *United States v. $148, 840.00*, 521 F.3d 1268, 1273 & n.3 (10th Cir. 2008)). Supplemental Rule G(5)(a)(i) provides:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; and
(D) be served on the government attorney....

The instant case is nearly factually identical to *United States v. $85,668.00 in United States Currency*, in which the Utah District Court considered a government's motion to strike a claimant's claim to $85,668.00 that the Government seized from the vehicle the claimant was driving. 2009 WL 1507150, *1. The Utah District Court held that the claimant had statutory standing under Supplemental Rule G(5) based on a brief and equivocal statement in his verified claim that was almost identical to Claimant's Verified Claims in the instant case. *Id.* The court denied the government's motion to strike. *Id.* The Utah District Court's decision in *United States v. $85,668.00 in United States Currency* is instructive on statutory standing pursuant to Supplemental Rule G(5).

The Court finds that Claimant's Verified Claims are sufficient under Supplemental Rule G(5) — they identify the case number, reference the defendant-property in the caption, which includes the airplane and currency, state Claimant's right to exercise dominion and control over all or part of the defendant-property, are signed by Claimant under penalty of perjury, and were served on the government attorneys.[1] The Court concludes that the Government failed to establish that Claimant's claim is insufficient for purposes of its Motion to Strike based on statutory standing.

---

[1] Claimant filed a Verified Claim for each defendant-property, which answers the Government's question about in which property the Claimant claims an interest. See CM/ECF Docket Sheet. Exhibits 1 and 2 to Claimant's Response to Motion to Strike, Custom and Border Protection Seized Asset Claim Forms, are also helpful to answer the Government's question because they specifically state that Claimant is claiming an interest in both the defendant-currency and defendant-airplane.

4

### b. Constitutional Standing

In addition to statutory standing, it is necessary for the Court to consider constitutional standing because it is a threshold jurisdictional question. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1273. "As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation." *Id.*

> As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation. At the pleading stage, a claimant satisfies this burden by *alleging* a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest.

*United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1273 (internal citations and quotations omitted) (emphasis added). In forfeiture cases, the nature of proof for constitutional standing differs based on whether a claimant purports to be the possessor or the owner of the defendant property. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1274. In the instant case, Claimant purports to have owned and possessed the defendant-property at the time of seizure. (Doc. Nos. 9 and 10 and Doc. No. 23, Exhibits 1 and 2).

In *United States v. $148,840.00*, the Tenth Circuit Court of Appeals considered whether a claimant, at the summary judgment stage of a forfeiture case, had constitutional standing to challenge a forfeiture action when the Government did not dispute that the property was taken from the claimant's possession, the claimant repeatedly stated he was the owner of the property, and claimant invoked his Fifth Amendment privilege against self-incrimination when asked specific questions about the property. 521 F.3d at 1268–1273. The Court held,

5

> The government cannot prevent every person unwilling to completely explain his relationship to property that he claims to own, and that is found in his possession and control, from merely contesting a forfeiture of that property in court. It may well be that forfeiture ultimately will prove appropriate, but we find it obvious that such a claimant risks injury within the meaning of Article III and thus may have his day in court. We thus hold that when a claimant has asserted an ownership interest in the res at issue and has provided some evidence tending to support the existence of that ownership interest, the claimant has standing to challenge the forfeiture.
>
> . . .
>
> [T]he [claimant's] assertion of ownership [was] assumed to be true on this record, and because the currency was indisputably seized from a vehicle that [the claimant] was driving, we hold [the claimant] established constitutional standing at this stage of the litigation. He has both made a claim of ownership over the currency and provided some evidence tending to substantiate that claim, as he had obvious possession and control over the currency when it was taken.

*United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1276 (10th Cir. 2008).

The Court finds that in this case, even at this early stage, Claimant has provided evidence in support of his standing that is comparable to the claimant's evidence in *United States v. $148,840.00 in U.S. Currency*. In his Verified Claim, Claimant states, under penalty of perjury, that he has an ownership and/or possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property. This statement paired with the Custom and Border Protection Seized Asset Claim Forms, which specifically state he is claiming ownership *and* possessory interest in both the currency and the airplane, demonstrate Claimant's interest in the property. (*See* Doc. Nos. 9 and 10, and Claimant's Motion to Stay, Doc. No. 23, Exhibits 1 and 2).

Regarding additional evidence that substantiates Claimant's interest, the Government's Complaint acknowledges that the property was seized from Claimant, and that he was one of two persons exercising control over the plane and one of two persons from whose hotel room the currency was seized. (*See* Compl., Doc. No. 1). "The Defendant-Property was seized from Scott

6

Lewis and Gilbert Wiles on February 28, 2014."). This evidence, like similar evidence in *United States v. $148,840.00 in U.S. Currency*, tends to substantiate Claimant's interest in the property. As such, the Court finds Claimant satisfied his burden of establishing constitutional standing.[2]

The Court's conclusion that Claimant has constitutional standing to challenge the forfeiture at this point in the proceedings "does no more than give him the right to contest that his property rights in the cash [and plane] are properly subject to forfeiture. As to the merits of [his] asserted claim over the currency, [the Court] express[es] no opinion. Neither does his standing at this point in the proceedings mean the [] [C]ourt may not revisit the issue at later stages in the litigation." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1278.

---

[2] Although the Court in *United States v. $85,668.00 in United States Currency* denied the Government's Motion to Strike, it required the claimant to provide the court with additional evidence of possessory or ownership interest in order to establish his constitutional standing. 2009 WL 1507150 at *2. This Court will not require the same of Claimant in the instant case because it finds that the constitutional standing standard at pleading stage is a lower standard than at other stages of a forfeiture case:

> At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest. In contrast, at the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in the res such that he would be injured if the property were forfeited to the United States; otherwise, no case or controversy exists capable of federal court adjudication.

*United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1273 (internal citations and quotations omitted).

## Conclusion

For the foregoing reasons, the Court **DENIES** the Government's Motion to Strike (Doc. No. 19).

Dated this 4th day of December, 2014.

*/s/ Alan B. Johnson*
Alan B. Johnson
United States District Judge