IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 DEC 4 PM 4 15
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-151-ABJ |
| ) | |
| One Cessna Airplane, Model Number ) | |
| TU-206, bearing Tail Number N6214V, ) | |
| and Serial Number U206-1189 ) | |
| ) | |
| and ) | |
| ) | |
| 259, 717 United States Currency, ) | |
| ) | |
| Defendant-Property. ) | |
| ) | |
| SCOTT MICHAEL LEWIS ) | |
| ) | |
| Claimant. ) | |
| ) | |

## ORDER GRANTING MOTION TO STAY AND VACATING INITIAL PRETRIAL CONFERENCE

Claimant's *Motion to Stay* has come before the Court for consideration. The Plaintiff, Government, has not filed a timely opposition to the motion. Therefore, Claimant's motion (Doc. No. 23) is deemed confessed pursuant to U.S.D.C.L.R. 7.1(b)(2).

This case arises in the context of a civil forfeiture action in rem brought by the Government pursuant to 21 U.S.C. § 881(a) to forfeit one Cessna airplane, model number TU-

1

206, bearing tail number N6214V and serial number U206-1189, and $259, 717 United States currency. The Government seized the property from Claimant Scott Michael Lewis and Gilbert Wayne Wiles, Jr. on February 28, 2014 in Cody, Wyoming under authority of State of Wyoming search warrants.

The Government filed a *Complaint for Forfeiture In Rem* on August 1, 2014. On September 3, 2014, Claimant filed *Verified Claims* for the defendant-currency and defendant-airplane in which Claimant asserts "an ownership and/or possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." (Verified Claims, Doc. Nos. 9 and 10). On November 18, 2014, Claimant filed a *Motion to Stay Civil Forfeiture Proceedings pursuant to 18 U.S.C. § 981(g)(2); or Alternatively Motion For Protective Order*.

Title 18, U.S.C. Section 981(g) provides the basis for a stay of a civil forfeiture proceeding. The statute provides in relevant part:

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
> (A) The claimant is the subject of a related criminal investigation or case;
> (B) The claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) Continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in a related investigation or case.
> . . .
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

Claimant argues that his situation satisfies all elements under 18 U.S.C. § 981(g)(2), and thus he is entitled to a stay. Although the Motion to Stay is deemed confessed, the Court will

analyze whether the elements of a stay pursuant to Title 18, U.S.C. Section 981(g) (2) are met before granting the stay.

First, Claimant must demonstrate that he is the subject of a criminal investigation. 18 U.S.C. § 981(g)(2)(A). In support of a stay, Claimant produced a November 7, 2014 letter from Christopher Crofts, United States Attorney, to Claimant that states:

> I am writing to inform you that you are the subject of an investigation by Homeland Security Investigations of the U.S. Department of Homeland Security. This investigation involves alleged federal crimes-including conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), money laundering in violation of 18 U.S.C. § 1956, identity theft in violation of 18 U.S.C. § 1028, and operation of an unregistered aircraft in violation of 49 U.S.C. § 46306-related to the seizure of an airplane and $259,717 from you and Gilbert Wiles on February 28, 2014, in Cody, Wyoming.

(Doc. No. 23, Exhibit 3). It is clear from the letter that the Government's investigation stems from the same property seized and the seizure at issue in the instant forfeiture proceedings. Further, the Court has no reason to doubt that the Government's investigation is ongoing. As such, Claimant satisfies the first element of a stay under Title 18, U.S.C. Section 981(g)(2).

Next, Claimant must demonstrate that he has standing to assert a claim in the civil forfeiture proceeding. 18 U.S.C. § 981(g)(2)(B). The Court previously found, in its Order Denying Motion to Strike, Claimant has met his burden establishing that he has both statutory and constitutional standing through his Verified Claims and his Custom and Border Protection Seized Asset Claim Forms. (Doc. Nos. 9 and 10 and Doc. 23, Exhibits 1 and 2). Consistent with the Court's previous finding, Claimant satisfies the second element of a stay under Title 18, U.S.C. Section 981(g) (2).

Finally, Claimant must demonstrate that the continuation of the forfeiture proceeding will burden his right against self-incrimination in a related investigation or case. 18 U.S.C. § 981(g)(2)(C). Claimant argues that his participation in this forfeiture action without a stay will require him to provide evidence that may be used to incriminate him in the pending criminal investigation, or at the very least would provide a lead or clue to evidence that may incriminate Claimant. Because the Government has not disputed Claimant's Motion to Stay or provided a rebuttal to Claimant's assertion of a burden, the Court finds a continuation of the forfeiture proceedings will burden Claimant's right against self-incrimination. Therefore, Claimant has satisfied all elements required for a stay under Title 18, U.S.C. Section 981(g).

For the foregoing reasons, the Court finds that a stay of the instant case is appropriate, and therefore **GRANTS** Claimant's *Motion to Stay* (Doc No. 23). Accordingly, it is **ORDERED** that this matter be stayed for 90-days. It is further **ORDERED** that the Initial Pretrial Conference scheduled for December 5, 2014 is **VACATED** and will be rescheduled after the 90-day stay has expired by separate order.

Dated this 4th day of December, 2014.

Alan B. Johnson
United States District Judge