DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone: (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>Claimant. | **Civil Case No.: 2:14-cv-00151-ABJ** |

**CLAIMANT'S OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND STAY AN ADDITIONAL 60 DAYS**
**[AMENDED]**

Claimant Scott Michael Lewis ("Lewis") hereby responds to and opposes the Government's motion to extend the stay for an additional 60 days.

As the history of this case reveals, there have been two previous 18 U.S.C. § 981(g)(1) stays of the case, one on 4 December 2014 (Order Granting Motion to Stay, Doc. 27) for 90

days, based on a criminal investigation of Claimant, and the second on 5 March 2015, for an additional 90 days (Order Extending Stay, Doc. 30). This case begin on April of 2015, over one year ago. Its onset began with a vigorously litigated attempt by the government to kick Claimant out of the case on the grounds that he lacked standing. The government, having lost that litigation battle, agreed with Claimant for an initial stay on the grounds that it was conducting a criminal investigation in the matter. This Court extended that stay an additional 90 days. The government has now had ample time to complete its criminal investigation and, because of that, Claimant does not agree to any additional stays and had conveyed that position to the government prior to its motion. The government, if it now seeks a further stay, must make the necessary 18 U.S.C. § 981(g)(1) showing justifying a further stay.

The government's burden for a § 981(g) stay is to prove <u>how and why particular discovery will actually adversely affect</u> a related criminal matter. *See* 18 U.S.C. § 981(g)(1) (stay appropriate only when " civil discovery <u>will</u> adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added)) *United States v. Real Prop. & Improvements*, 2009 U.S. Dist. LEXIS 98508, 5-7 (N.D. Cal. Oct. 13, 2009); *Real Prop. & Improvements* and *United States v. All Funds ($ 357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868*, No. 07-1476, 2004 U.S. Dist. LEXIS 15590, 2004 WL 1834589, *2 (N.D. Tex. Aug. 10, 2004) (court finding that the government did nothing more than "speculate about how civil discovery will adversely affect its criminal investigation"); *United States v. All Funds ($ 357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868*, No. 07-1476, 2004 U.S. Dist. LEXIS 15590, 2004 WL 1834589, *5 (N.D. Tex. Aug. 10, 2004) ("[u]nder [] the Government's theories, every civil forfeiture case with a related criminal investigation is entitled to a stay. Such

speculative and conclusory theories undercut the requirement of section 981(g) that the Government actually show that civil discovery will adversely affect its ability to conduct the criminal investigation.”).

> The Court concludes that the Government has failed on the first prong -- it has not shown that discovery in this action will adversely affect the criminal case. The Government claims it "is concerned" the Coles will obtain information through discovery in this case that they could not obtain in the criminal case. [ ] The Government also "anticipate[s]" the Coles "would assert the Fifth Amendment privilege against self-incrimination if it were to seek discovery from them." [ ] This is not enough. "[T]he Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation." [ ]. The Government cannot discharge its burden by claiming that the discovery process could, theoretically, impair the criminal case. If that were true, a stay would be appropriate whenever requested by the Government in a civil-forfeiture action, since civil discovery is far broader than criminal discovery. Yet, "[t]here is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding." [ ]. If Congress had intended such a result, it would have said so in the statute.

*United States v. 216 Kenmore Ave*., 657 F. Supp. 2d 1060, 1063-1064 (D. Minn. 2009) (internal citations and quotations omitted). And as a point of further emphasis:

> Civil discovery does not automatically create an adverse affect on the Government's related criminal case. *Id*. (citing cases).
>
> The Court has doubts that discovery in this action will adversely affect the criminal case. The Government asserts in its motion that "release of information in the possession of the United States through the exercise of civil discovery would compromise the continuing investigation and any subsequent pending indictments." The Government also wants a stay because a "stay of the civil case here would protect Claimants or others subject to a potential indictment from having to choose between invoking their Fifth Amendment privilege and presenting evidence to support their claim." In addition, the Government is concerned that [s]ome of the claimants and several of the witnesses who would be deposed, can thwart the discovery efforts by the United States through the lawful and proper invocation of their Fifth Amendment privilege against self-incrimination."
>
> <u>The Government filed ex parte affidavits describing that there is an ongoing criminal investigation related to the civil forfeiture case, but there is nothing in the affidavits showing how civil discovery might threaten to reveal confidential information that would impair the criminal investigation. The fact that the civil and criminal investigations are closely related does not make it more</u>

likely that the criminal investigation will be damaged by civil discovery.

*United States v. $ 25,511.65 in United States Prop*., *supra* 2011 U.S. Dist. LEXIS 25751, 2-3 (M.D. Ga. Mar. 14, 2011) (emphasis added).

**CONCLUSION**

The government has offered no evidence to establish that it has a right to a third stay in this case pursuant to 18 U.S.C. § 981(g)(1). Claimant asks that this Court deny the government's motion.

Respectfully submitted,

Dated: 20 June 2015

*s/David M. Michael*
DAVID M. MICHAEL
LAW OFFICES OF DAVID M. MICHAEL
Attorney for Claimant

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that, on 20 June 2015, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*David M. Michael*___________________
DAVID M. MICHAEL