CHRISTOPHER A. CROFTS
United States Attorney
ERIC J. HEIMANN
C. LEVI MARTIN
Assistant United States Attorneys
District of Wyoming
P. O. Box 668
Cheyenne, WY 82003
(307) 772-2124
eric.heimann@usdoj.gov
Wyoming State Bar #6-4504
christopher.martin@usdoj.gov
Wyoming State Bar #6-3781

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **No.  14-cv-151-J** |
| | ) |
| **ONE CESSNA AIRPLANE, MODEL** | ) |
| **NUMBER TU-206, BEARING TAIL** | ) |
| **NUMBER N6214VAND SERIAL NUMBER** | ) |
| **U206-1189, ET AL.** | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' MOTION TO COMPEL
## COMPLETE RESPONSES TO SPECIAL INTERROGATORIES

COMES NOW Plaintiff, United States of America, by and through the United

States Attorney for the District of Wyoming and C. Levi Martin, Assistant United States

Attorney, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and respectfully

moves this Court to compel Claimant Scott Michael Lewis to serve complete responses to

the United States' Special Interrogatories.   In support of this motion, the United States submits the following facts and authority.

**Procedural History**

On August 1, 2014, the United States initiated this action by filing a Verified Complaint for Forfeiture *In Rem.* (Dkt. 1).   On September 3, 2014, claimant Scott Lewis filed two[1] identical verified claims of "ownership and a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." (Dkt.'s 9 & 10).

On October 31, 2014, the United States filed a motion to strike Claimant's claim alleging he lacked standing because he had "failed to adequately identify both the specific property claimed and his interest in the Defendant-Property as required by Supplemental Rule G(5)."   (Dkt. 19 at 2).   Claimant opposed the motion, in part chastising the United States for moving to strike under Rule G(5) instead of utilizing the "powerful tool" of special interrogatories under Rule G(6).[2]   (Dkt. 21 at 6).   The District Court denied the motion to strike (finding claimant met the pleading stage standing requirements), yet it expressly stated the finding did not mean the Court "may not revisit the issue at later stages in the litigation."   (Dkt. 26 at 7) quoting *United States v. $148,840.00*, 521 F.3d 1268, 1278 (10th Cir. 2008) (internal quotations omitted).

---

[1]  One claim was for the defendant currency, and the other claim was for the defendant airplane.

[2]   The characterization of Rule G(6) special interrogatories as being a "powerful tool" when responding to that motion is rather inconsistent with the position taken now, that the government cannot use them to obtain any information other than that which is required to satisfy the Rule G(5) pleading requirements.

The civil matter was subsequently stayed for several months while a parallel criminal investigation proceeded. The stay expired on September 8, 2015. (Dkt. 38). On October 5, 2015, the United States served six "special interrogatories" pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions which authorizes interrogatories concerning "the claimant's identity and relationship to the defendant property." *See* (Ex. A) (United States' Special Interrogatories). Claimant provided his responses on October 26, 2015. However, other than providing some personally identifying information and restating that he was the owner of the defendant properties, claimant provided no substantive responses regarding his relationship to them. *See* (Ex. B) (Claimant's responses). Instead, claimant's counsel objected, stating that the interrogatories exceeded the limited scope of Supplemental Rule G(6). *See id.*

On November 3, 2015, the undersigned conferred with claimant's counsel by phone in an attempt to address the United States' position that the claimant's responses to the special interrogatories were inadequate. No accord was reached. The parties participated in an informal discovery conference with Magistrate Judge Rankin on November 5, 2015 at which time the Court authorized the filing of this motion.

## Discussion

Rule G(6) of the Supplemental Rules authorizes special interrogatories concerning "the claimant's identity and relationship to the defendant property." The purpose of the rule is to allow the Government to gather information relating to a claimant's standing, as discussed in the Advisory Committee Notes. *See* Advisory Committee Notes to Rule

G(6) (2006) ("It remains useful, however, to permit the government to file limited interrogatories *at any time* after a claim is filed to gather information that bears on the claimant's standing") (emphasis added).

