DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:   (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:   (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>    Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>    Claimant. | Civil Case No.: 2:14-cv-00151-ABJ |

**VERIFIED RESPONSES AND OBJECTIONS OF CLAIMANT SCOTT MICHAEL LEWIS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

**PRELIMINARY STATEMENT**

1.   Claimant has not completed his investigation of the facts, witnesses, or documents relating to this case, nor has Claimant completed discovery in this action, including the receipt from plaintiff of documents and records, nor has Claimant completed an analysis of all available

**Exhibit B**

data. Furthermore, Claimant has not completed any preparations for trial. Accordingly, the responses herein are given without prejudice to Claimant's right to provide further responses, which Claimant may subsequently discover, or which Claimant will obtain from plaintiff or may obtain elsewhere or which may be contained in Claimant's possessions but not determined to be relevant at this time. Claimant reserves his right to alter, amend, supplement, or otherwise modify these responses if and when additional information is known or obtained.

2. The responses are given herein without prejudice to Claimant's right to present information which may hereafter be discovered during the course of continued discovery and investigation by Claimant. These responses are made without prejudice to Claimant's right to produce any evidence which may have been omitted from this response and only subsequently discovered because of oversight, inadvertence, and/or good faith error, or a mistake, or which may have been known to Claimant or in Claimant's possession, but not considered at the time of these responses to be relevant to this case.

3. Claimant, SCOTT MICHAEL LEWIS, objects to all definitions, instructions, and terms, to the extent that they purport to impose any different or additional obligations beyond those required by the Federal Rules of Civil Procedure or any other special rules that may apply to these proceedings.

4. Claimant, SCOTT MICHAEL LEWIS, objects to each request to the extent that it seeks information protected by the attorney/client privilege, the attorney work product doctrine, or any othis applicable privilege or immunity.

5. Claimant, SCOTT MICHAEL LEWIS, objects to each request to the extent it requires a violation of any individual's right to privacy and/or the right to be free from unreasonable searches and seizures under any applicable state, federal, or constitutional

**Exhibit B**

provisions or laws, including the Fourth Amendment to the United States Constitution.

6. Claimant, SCOTT MICHAEL LEWIS, objects to each request to extent that it seeks the disclosure of information exempt from disclosure under any applicable evidentiary, statutory, or common-law privilege.

7. Claimant, SCOTT MICHAEL LEWIS, objects to each request to the extent that it calls for information outside of the time period relevant to this action.

Subject to, and without waiving the foregoing general objections and statements, Claimant, SCOTT MICHAEL LEWIS, hereby provides these responses and objections to Plaintiff's special interrogatories:

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

My name is SCOTT MICHAEL LEWIS;

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

**Objection**: This discovery request seeks information beyond the scope of that which is allowed by Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims: Rule G(6) interrogatories are expressly "limited to the claimant's identity and relationship to the defendant property" identified above (*see* Rule G(6)(a)), only allow the government "to gather information that bears on the claimant's [Article III] standing" (*see, e.g.,* Advisory Committee Note to Subdivision (6)).

Rule G(6)(b) permits a claimant to respond, when appropriate, with only objections. *See* Rule G(6)(b) ("*Answers or Objections*. Answers **or objections** to these interrogatories must be served within 21 days after the interrogatories are served.") (italics in original, underscore and bold added).

**Exhibit B**

- an assertion of ownership combined with evidence (i.e. government admissions) that the claimant was in possession of currency when it was seized is sufficient to establish standing <u>at the summary judgment</u> stage of a civil forfeiture action (Op. at 6-7);

- standing in Rule G, means just that, Article III standing, not legitimate ownership mislabeled as "statutory standing", in fact, "labels like 'prudential standing' and 'statutory standing' are misleading and should be avoided" (Op. at 12);

- accordingly, if a forfeiture claimant who has had property seized from him says in Rule G(6) responses that "he owns the defendant property and that it was in his possession when it was seized", he has established his standing, so "[f]urther special interrogatories and responses were not necessary to determine standing, [and] the <u>district court [ ] abuse[s] its discretion if it [ ] grant[s] [a] motion to strike on this [ ] ground</u>" (at 11-12 fn3) (emphasis added); and, in conclusion,

- "it must be remembered [ ] that in a civil forfeiture action the government is the plaintiff, and it is the government's right to forfeiture that is the sole cause of action adjudicated[, so] **If the government fails to meet its burden of proof … the claimant need not produce any evidence at all**." (Op. at 14-15) (emphasis added).

