CHRISTOPHER A. CROFTS
United States Attorney
ERIC J. HEIMANN
C. LEVI MARTIN
Assistant United States Attorneys
District of Wyoming
P. O. Box 668
Cheyenne, WY 82003
(307) 772-2124
eric.heimann@usdoj.gov
Wyoming State Bar #6-4504
christopher.martin@usdoj.gov
Wyoming State Bar #6-3781

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14-cv-151-J |
| | ) | |
| **ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214VAND SERIAL NUMBER U206-1189, ET AL.** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO COMPEL
COMPLETE RESPONSES TO SPECIAL INTERROGATORIES**

COMES NOW Plaintiff, United States of America, by and through the United States Attorney for the District of Wyoming and C. Levi Martin, Assistant United States Attorney, and respectfully submits its reply in support of its motion to compel.

**Introduction**

Claimant's response provides nothing meaningfully new in terms of argument or case authority that is not already found in his objections to the special interrogatories themselves. Instead, he confuses the relevant question before this Court and he mischaracterizes the holdings and the procedural posture of the two out-of-circuit cases he relies upon (which did not address the scope of Supplemental Rule G(6) in the context presented here anyway).  He does this in the face of a variety of other court decisions (including one in this Circuit) which have thoughtfully considered the actual issue before this Court, and all of which have concluded that the United States' position is the correct one.  The United States' motion should be granted.

**Discussion**[1]

In summary, claimant's position is that once pleading standing is established, that is the end of the United States' opportunity under Supplemental Rule G(6) for inquiry as to his interest in the defendant properties.  This positon is contrary to even the plain language of the rule. Under Supplemental Rule G(6), the "government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave *at any time after the claim is filed and before discovery is closed*." (Emphasis added).  The rule describes the close of discovery as the cut-off, not the establishment of pleading standing. Indeed, it contemplates potential use of this discovery tool deep into the discovery process (after arguments of pleading standing would likely have been already litigated).

---

[1] As an initial matter, the formatting of claimant's response appears to be 1.5 spacing between lines.  This violates Local Rule 10.1 which requires double spacing, and it effectively violates the ten page maximum response as well.  *See* Local Rule 7.1(b)(C).  This is not the first time claimant appears to have violated these rules.  *See* Dkt. 43.

Further, although the special interrogatories are limited to questions regarding "claimant's identity and relationship to the defendant property[,]"[2] courts have repeatedly held that the rule allows the government to obtain more information than simply that which is required for standing under Rule G(5). Otherwise, Rule G(6) would be superfluous. *See United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (claimant's argument "is contrary to the text of Rule G(6)(a) itself" and such a "limited interpretation would make Supplemental Rule G(6)(a) superfluous"); *United States v. $2,051,660.00 in United States Currency*, 2008 WL 8723566 *1 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (D.Kan. 2008) ("the addition of Supplemental Rule G(6) phrase regarding 'claimant's identity and relationship to the defendant property' must allow more than a mere recitation of the information already required by Supplemental Rule G(5)"); *United States v. $307,970.00 in United States Currency*, 2013 WL 4095373 *3 (ORDER ON MOTION TO COMPEL ANSWERS) (E.D.N.C. 2013) ("claimants' argument that the government's motion to compel is improper where they claim to have sufficiently established standing for the pleading stage misses the mark"); *United States v. $209,815.00 in United States Currency*, 2014 WL 2959304 *2 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (N.D.Cal. June 30, 2014) (claimant's narrow interpretation "ignores the fact that the advisory committee's note to this rule contemplates that the government may seek information beyond the claimant's identity and type of property interest") (citations and internal quotations omitted).

Accordingly, the fact that the District Court found claimant had established standing at the pleading stage[3] is wholly irrelevant to his obligation to respond to the special interrogatories

---

[2] FED.SUPP.R. G(6).

[3] The District Court specifically recognized it may well "revisit the issue at later stages in the

posed because standing is an ongoing concern. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (standing must be supported with the manner and degree of evidence required at each successive stage of litigation).

The Seventh and Eighth Circuit cases relied upon by claimant provide him no refuge either. In the Seventh Circuit case, the court there reversed the district court's granting of summary judgment where the district court *did not* strike the claims and answers to special interrogatories for failure to respond, but rather "drew an adverse inference against the claimants" and found they had not demonstrated legitimate ownership. *United States v. $239,400.00 in United States Currency*, 795 F.3d 639, 641 (7th Cir. 2015). In line with the very definition of *dicta*,[4] the Seventh Circuit (in a footnote) simply cited the Eighth Circuit case and stated the district court *would have* abused its discretion *if* it had granted the motion to strike [for failure to comply with Rule G(6)]." *Id.* at 645, n.3 (emphases added). The United States is not even moving to strike at this point. It is seeking an order to compel responses. This Seventh Circuit case is not authority on point.

Likewise, in the Eighth Circuit case, the court held that special interrogatories were not necessary for a *portion* of the seized amount ($4,500.00) because the claimant alleged he had earned it through his employment and the United States had conceded statutory standing for that amount. *See United States v. $154,853.00 in United States Currency,* 744 F.3d 559, 564 (8th Cir. 2014). That case is obviously distinguishable from this one where the claimant has refused to provide any detailed information as to his relationship to the defendant properties and the United

---

litigation." *See* (Dkt. 26 at 7) (citation and internal quotations omitted).

[4] "Dicta" is defined as "opinions of a judge which do not embody the resolution or determination of the court" and are "not binding in subsequent cases." *Black's Law Dictionary* 408 (5th ed. 1979).

States has not conceded his standing as to them. Further, to the extent the decision could be construed as opining on the allowable scope of Rule G(6), it should be considered as wrongly decided and contrary to the multitude of decisions cited by the United States which provided a much more logical and thoughtful analysis of Rule G(6) in the specific context which is also before this Court.

Special interrogatories serve an important purpose of providing "an efficient means of testing the truthfulness of the Claimant's claim to have a real interest in the defendant property." *$307,970.00 in United States Currency*, 2013 WL 4095373 *3, quoting *United States v. $104,250 in United States Currency*, 947 F.Supp.2d 560, 563 (D.Md. 2013). This testing can be accomplished and still allow the government to preserve its allotted number of general interrogatories. *See* Advisory Committee Notes to Rule G(6) (2006) ("Special Interrogatories served under Rule G(6) do not count against the presumptive 25-interragotory limit established by Rule 33(a)"). The government is entitled to propound this discovery. This Court should grant the motion to compel complete responses.

DATED this 3rd day of December, 2015.

                                        CHRISTOPHER A. CROFTS
                                        United States Attorney

By:    /s/ *C. Levi Martin*
            C. LEVI MARTIN
            Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

It is hereby certified on the 3rd day of December, 2015, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL** was served upon the following, by the method(s) indicated below.

| | |
|---|---|
| David M. Michael<br>Law Offices of David Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |
| Jose Delaluz Bustos<br>Joe D. Bustos Law Office<br>400 East 20th Street<br>Cheyenne, WY 82001 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |

/s/ *Breanne Ramirez*
United Stated Attorney's Office