ERIC J. HEIMANN
Assistant United States Attorney
Wyo. Bar # 6-4504
P. O. Box 668, Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil No. 14-CV-00151-ABJ** |
| ) | |
| **One Cessna Airplane, Model Number** ) | |
| **TU-206, bearing Tail Number N6214V** ) | |
| **and Serial Number U206-1189,** ) | |
| **and $259,717 United States Currency,** ) | |
| ) | |
| **Defendant-Property.** ) | |
| ) | |
| **SCOTT MICHAEL LEWIS,** ) | |
| ) | |
| **Claimant.** ) | |
| ) | |

### GOVERNMENT'S MOTION TO CONTINUE SUPPRESSION HEARING AND REQUEST FOR SCHEDULING CONFERENCE

Claimant Scott Lewis has filed a motion to suppress evidence which alleges that two state-court search warrants were not supported by probable cause. (*See Mot. to Supp.*, Doc. 43.) The government opposes the motion and believes that the Claimant is not entitled to an evidentiary hearing because there are no disputed facts relevant to deciding the motion. (*Opposition to Supp. Mot.*, Doc. 45.) As part of an initial pretrial order and before receiving the Claimant's motion, this Court scheduled a suppression hearing for December 17, 2015. (Doc. 41.) The United States, by and through Assistant United States Attorney Eric Heimann, now respectfully requests that the December 17th hearing be continued and the Court set a scheduling

conference to determine what evidence—if any—must be presented at the suppression hearing and an appropriate date therefor.

Last week, the undersigned government's attorney contacted Claimant's local counsel who asked for time to consult with co-counsel regarding the Claimant's position on this motion to continue and what (if any) evidence he believed was required at the suppression hearing. The government agreed to wait until today before filing the motion; however, we have heard nothing further from Claimant's counsel and therefore do not know Claimant's position on this motion.

### 1. The affiant for the challenged search warrants is not available to testify on December 17th due to a medical condition.

In this civil *in rem* action, the United States seeks to forfeit the above-described Defendant-Airplane as a drug conveyance and the Defendant-Currency as drug money. (*See Verified Complaint*, Doc. 1 at 2-3.) The Defendant-Property was seized under authority of search warrants issued by a Wyoming circuit court judge based upon two identical affidavits from Cody police detective Ron Parduba. Due to a medical condition and surgery, Detective Parduba cannot travel to Cheyenne until February; therefore, he cannot testify at the scheduled hearing.

As stated in our opposition to the suppression motion, the government does not believe that the Claimant has made any definite or specific factual allegations which must be resolved to decide his motion. (*Opposition to Supp. Mot.* at 8.) Specifically, as relevant to any testimony from Detective Parduba, the Claimant has not challenged the authenticity of the warrants and supporting affidavits (which he included as exhibits to his motion), nor has the Claimant suggested that the affidavits contain any deliberate or reckless false statements. Therefore, the search warrant affiant's testimony is not required because the Court should decide the motion on the four-corners of the affidavit, and the December 17th hearing should be only for argument.

That said, this Court may choose to hear evidence before deciding the pending motion. *See United States v. Herrera*, 782 F.3d 571 (10th Cir. 2015) (court may grant evidentiary hearing even when defendant is not entitled to it). Therefore, if the Court wishes to hear testimony from the challenged search warrants' affiant, the suppression hearing must be continued to February and the government requests that this be done.

### 2. A scheduling conference should be held to determine who—if anyone—must testify at the suppression hearing.

The government respectfully requests that this Court hold a scheduling conference to determine the scope of the suppression hearing and identify any necessary witnesses. Without knowing what evidence the Claimant and the Court believe necessary or desirable to help decide the Claimant's motion, the government cannot reliably identify witnesses or coordinate with Claimant's counsel regarding potential hearing dates. Thus, a scheduling conference would promote judicial economy and help ensure that the suppression hearing is worthwhile.

Here is one example of how a scheduling conference would be helpful. A certified drug dog's alert to the Defendant-Airplane was part of the probable cause described in the search warrant affidavits. Although the Claimant offers no specific reason to doubt the dog's reliability, he suggests that he is entitled to an exploratory examination of records and the dog handler to investigate the dog's reliability during the suppression hearing. (*Mot. to Supp.* at 11, 15.) The government disagrees (*Opposition to Supp. Mot.* at 8-9) and currently does not intend to call the drug dog handler to testify. If the Court holds a scheduling conference, the parties will know the Court's position and can take appropriate action based on that information. The government believes that clearing up this kind of uncertainty prior to the hearing will result in a more complete record in support of whatever decision this Court makes on the motion.

WHEREFORE, for the reasons stated above, the government moves to continue the December 17, 2015, suppression hearing and requests a scheduling conference to determine the scope of the suppression hearing and an appropriate date therefor.

Dated this 8th day of December, 2015.

>Respectfully submitted,
>CHRISTOPHER A. CROFTS
>United States Attorney

By:   */s/ Eric J. Heimann*
>ERIC J. HEIMANN
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

It is hereby certified on the 9th day of December, 2015, a true and correct copy of the foregoing **GOVERNMENT'S MOTION TO CONTINUE SUPPRESSION HEARING AND REQUEST FOR SCHEDULING CONFERENCE** was served upon the following.

| | |
|---|---|
| David M. Michael<br>Law Offices of David M. Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104 | [X] Electronic Filing<br>[ ] U.S. Mail -- postage prepaid<br>[ ] U.S. Mail -- certified<br>[ ] Hand delivery |
| Joe D. Bustos<br>400 E 20th Street<br>Cheyenne, WY 82001 | [X] Electronic Filing<br>[ ] U.S. Mail -- postage prepaid<br>[ ] U.S. Mail -- certified<br>[ ] Hand delivery |

>*/s/ Eric Heimann*
>United Stated Attorney's Office