# United States District Court

## For The District of Wyoming

**FILED**



*4:43 pm, 12/9/15*

**U.S. Magistrate Judge**

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

ONE CESSNA AIRPLANE, MODEL
NUMBER TU-206, BEARING TAIL
NUMBER N6214V AND SERIAL
NUMBER U206-1189, ET AL.,

        Defendants.

Civil No. 14-CV-151-ABJ

---

## ORDER GRANTING UNITED STATES' MOTION TO COMPEL COMPLETE RESPONSES TO SPECIAL INTERROGATORIES [DOC. 44]

This matter is before the Court on the Government's Motion to Compel Complete Responses to Special Interrogatories [Doc. 44]. The Court having carefully considered the Motion, Response, and Reply, and being fully advised in the premises, FINDS:

### BACKGROUND

This case is originally before the Court on the Government's Verified Complaint for Forfeiture *In Rem* filed after Plaintiff seized One Cessna Airplane, Model Number TU-206 and $259,717 in United States Currency (Defendant Property) in connection with a criminal investigation suggesting the Defendant Property was utilized in illegal drug trafficking. Verified Complaint for Forfeiture *In Rem* 9-10, Aug. 1, 2014, ECF No. 1. Following the seizure of the Defendant Property, Scott Lewis (Claimant) filed two Verified Claims Opposing Forfeiture, asserting an ownership and possessory interest in the Defendant

Property. *See* Verified Claim of Scott Lewis Opposing Forfeiture 1, Sept. 3, 2014, ECF No. 9. The Government subsequently filed a motion to strike Claimant's claims, arguing Claimant "failed to adequately identify both the specific property claimed and his interest in the Defendant Property."  Mot. to Strike Claim and Answer of Claimant Scott Michael Lewis for Failure to Comply with Supplemental Rule G 2, Oct. 31, 2014, ECF No. 19. The Court denied the Government's Motion to Strike, holding Claimant had statutory standing and constitutional standing to maintain his claim to the Defendant Property at the pleading stage. Order Den. Pl.'s Mot. to Strike Claim 4, 6, Dec. 4, 2014, ECF No. 26. However, the Court reserved judgment on standing at later stages in the case. *Id.* Following the Court's denial of the Government's Motion to Strike, the case was ultimately stayed until September 8, 2015. *See* Order Granting Mot. to Stay and Vacating Initial Pretrial Conference 4, Dec. 4, 2014, ECF No. 27; Order 1, Mar. 5, 2015, ECF No. 30; Order Granting Mot. to Continue Stay 1, July 10, 2015, ECF No. 38.

After the stay was lifted, the Government served Claimant with six special interrogatories under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking "the claimant's identity and relationship to the [D]efendant [P]roperty." United States' Mot. to Compel Complete Resps. to Special Interrogs. 2, Nov. 13, 2015, ECF No. 44.  Claimant's counsel objected to several of the special interrogatories on the basis that the interrogatories exceeded the scope of Supplemental Rule G(6). *Id.* at 3. Subsequently, the Government filed a Motion to Compel Claimant's responses. *Id.*

### THE GOVERNMENT'S MOTION TO COMPEL COMPLETE RESPONSES TO SPECIAL INTERROGATORIES [DOC. 44]

In its Motion, the Government argues Claimant must respond to the special interrogatories because the broad language of Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions permits the Government to gather additional details related to Claimant's relationship with the Defendant Property. *Id.* at 5 (citing *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012)). The Government further asserts principles of statutory interpretation and the drafter's intent require Claimant's responses to the special interrogatories because Rule G(5)(a)(i)(B) already requires Claimant to identify his interest in the property. *Id.* at 5-6. Finally, the Government refutes Claimant's position that Rule (G)(6) interrogatories are improper when standing has previously been established in the case, arguing that the issue of standing proceeds throughout the case. *Id.* at 6 (citing *United States v. $307,970.00 in U.S. Currency*, 2013 WL 4095373 *3 (E.D.N.C. 2013)).

### CLAIMANT'S RESPONSE [DOC. 46]

In response to the Government's Motion, Claimant suggests Rule G(6) applies only to his Article III standing and does not require him to answer additional interrogatories from the Government because Article III standing has already been established. Claimant's Resp. to United States' Mot. to Compel Complete Resps. to Special Interrogs. 2-3, 6-7, Nov. 27, 2015, ECF No. 46. Specifically, Claimant argues he cannot be forced to prove legitimate ownership of the Defendant Property through Rule G(6) interrogatories because doing so would require him to argue the merits of the case, not standing as contemplated by the rule. *Id.* at 5. Claimant also argues responses to the Government's special interrogatories are

unnecessary because Plaintiff has asserted ownership to establish standing, rather than a mere possessory interest. *Id.* at 9.

