CHRISTOPHER A. CROFTS
United States Attorney
ERIC J. HEIMANN
C. LEVI MARTIN
Assistant United States Attorneys
District of Wyoming
P. O. Box 668
Cheyenne, WY 82003
(307) 772-2124
eric.heimann@usdoj.gov
Wyoming State Bar #6-4504
christopher.martin@usdoj.gov
Wyoming State Bar #6-3781

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  **14-cv-151-J** |
| | ) | |
| **ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL.** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE TO CLAIMANT'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER COMPELLING COMPLETE RESPONSES TO SPECIAL INTERROGATORIES**

COMES NOW Plaintiff, United States of America, by and through the United States Attorney for the District of Wyoming and C. Levi Martin, Assistant United States Attorney, which hereby responds to claimant's motion for reconsideration (Dkt. 52) of Magistrate Judge Rankin's Order Compelling Complete Responses to Special Interrogatories (Dkt. 49).

**Introduction**[1]

The issue is rather simple. Does Supplemental Rule G(6), which authorizes special interrogatories to be served by the government "*at any time* after the claim is filed and before discovery is closed[,]" allow for inquiries designed to elicit more information than that which is already required by Supplemental Rule G(5)? (Emphasis added). Magistrate Judge Rankin held that "[b]ased on the case law stemming from the Ninth Circuit, numerous district courts around the country, and principles of statutory interpretation . . . the Government is entitled to the information sought in its Rule G(6) special interrogatories." (Dkt 49 at 8). The claimant, in his motion to this Court, provides nothing new in terms of legal argument or authority. Rather, he continues to cling to *dicta* from cases in the Seventh and Eighth Circuits and argues Magistrate Judge Rankin was just wrong. This Court's review of the text from the rule, the *relevant* cases, and statutory construction principles will undoubtedly lead it to the conclusion that the Magistrate Judge's order was legally sound and procedurally warranted. This Court should deny claimant's motion for reconsideration and order claimant to provide complete responses to the special interrogatories immediately.

**Procedural History**

On August 1, 2014, the United States initiated this action by filing a Verified Complaint for Forfeiture *In Rem.* (Dkt. 1). On September 3, 2014, claimant Scott Lewis filed two[2]

---

[1] As an initial matter, this Court should deny claimant's motion outright for repeatedly violating our local rules regarding length of briefs for non-dispositive matters. Local Rule 7.1(b)(1)(C) states that "[b]riefs in support of and in opposition to all non-dispositive motions are limited to a maximum of ten (10) pages." Local Rule 10.1(a) requires all filings to be double spaced. Claimant's brief for reconsideration is fourteen (14) pages and the line spacing is 1.5 (making the page limitation violation even more egregious). This is not the first time claimant has violated these rules. *See* Dkt. 43 & 46. Despite the United States having pointed out these violations for claimant (Dkt. 47 at 2, n.1), he continues to flout the rules.

identical verified claims of "ownership and a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." (Dkt.'s 9 & 10).

On October 31, 2014, the United States filed a motion to strike claimant's claim alleging he lacked standing because he had "failed to adequately identify both the specific property claimed and his interest in the Defendant-Property as required by Supplemental Rule G(5)." (Dkt. 19 at 2). Claimant opposed the motion, in part chastising the United States for moving to strike under Rule G(5) instead of utilizing the "powerful tool" of special interrogatories under Rule G(6).[3] (Dkt. 21 at 6). This Court denied the motion to strike (finding claimant met the pleading stage standing requirements), yet it expressly stated the finding did not mean the Court "may not revisit the issue at later stages in the litigation." (Dkt. 26 at 7) quoting *United States v. $148,840.00*, 521 F.3d 1268, 1278 (10th Cir. 2008) (internal quotations omitted).

The civil matter was subsequently stayed for several months while a parallel criminal investigation proceeded. The stay expired on September 8, 2015. (Dkt. 38). On October 5, 2015, the United States served six "special interrogatories" pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions which authorizes interrogatories concerning "the claimant's identity and relationship to the defendant property." *See* (Dkt 44-1) (United States' Special Interrogatories). Claimant provided his responses on October 26, 2015. However, other than providing some personally identifying information and restating that he was the owner of the defendant properties, claimant provided no substantive responses regarding his relationship to them. *See* (Dkt. 44-2) (claimant's

---

[2] One claim was for the defendant currency, and the other claim was for the defendant airplane.

[3] The characterization of Rule G(6) special interrogatories as being a "powerful tool" when responding to that motion is rather inconsistent with the position taken now, that the government cannot use them to obtain any information other than that which is required to satisfy the Rule G(5) pleading requirements.

3

responses). Instead, claimant's counsel objected, stating that the interrogatories exceeded the limited scope of Supplemental Rule G(6). See id.