In response to the special interrogatories propounded, claimant objected based on his position that once he asserted ownership and possession of the defendant property then special interrogatories are no longer necessary and he no longer had an obligation to respond to them.   *See* (Ex. B at 4-6).   In support, claimant appended several boilerplate passages from cases which discussed standing, but he failed to provide any actual analysis or substantive discussion on how they relate to the requirements of Rule G(6). *See id.*   Regardless, claimant's position is not only flawed on its face, but it is an argument that has been rejected in numerous courts.[3]

In the Ninth Circuit Court of Appeals, the claimant invited the court to interpret Supplemental Rule G(6)(a) in the same narrow manner as does the claimant in this case. *See United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (claimant "invites us to interpret Supplemental Rule G(6)(a) narrowly").   The claimant argued that "because a claimant can establish standing merely by asserting an interest in the property, and because the advisory committee's note to Supplemental Rule G(6) limits the interrogatories to questions 'bearing on a claimant's standing,' it follows that Rule G(6) allows only questions regarding the identity of the claimant and the type

---

[3]   Despite claimant's counsel's apparent astonishment at the informal conference regarding the legitimacy of the United States' position, he was the attorney of record on the first two cases discussed in this motion which fully analyzed the issue and concluded the United States' position is the proper one.

of legal interest asserted."   *Id.*   Claimant asserted this meant "the rule does not allow the government to pose any questions about the circumstances in which the claimant obtained an interest in the property, and the government's interrogatories here were well beyond the scope of Rule G(6)."   *Id.*

The Ninth Circuit rejected the argument "because it is contrary to the text of Rule G(6)(a) itself, which broadly allows the government to collect information regarding the claimant's relationship to the defendant property" and "contemplates that the government may seek information beyond the claimant's identity and type of property interest[.]" *Id.* (internal quotations omitted).   "Furthermore, [the] limited interpretation would make Supplemental Rule G(6)(a) superfluous because Supplemental Rule G(5)(a)(i)(B) already requires the verified claim to 'identify the claimant and state the claimant's interest in the property.'"   *Id.* at 643.   "It is a 'cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant.'"   *Id.,* quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003) quoting *Kungys v. United States*, 485 U.S. 759, 778 (1988) (additional internal quotations omitted).

Despite this binding precedent, the same failed arguments were presented to the Northern District of California two years later.   *See United States v. $209,815.00 in United States Currency*, 2014 WL 2959304 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (N.D.Cal. June 30, 2014).   In that case, the government sought essentially the same information which was requested via special interrogatories in this one.   *See $209,815.00 in United States Currency,* 2014 WL 2959304 at *1 (requesting information regarding "circumstances of acquiring the currency, (2) records

relating to the currency, (3) the source of the currency, (4) facts supporting Claimant's claims of ownership and possessory interests in the currency, and (5) the identity of persons having knowledge of Claimant's interest in the currency").

The objection raised there was identical to the one advanced in this case.   *See id*. at *2 ("Claimant argues because the scope of Supplemental Rule G(6) is limited to information bearing on Claimant's standing, and his responses to Plaintiff's special interrogatories and verified claim are sufficient to establish his standing at this stage, any further discovery necessarily exceeds the scope of the Rule").   The District Court, citing the Ninth Circuit case above (and the others discussed below), rejected the arguments and granted the United States' motion to compel answers to the special interrogatories.