*United States v. Funds in the Amount of $239,400*, ___F.3d___, 2015 U.S. App. LEXIS 13072 (7th Cir. Ill. July 28, 2015) (emphasis added); See also, *U.S. v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013)

> At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing.
> …
> [A Claimant's] assertion of ownership, combined with [that Claimant]'s possession of the currency at the time it was seized, would be enough to establish [that Claimant]'s standing <u>for purposes of a motion for summary judgment</u>. [ ]

*$133,420.00 supra*, 672 F.3d at 638, 640 (9th Cir. 2012) (citation omitted) (emphasis added). All circuits to address the issue have held the same:

> In cases in which <u>a person has asserted an ownership interest</u>, our sister courts have <u>not required the claimant to present the type of explanatory evidence urged by the government to establish his or her standing</u>.
> … our society is one that values both personal property rights and the appropriate judicial resolution of disputes involving those rights. As we view it, <u>the government cannot prevent every person unwilling to completely explain his relationship to property that he claims to *own*, and that is found in his possession and control, from merely *contesting* a forfeiture of that property in court</u>. It may

**Exhibit B**

> well be that forfeiture ultimately will prove appropriate, but we find it obvious that such a claimant risks injury within the meaning of Article III and thus may have his day in court. We thus hold that when a claimant has asserted an ownership interest in the res at issue and has provided some evidence tending to support the existence of that ownership interest, the claimant has standing to challenge the forfeiture. In light of the foregoing, we turn to a consideration of whether Austin's unequivocal claim of ownership over the currency seized, coupled with the undisputed evidence that the money was taken from his possession and control, are together sufficient to confer constitutional standing on this record.
>
> ... because Austin[ ] assert[ed] ownership [ ] and because the currency was indisputably seized from a vehicle that Austin was driving, we hold that Austin has established constitutional standing at this [summary judgment] stage of the litigation.

*U.S. v. $148,840.00*, 521 F.3d 1268, 1274-1275, 1277 (10th Cir. 2008) (emphases added); *see also U.S. v. 1998 BMW "I" Convertible*, 235 F.3d 397, 399 (8th Cir. 2000).

Here, Claimant has alleged ownership and possession of both the Cessna Aircraft and the $259,717 in United States Currency, both of which were seized from his possession and control. Nothing further is needed for Claimant to establish Article III standing.

> ... If Marcus had already established standing as to the $4,500, as the government concedes, then [Rule G(6)] special interrogatories were unnecessary to determine his standing as to that currency. Thus, the <u>district court abused its discretion</u> in striking Marcus's Amended Verified Claim as to the $4,500 <u>for failure to adequately respond to the special interrogatories when no special interrogatories were necessary to determine standing</u>.

*U.S. v. $154,853.00 in United States Currency*, 744 F.3d 559, 563-564 (8th Cir. 2014) (emphases added) (citing *U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012)).

In addition, especially here, this Court, in denying the government's motion to strike claim, specifically held that Claimant had established Article III standing. See Order Denying Plaintiff's Motion to Strike Claim (Doc. 26, filed 12/04/14, at p. 7)( "[T]he Court finds Claimant satisfied his burden of establishing constitutional standing."). Consequently, no special interrogatories are necessary to further establish standing here. *U.S. v. $154,853.00 in United*

*States Currency, supra,* 744 F.3d at 563-564.

Lastly, courts must construe Rule G(6) <u>strictly in favor of claimants</u> and against the government. *See, e.g., U.S. v. 7215 Longboat Drive (Lot 24),* 750 F. 3d 968, 974 (8th Cir. 2014); *U.S. v. Ritchie,* 342 F.3d 903, 910 (9th Cir. 2003) ("Because forfeitures are disfavored, *see United States v. One Ford Coach,* 307 U.S. 219, 226, [ ] (1939), forfeiture laws and their notice provisions are 'strictly construed . . . against the government,' [ ]"); *U.S. v. $191,910.00,* 16 F.3d 1051, 1068 (9th Cir. 1994); *U.S. v. $493,850.00,* 518 F.3d 1159, 1169 (9th Cir. 2008) ("It is [ ] well-established that 'forfeiture statutes are strictly construed against the government.' "); *U.S. v. One 1977 Cadillac Coupe De Ville,* 644 F.2d 500, 501 (5th Cir. 1981); *U.S. v. Charles D. Kaier Co.,* 61 F.2d 160, 162 (3d Cir. 1932).