## PLAINTIFF'S REPLY [DOC. 47]

In its Reply, the Government reasserts Rule G(6) requires Claimant's response to the special interrogatories because Rule G(6) is a device to be used beyond the establishment of standing. United States' Reply in Support of its Mot. to Compel Complete Resps. to Special Interrogs. 2, Dec. 3, 2015, ECF No. 47. The Government claims "the fact that the District Court found [C]laimant had established standing at the pleading stage is wholly irrelevant to his obligation to respond to the special interrogatories posed because standing is an ongoing concern." *Id.* at 4. The Government then distinguishes authority relied on by Claimant, noting that the issue before the Court in this case is whether to compel responses to special interrogatories, not whether to strike those responses. *Id.* at 4-5.

## RELEVANT LAW

The issue before the Court is whether Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rule G(6)) requires Claimant to provide additional information regarding his relationship with the Defendant Property to the Government. The Court is not determining whether Claimant has adequately established standing to maintain his claim. *See United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 641 (7th Cir. 2015) ("But rather than striking the claims . . . the district court drew an adverse inference against the claimants with respect to standing); *United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar CA, Trinity Cnty.*, 787 F.3d 968, 975 (9th Cir. 2015) (holding "noncompliance with Rule G(6)" does not amount to "a per se . . . standing defect."). However, because information regarding standing is the focus of Rule

4

G(6) special interrogatories, the Court will discuss the rule and standing. F.R.C.P. Supp. R.

for Admiralty or Mar. Claims & Asset Forfeiture Actions G(6)(a).

Rule G(6)(a) provides "[t]he government may serve special interrogatories limited to

the Claimant's identity and relationship to the defendant property without the court's leave at

any time after the claim is filed and before discovery is closed." *Id.* at advisory committee's

note subdivision (6). These special interrogatories do not count against the twenty-five

interrogatory limit established by Rule 33 of the Federal Rules of Civil Procedure and "are

limited to the claimant's identity and relationship to the defendant property." *Id.*

Furthermore, while Article III standing[1] is required in all cases, Rule G(6) requires a

claimant to also establish procedural statutory standing[2] by proving he or she has (1) filed a

timely claim and answer, (2) the claim is properly verified, and (3) identified himself or

herself and an interest in the property. *Funds in the Amount of $239,400*, 795 F.3d at 643.

Inherently, if a claimant fails to meet either standing requirement at any time, the

government may move to strike the claim. F.R.C.P. Supp. R. for Admiralty or Mar. Claims

& Asset Forfeiture Actions G(8)(c)(i).

Numerous courts have held Rule G(6) requires Claimant to provide additional

information relating to standing as the case proceeds. In *United States v. $133,420.00*, the

claimant similarly argued special interrogatories issued by the Government were outside of

the scope of Rule G(6). 672 F.3d 629, 642 (9th Cir. 2012). Ultimately, the Ninth Circuit

---

[1] Article III standing requires (1) an injury in fact, (2) a "causal connection between the injury and the conduct complained of," and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).

[2] The Court notes the Supreme Court has cautioned against the use of the term "statutory standing." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014). However, because appellate courts have continued to use statutory standing in this context, the Court adopts the term in this case.

determined that such an argument is contrary to Rule G(6), noting that the broad text of Rule G(6) allows the Government to inquire into the claimant's relationship with the defendant property.[3] *Id.* The court also found that because Supplemental Rule G(5) already requires a claimant to "identify the claimant and state the claimant's interest in the property, Rule G(6) would be superfluous unless Rule G(6) allowed the Government to seek additional information.[4] *Id.* at 643.

Additionally, in *United States v. $104,250.00 in U.S. Currency*, the court held "the Government is entitled to serve the Claimant with special interrogatories pursuant to Rule G(6) inquiring into her identity and the circumstances surrounding her acquisition of the seized currency." In that case, the claimant attempted to establish standing by baldy asserting she had an ownership and possessory interest in the currency seized and that the currency was derived from personal investments. 947 F. Supp. 2d 560, 563 (D. Md. 2013). After noting the legislators behind Rule G(6) "intended the special interrogatories to provide an efficient means of testing the truthfulness of the Claimant's claim to have a real interest in the defendant property," vague claims of ownership would "require multiple rounds of interrogatories as the Government attempts to zero in on the facts asserted to establish standing to contest the forfeiture," and "the Government needs to use the special