The United States filed its motion to compel, which Magistrate Judge Rankin granted on December 9, 2015. (Dkt. 49). Claimant then filed the present motion for this Court's reconsideration of Magistrate Judge Rankin's order.

**Standard of Review**

Local Rule 74.1(a) allows a district judge to set aside any portions of a magistrate judge's order only if it is "found to be clearly erroneous or contrary to law." See also FED. R. CIV. P. 72(a) ("the district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law"); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Id*.

The "contrary to law" standard permits plenary review as to legal issues. See *Practice & Procedure with Regard to Nondispositive Matters*, 12 Wright & Miller Fed. Prac. & Proc. Civ. § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").

**Discussion**

Rule G(6) of the Supplemental Rules authorizes special interrogatories concerning "the claimant's identity and relationship to the defendant property [to be served by the government] at any time after the claim is filed and before discovery is closed." The purpose of the rule is to allow the Government to gather information relating to a claimant's standing, as discussed in the Advisory Committee Notes. *See* Advisory Committee Notes to Rule G(6) (2006) ("It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing") (emphasis added).

In response to the special interrogatories propounded, claimant objected based on his position that once he asserted ownership and possession of the defendant property then special interrogatories are no longer necessary and he no longer had an obligation to respond to them. *See* (Dkt. 44-2 at 4-6). Claimant relied principally upon a case from the Seventh Circuit[4] and a case from the Eighth Circuit[5] for support, and he continues to rely upon them for the instant motion. *See* (Dkt. 44-2 at 4-6); *see also* (Dkt. 52 at 5). However, as the Magistrate Judge observed, claimant's cited cases are not on point. *See* (Dkt. 49 at 10) ("unlike the cases cited by Claimant, the Government is not moving to strike Claimant's claims or arguing Claimant lacks standing in its Motion to Compel"). Indeed, the Magistrate Judge noted that even the Eighth Circuit case relied on by claimant provided persuasive precedent that "a claimant's vague assertion of an ownership or possessory interest entitles the Government to use Rule G(6) special interrogatories to discover information about that interest[.]" (Dkt. 49 at 10).

---

[4] *United States v. Funds in the Amount of $239,400.00*, 795 F.3d 639, 641 (7th Cir. 2015).

[5] *United States v. $154,853.00 in United States Currency,* 744 F.3d 559, 564 (8th Cir. 2014).

In sharp contrast to claimant's cited cases, the following cases are directly on point and convincingly demonstrate that the United States' position is the correct one.

In *United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 642 (9th Cir. 2012), the Ninth Circuit Court of Appeals rejected the exact argument made by claimant in this case.[6] The claimant in that case invited the court to interpret Supplemental Rule G(6)(a) narrowly by arguing that "because a claimant can establish standing merely by asserting an interest in the property, and because the advisory committee's note to Supplemental Rule G(6) limits the interrogatories to questions 'bearing on a claimant's standing,' it follows that Rule G(6) allows only questions regarding the identity of the claimant and the type of legal interest asserted." *Id.* In lock step with the argument here, the claimant in the Ninth Circuit case asserted "the rule does not allow the government to pose any questions about the circumstances in which the claimant obtained an interest in the property, and the government's interrogatories here were well beyond the scope of Rule G(6)." *Id.*

The Ninth Circuit rejected the argument "because it is contrary to the text of Rule G(6)(a) itself, which broadly allows the government to collect information regarding the claimant's relationship to the defendant property" and "contemplates that the government may seek information beyond the claimant's identity and type of property interest[.]" *Id.* (internal quotations omitted). "Furthermore, [the] limited interpretation would make Supplemental Rule G(6)(a) superfluous because Supplemental Rule G(5)(a)(i)(B) already requires the verified claim to 'identify the claimant and state the claimant's interest in the property.'" *Id.* at 643. "It is a 'cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant.'" *Id.,* quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir.

---

[6] Notably, counsel for the claimant in the Ninth Circuit case was the same as in this one.

2003) quoting *Kungys v. United States*, 485 U.S. 759, 778 (1988) (additional internal quotations omitted).