Accordingly, claimant's position is contrary to logic, the principles of statutory construction, and the drafters' intent in creating Rule G(6)—and not just courts in the Ninth Circuit have so held.   In *United States v. $307,970.00 in United States Currency*, 2013 WL 4095373 *3 (ORDER ON MOTION TO COMPEL ANSWERS) (E.D.N.C. 2013), the District Court held "claimants' argument that the government's motion to compel is improper where they claim to have sufficiently established standing for the pleading stage misses the mark."   The District Court specifically acknowledged that "[w]hile the Article III standing requirement may be undemanding at the pleading stage . . . , the law is clear that standing is not an issue only at the pleading stage."   *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (standing must be supported with the manner and degree of evidence required at each successive stage of litigation).   To that end, special interrogatories under Rule G(6) "provide an efficient means of testing the

truthfulness of the Claimant's claim to have a real interest in the defendant property." *Id.*, quoting *United States v. $104,250 in United States Currency*, 947 F.Supp.2d 560, 563 (D.Md. 2013).

In *United States v. $2,051,660.00 in United States Currency*, 2008 WL 8723566 *1 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (D.Kan. 2008), the District Court judge granted the United States' motion to compel answers to special interrogatories, holding that "since Supplemental Rule G(5) already requires a claimant to give his name, address and to state ownership interest in the seized property, the addition of Supplemental Rule G(6) phrase regarding 'claimant's identity and relationship to the defendant property' must allow more than a mere recitation of the information already required by Supplemental Rule G(5)." *See also United States v. Approximately $750,000 in United States Currency*, 2011 WL 6155687 (ORDER ON VARIOUS MOTIONS) (S.D.N.Y. Dec. 8, 2011) (Government may use special interrogatories to ask the basis for the claim of ownership; the source of the defendant currency; the identity of any person or document supporting the claim; and claimant's sources of income, tax records, criminal history and past participation in civil lawsuits).

For the reasons described in the various cases cited above, the United States' special interrogatories are within the scope of Rule G(6). Furthermore, the cases cited by claimant in his boilerplate objections to the special interrogatories are mostly irrelevant to the matter presently in contention. The courts in those cases were deliberating on the requirements of establishing standing, not the scope of inquiry

allowed under Rule G(6).[4]    Accordingly, claimant Lewis should be compelled to

provide complete responses to the special interrogatories propounded by the United

States.

       DATED this 13th day of November, 2015

                              CHRISTOPHER A. CROFTS
                              United States Attorney

              By:    */s/ C. Levi Martin*
                              C. LEVI MARTIN
                              Assistant United States Attorney

---

[4]   To the extent claimant intends to rely upon a fleeting reference to Rule G(6) in *United States v. $154,853.00 in United States Currency*, 744 F.3d 559 (8th Cir. 2014) and a footnote mention in *United States v. $239,400.00 in United States Currency*, 795 F.3d 639 (7th Cir. 2015), those cases provide little value to the discussion.   Those courts addressed the matter in dictum.   Further, the 7th Circuit case simply cited (providing no additional analysis) the 8th Circuit case, and that 8th Circuit case is highly distinguishable.   There, the court held that special interrogatories were not necessary for a *portion* of the seized amount ($4,500.00) because the claimant alleged he had earned it through his employment and the United States had conceded statutory standing for that amount.   *See $154,853.00 in United States Currency*, 744 F.3d at 564.   Here, claimant has refused to provide any detailed information as to his relationship to the defendant properties and the United States has absolutely not conceded his standing as to them.   The cases cited by the United States in support of its position provide a much more detailed, deliberative, persuasive analysis of the specific issue before this Court.

## CERTIFICATE OF SERVICE

It is hereby certified on the 13th day of November, 2015, a true and correct copy of the foregoing **MOTION TO COMPEL** was served upon the following, by the method(s) indicated below.


David M. Michael
Law Offices of David Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104

[ ] U.S. Mail
[ ] Hand delivery
[X] Electronic Filing
[ ] Overnight Courier


Jose Delaluz Bustos
Joe D. Bustos Law Office
400 East 20th Street
Cheyenne, WY 82001

[ ] U.S. Mail
[ ] Hand delivery
[X] Electronic Filing
[ ] Overnight Courier


/s/ *C. Levi Martin*
United Stated Attorney's Office