As stated, this interrogatory seeks information irrelevant to, and far beyond that which bears on, claimant's Article III standing and it is objected to on that basis.

Without waiving said objections, the following information is provided:

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

**Objection**: This discovery request seeks information beyond the scope of that which is allowed by Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims: Rule G(6) interrogatories are expressly "limited to the claimant's identity and relationship to the defendant property" identified above (*see* Rule G(6)(a)), only allow the government "to gather information that bears on the claimant's [Article III] standing" (*see, e.g.,* Advisory Committee Note to Subdivision (6)).

*See* RESPONSE TO SPECIAL INTERROGATORY NO. 2, and objections thereto, incorporated herein

**Exhibit B**

## RESPONSE TO SPECIAL INTERROGATORY NO. 4:

**Objection**: This discovery request seeks information beyond the scope of that which is allowed by Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims: Rule G(6) interrogatories are expressly "limited to the claimant's identity and relationship to the defendant property" identified above (*see* Rule G(6)(a)), only allow the government "to gather information that bears on the claimant's [Article III] standing" (*see, e.g.*, Advisory Committee Note to Subdivision (6)).

See RESPONSE TO SPECIAL INTERROGATORY NO. 2, and objections thereto, incorporated herein

## RESPONSE TO SPECIAL INTERROGATORY NO. 5:

**Objection**: This discovery request seeks information beyond the scope of that which is allowed by Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims: Rule G(6) interrogatories are expressly "limited to the claimant's identity and relationship to the defendant property" identified above (*see* Rule G(6)(a)), only allow the government "to gather information that bears on the claimant's [Article III] standing" (*see, e.g.*, Advisory Committee Note to Subdivision (6)).

See RESPONSE TO SPECIAL INTERROGATORY NO. 2, and objections thereto, incorporated herein.

Without waiving said objections, the following information is provided: I own the Defendant Cessna Airplane and it was seized from my possession.

## RESPONSE TO SPECIAL INTERROGATORY NO. 6:

**Objection**: This discovery request seeks information beyond the scope of that which is

**Exhibit B**

allowed by Rule G(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims: Rule G(6) interrogatories are expressly "limited to the claimant's identity and relationship to the defendant property" identified above (*see* Rule G(6)(a)), only allow the government "to gather information that bears on the claimant's [Article III] standing" (*see, e.g.*, Advisory Committee Note to Subdivision (6)).

See RESPONSE TO SPECIAL INTERROGATORY NO. 2, and objections thereto, incorporated herein.

Without waiving said objections, the following information is provided: I own the Defendant $259,717 United States Currency and it was seized from my possession.

Dated: 26 October 2015

                                    Respectfully submitted,

                                    s/David M. Michael
                                    DAVID M. MICHAEL
                                    Law Offices of David M. Michael
                                    One Sansome Street, Suite 3500
                                    San Francisco, CA 94104
                                    Telephone: (415) 946-8996
                                    Facsimile:  (877) 538-6220
                                    david@davidmichaellaw.com

                                    Attorney for Claimant
                                    SCOTT MICHAEL LEWIS

**Exhibit B**

## VERIFICATION

The undersigned declares under penalty of perjury that he is the Claimant in the above-entitled matter, that he has read the foregoing Verified Responses and Objections of Claimant Scott Michael Lewis to Plaintiff's First Set of Special Interrogatories, that he knows the contents thereof, and that the same is true of his own knowledge.

Dated: 26 October 2015

*[signature]*
SCOTT MICHAEL LEWIS, Claimant

**Exhibit B**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 26 October 2015 a copy of the foregoing was served by email transmission and first class mail, postage prepaid, upon the following:

AUSA Eric Heimann
Office of the U.S. Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
Eric.Heimann@usdoj.gov

                                              s/David M. Michael
                                              DAVID M. MICHAEL
                                              Law Offices of David M. Michael
                                              One Sansome Street, Suite 3500
                                              San Francisco, CA 94104

**Exhibit B**