---

[3] The difference between this case and the present case, as noted by Claimant, is that the *$133,420.00* case involved a possessory interest rather than an ownership interest. *$133,420.00*, 672 F.3d at 643 ("[A] claimant seeking to establish standing on the basis of a possessory interest must explain the circumstances of that possession."). However, several district courts have applied this standard to ownership interests. *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 563 (D. Md. 2013); *United States v. $209,815 in U.S. Currency*, No. C 14-0780 SC, 2014 WL 2959304, at *2 (N.D. Cal. June 30, 2014); *United States v. $307,970.00 in U.S. Currency*, No. 4:12-CV-136-FL, 2013 WL 4095373, at * (E.D.N.C. Aug. 13, 2013).

[4] Rules of statutory interpretation provide no provision shall be deemed completely redundant. *Kungys v. United States*, 485 U.S. 759, 778 (1988).

interrogatories to test the Claimant's assertion that she is the true owner of the defendant property," the court ruled in favor of the government. *Id.*

The Ninth Circuit, in *United States v. Real Property Located at 17 Coon Creek Road, Hawkins Bar CA, Trinity County*, examined the *$104,250.00* decision, noting:

> The court's discussion in *$104,250.00* simply illustrates the unremarkable proposition that Rule G(6) interrogatories may be necessary to ascertain whether a claimant's interest is sufficient to establish his statutory standing to contest a forfeiture, particularly when the claim itself offers little explanation of the claimant's connection to the property.

787 F.3d at 979 (9th Cir. 2015). Accordingly, if the focus of the Rule G(6) special interrogatories is to obtain information related to a claimant's vague asserted ownership *or* possessory interest in the defendant property, the Court may compel an answer from Claimant. *See also United States v. $209,815 in U.S. Currency*, No. C 14-0780 SC, 2014 WL 2959304, at *2 (N.D. Cal. June 30, 2014) ("Claimant's position ignores the fact that 'the advisory committee's note to this rule contemplates that the government may seek information beyond the claimant's identity and type of property interest.'"); *United States v. $307,970.00 in U.S. Currency*, No. 4:12-CV-136-FL, 2013 WL 4095373, at * (E.D.N.C. Aug. 13, 2013) (holding that special interrogatories under Rule G(6) relating to how the claimant acquired the defendant property must be answered by the claimant).

In contrast, Claimant relies on law demonstrating Claimant, by asserting an ownership and possessory interest in the property, has sufficiently established standing at this stage of the proceedings which subsequently bars the Government from utilizing Rule 6(G) special interrogatories. Claimant's Resp. to United States' Mot. to Compel Complete Resps. to Special Interrogs. 2-3. In *United States v. Funds in the Amount of $239,400*, the Seventh Circuit held satisfying the procedural requirements of Rule G was all that was required to

establish statutory standing and that a claimant did not need to prove "legitimate ownership" through special interrogatories to prove standing at the summary judgment stage. 795 F.3d 639, 645 (7th Cir. 2015). Furthermore, the Eighth Circuit, in *United States v. $154,853 in U.S. Currency*, determined that a claimant indicating an ownership interest in $4,500 stemmed from his employment sufficiently established standing and did not require further explanation under Rule G(6). 744 F.3d 559, 564 (8th Cir. 2014). However, it is notable that in the same case, the court affirmed the district court's decision to strike the claimant's vague assertion of interest in the remaining $150,353.00. *Id.*

### RULING OF THE COURT

The dispute between the parties focuses on the ambiguous assertion of an ownership and possessory interest in the Defendant Property by Claimant. Specifically, Claimant "claims an ownership and a possessory interest in, and the right to exercise dominion and control over, all or part of the [D]efendant [P]roperty." Verified Claim of Scott Lewis Opposing Forfeiture 1. The Government argues it needs more information about the ownership and possessory interest to challenge standing following the pleading stage. Claimant argues he has already done enough to establish standing at this stage of the proceedings with his claim and the Government is not entitled to more information. Claimant also suggests providing additional information forces him to litigate the merits of the case, not standing. Based on the case law stemming from the Ninth Circuit, numerous district courts around the country, and principles of statutory interpretation, the Court finds the Government is entitled to the information sought in its Rule G(6) special interrogatories.