Despite this binding precedent, the same failed arguments were presented to the Northern District of California two years later. *See United States v. $209,815.00 in US Currency*, 2014 WL 2959304 *2 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (N.D.Cal. June 30, 2014) ("Claimant argues because the scope of Supplemental Rule G(6) is limited to information bearing on Claimant's standing, and his responses to Plaintiff's special interrogatories and verified claim are sufficient to establish his standing at this stage, any further discovery necessarily exceeds the scope of the Rule"). In that case, the government sought essentially the same information which was requested via special interrogatories in this one. *See id.* at *1 (requesting information regarding "circumstances of acquiring the currency, (2) records relating to the currency, (3) the source of the currency, (4) facts supporting Claimant's claims of ownership and possessory interests in the currency, and (5) the identity of persons having knowledge of Claimant's interest in the currency"). The District Court, citing the Ninth Circuit case above[7] (and others discussed below), rejected claimant's argument and granted the United States' motion to compel answers to the special interrogatories. *Id.* at *2-3; *see also United States v. Approximately $750,000 in US Currency*, 2011 WL 6155687 (ORDER ON VARIOUS MOTIONS) (S.D.N.Y. Dec. 8, 2011) (Government may use special interrogatories to ask the basis for the claim of ownership; the source of the defendant currency; the identity of any

---

[7] Interestingly, the claimant in this case argues the holding in *$133,420.00* was *dicta*. *See* (Dkt. 52 at 11-13). Yet, he also states that the District Court in the *$209,815.00* case only came to its conclusion because "it felt bound by *$133,420.00's* dicta, since N.D. Cal. is in the Ninth Circuit." (Dkt. 52 at 2). As this Court knows, lower courts are not bound by *dicta*. *See United States v. Villarreal-Ortiz,* 553 F.3d 1326, 1328, n.3 (10th Cir. 2009) (*dicta* is not binding). Accordingly, the only reasonable explanation for why the Northern District would feel "bound" by the Ninth Circuit's decision is if the holding *was not* dicta.

person or document supporting the claim; and claimant's sources of income, tax records, criminal history and past participation in civil lawsuits).

In *United States v. $307,970.00 in United States Currency*, 2013 WL 4095373 *3 (ORDER ON MOTION TO COMPEL ANSWERS) (E.D.N.C. 2013), the District Court held "claimants' argument that the government's motion to compel is improper where they claim to have sufficiently established standing for the pleading stage misses the mark." The District Court specifically acknowledged that "[w]hile the Article III standing requirement may be undemanding at the pleading stage . . . , the law is clear that standing is not an issue only at the pleading stage." *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (standing must be supported with the manner and degree of evidence required at each successive stage of litigation). The District Court granted the United States' motion to compel complete responses for the interrogatories which it found to be within the scope of Supplemental Rule G(6). *Id.* at *5.

In *United States v. $104,250 in United States Currency*, 947 F.Supp.2d 560, 563 (D.Md. 2013), the Court held special interrogatories under Rule G(6) "provide an efficient means of testing the truthfulness of the Claimant's claim to have a real interest in the defendant property." It further acknowledged the problem with the obstreperous tactics at play in this case, that "the vagueness of the claim will require multiple rounds of interrogatories as the Government attempts to zero in on the facts asserted to establish standing to contest the forfeiture. That is the very antithesis of the focused inquiry that the drafters intended and that the interests of justice require." *Id.*

In *United States v. $2,051,660.00 in United States Currency*, 2008 WL 8723566 *1 (ORDER GRANTING UNITED STATES' MOTION TO COMPEL ANSWERS) (D.Kan. 2008), the District Court judge granted the United States' motion to compel answers to special interrogatories,

holding that "since Supplemental Rule G(5) already requires a claimant to give his name, address and to state ownership interest in the seized property, the addition of Supplemental Rule G(6) phrase regarding 'claimant's identity and relationship to the defendant property' must allow more than a mere recitation of the information already required by Supplemental Rule G(5)."

The plain text of the rule, the advisory committee notes, the principles of statutory construction, and the overwhelming number of decisions which have analyzed this issue in this specific context demonstrate the United States is entitled to obtain the information requested by using Supplemental Rule G(6) as the tool. The Magistrate Judge's decision was neither "clearly erroneous" nor "contrary to law." Accordingly, the order to compel should be upheld and claimant Lewis should be required to provide complete responses to the special interrogatories propounded by the United States within seven days of this Court's order.

DATED this 5th day of January, 2016.

>                               CHRISTOPHER A. CROFTS
>                               United States Attorney
>
>                       By:     /s/ *C. Levi Martin*
>                               C. LEVI MARTIN
>                               Assistant United States Attorney

## CERTIFICATE OF SERVICE

It is hereby certified on the 5th day of January, 2016, a true and correct copy of the foregoing **UNITED STATES' RESPONSE TO CLAIMANT'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER COMPELLING COMPLETE RESPONSES TO SPECIAL INTERROGATORIES** was served upon the following, by the method(s) indicated below.

| | |
|---|---|
| David M. Michael<br>Law Offices of David Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |
| Jose Delaluz Bustos<br>Joe D. Bustos Law Office<br>400 East 20th Street<br>Cheyenne, WY 82001 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |

/s/ *Breanne Ramirez*
United Stated Attorney's Office