The overriding interpretation of Rule G(6) provides the Government is entitled to additional specificity to conduct a standing analysis when a claim vaguely asserts an

ownership or possessory interest. In a similar case, the Ninth Circuit dismissed Claimant's argument that the special interrogatories go beyond the scope of Rule G(6), stating Rule G(6) would be impermissibly superfluous if it did not allow the Government to discover information beyond what is provided in Rule G(5). *$133,420.00*, 672 F.3d at 643. Such logic is persuasive here. Rule G(5) already requires Claimant to identify the property claimed and his interest in the property. F.R.C.P. Supp. R. for Admiralty or Mar. Claims & Asset Forfeiture Actions G(5)(a). Thus, under principles of statutory interpretation, Rule G(6) must allow the Government to extract information beyond what is required in Rule G(5), that is the Government is entitled to more than a mere identification of Claimant's interest in the specific property. *Kungys*, 485 U.S. at 778.

Similarly, as discussed in *$104,250.00 in U.S. Currency* and supported in *Real Property Located at 17 Coon Creek Road, Hawkins Bar CA, Trinity County*, the Government needs Rule G(6) special interrogatories in order to determine whether to challenge standing as the case proceeds. As was the case in *$104,250.00 in U.S. Currency*, Claimant in this case has simply claimed an ownership and possessory interest in the property.  947 F. Supp. 2d at 563. Based on this vague assertion, the Government lacks any additional facts to test the validity of Claimant's Claims and thus cannot ensure Claimant is the true owner of the property and not a courier for a third party. *Id.* Furthermore, as standing may be challenged at any time throughout the case, it is proper to grant the Government's request. *Lujan*, 504 U.S. at 561-62.

The Government's use of Rule G(6) special interrogatories to obtain more specific information about Claimant's relationship with the Defendant Property has also been affirmed by *$154,853 in U.S. Currency*, an Eighth Circuit case relied on by Claimant.

Claimant correctly asserts that the claimant's assertion in that case that his ownership interest in $4,500 stemmed from his employment sufficiently established standing and did not require further explanation under Rule G(6). 744 F.3d at 564. However, the court in *$154,853 in U.S. Currency* did affirm the lower court's decision to strike the claimant's vague assertion of ownership regarding the remaining $150,353.00. *Id.* Thus the persuasive precedent is clear: a claimant's vague assertion of an ownership or possessory interest entitles the Government to use Rule G(6) special interrogatories to discover information about that interest regardless of whether the interest is legitimate or illegitimate.

If the Government in this case were requiring Claimant to prove "legitimate ownership" with its special interrogatories to demonstrate standing, Claimant's position suggesting that the Government is forcing him to litigate the merits would be correct. *Funds in the Amount of $239,400*, 795 F.3d at 643. The Seventh Circuit ruled that it was impermissible for the Government to impose an additional standing requirement— "legitimate ownership"—through Rule G. *Id.* That is not what the Government seeks to do in this case. What the Government seeks to do is gather more information regarding Claimant's ownership of the Defendant Property in order to determine whether standing, as proscribed by the supplemental rules and Article III, is proper. Without information beyond Claimant's naked assertion of ownership and a possessory interest, the Government cannot meaningfully test the validity of Claimant's claim. *$104,250.00 in U.S. Currency*, 947 F. Supp. at 563.

Additionally, unlike the cases cited by Claimant, the Government is not moving to strike Claimant's claims or arguing Claimant lacks standing in its Motion to Compel. The Government is merely seeking additional information to ensure Claimant has an ownership

interest in the property. While Claimant argues his blanket assertions of an ownership and possessory interests in the Defendant Property are enough to maintain standing in the case, he gives the Government little opportunity to test his credibility regarding those interests. Therefore, the Court holds Claimant must respond to the Government's special interrogatories under Rule G(6).

### CONCLUSION

The Court finds the Government is entitled to the information sought in its Rule G(6) special interrogatories. While the Government "may or may not succeed on the merits[,] . . . that is a different matter." *Funds in the Amount of $239,400*, 795 F.3d at 645. At this point in the proceedings, the Government is entitled to more information regarding Claimant's relationship with the defendant property to determine whether to challenge Claimant's standing. *Id.* at 642 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)). Claimant is not asked to prove "legitimate ownership" as rejected by the Seventh Circuit, but is asked to provide the Government with more information regarding ownership to ensure the Government may actually test Claimant's vaguely asserted ownership in the Defendant Property.

NOW, THEREFORE, IT IS ORDERED that the United States' Motion to Compel Complete Responses to Special Interrogatories is GRANTED.

IT IS FURTHER ORDERED Claimant shall answer the Government's six special interrogatories within twenty-one (21) days.

Dated this 9th day of December, 2015.

_____

Kelly H. Rankin
U.S. Magistrate Judge