DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:    (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:    (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>    Plaintiff,  <br><br>v.  <br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and  <br><br>$259,717 United States Currency,  <br><br>    Defendants,  <br><br>SCOTT MICHAEL LEWIS,  <br><br>    Claimant. | **Civil Case No.: 2:14-cv-00151-ABJ** |

**Claimant's Reply re: Reconsideration of Magistrate's Order Requiring Further Responses to Limited Rule G(6) Interrogatories**

Claimant Scott Michael Lewis hereby replies to the government's Response to Claimant's Motion for Reconsideration of Magistrate Judge's Order Compelling Complete Responses to Special Interrogatories (Doc. 53).

**1.   This Court Reviews The Present Legal Issue De Novo**

Initially, the government creatively frames the "Standard of Review" so as to suggest that Lewis needed to show a "clear" error by the magistrate before reconsideration is appropriate. Yet as the government concedes, as an afterthought, Lewis needs only show that the order was "contrary to law", meaning that this Court conducts a "plenary review as to legal issues", otherwise known as *de novo* review.

The issue sought to be reconsidered here is simple and it is indeed a legal issue - if a claimant has established Article III standing and provided identifying information in his responses to Rule G(6) interrogatories, must he still provide further responses to those Rule G(6) interrogatories to show that his ownership is "legitimate", i.e. not subject to forfeiture? The answer is no. *See U.S. v. Funds in the Amount of $239,400*, 795 F.3d 639, 645 n3 (7th Cir. 2015) (once claimant establishes standing, no further Rule G(6) responses are required); *U.S. v. $154,853 in U.S. Currency*, 744 F.3d 559, 563-564 (8th Cir. 2014) (same).

The present issue is a legal issue, so no "clear error" is required, this Court simply visits the issue anew.

**2.   The Government Sidesteps Meaningful Discussion With Fallacies**

In his motion, Lewis identified the specific points where the magistrate was wrong on the law and wrong with its legal reasoning. Doc. 52 at 2-5. The government fails to meaningfully dispute any of Lewis' points of critique, and instead points to red herrings.

First, Lewis noted (and explained how) that the Rule G(6) discussion in *U.S. v. $133,420.00,* 672 F.3d 629, 642 (9th Cir. 2012) was dicta and based on flawed reasoning. Doc. 52 at 12-13. Rather than address Lewis' critique of *$133,420's* Rule G(6) language, the government merely touts *$133,420* as "binding precedent" and disputes that *$133,420's* Rule G(6) language was dicta by noting that a district court in the Ninth Circuit felt bound by it.

The government thus says that this Court should not bother thinking about the issue too much, it should just assume that *U.S. v. $209,815.00*, 2014 WL 2959304 *2 (N.D. Cal. 2014) was correct to find it binding. Thereby, the government misses the point, because while Lewis maintains that *$133,420's* Rule G(6) language is dicta and disagrees with *$209,815's* decision in

that regard, the label is irrelevant here - *$133,420* does not bind this Court <u>in any event</u>. What matters is whether *$133,420's* Rule G(6) holding is persuasive, and whether it is persuasive over *$239,400's* opposite holding, such that this Court sides with one view over the other.

### A.   Possessory v. Ownership Interest, *$133,420's* Flawed Superfluous Reasoning

The government offers no meaningful buttressing of *$133,420,* nor retort to Lewis's critique of that panel decision, and the government merely quotes *$133,420's* finding that Rule G(6) is rendered superfluous if a claimant can satisfy Rule G(6) with a statement that he owned property seized from him.[1] Doc. 53 at 6.

Yet, as Lewis explained, Rule G(6) is not rendered superfluous by *$239,400*'s view, because not all claimants have had the defendant property taken from them, thus the government does not always admit in its complaint that the claimant has an association with the property. Moreover, a claimant can satisfy Rule G(5)'s pleading requirements with a statement that he has a mere possessory interest in defendant property. In such a case, "the interrogatories can inquire into the bailor's interest in the property and the bailee's relationship to the bailor." *See* Advisory Committee Note to Rule G(6). The government does not discuss or dispute this.

Indeed, when a claimant claims an ownership interest, as opposed to a mere possessory interest, a different legal standard applies (as discussed previously). *See* Doc. 52 at 10-11; *U.S. v. $999,830.00*, 704 F. 3d 1042, 1043 (9th Cir. 2012) ("The district court erred [ ] by applying the standard of proof for a claimant asserting a possessory, rather than an ownership, interest in property. … A claimant asserting a mere possessory interest must do more, and explain their possession of the property [to establish standing but here claimant's] unequivocal assertion of ownership establishes Article III standing …") (citing *$133,420* 672 F.3d at 638); *U.S. v. $148,840.00*, 521 F.3d 1268, 1274-1275, 1277 (10th Cir. 2008) ("In cases in which a person has asserted an ownership interest, our sister courts have not required the claimant to present the type of explanatory evidence urged by the government to establish his or her standing").

---

[1] That a claimant can satisfy Rule G(6) with a statement that he owned property seized from him is precisely *$239,400*'s holding, *see* 795 F.3d 639, 645 n3: "[in Rule G(6) responses, the claimant] did assert, under oath and unequivocally, that he owns the defendant property and that it was in his possession when it was seized. These facts are sufficient for a claimant to establish standing at summary judgment. Further special interrogatories and responses were not necessary to determine standing, so the district court would have abused its discretion if it had granted the motion to strike on this [ ] ground."

Notably, the claimant in *$133,420* had asserted a mere possessory interest in the property in his claim so arguably an explanation of that possessory interest in Rule G(6) responses was lacking but required, which is a major difference between that case and this case, as discussed. The government offers no meaningful retort to the principle that claims of possession versus claims of ownership (in a Rule G(5) claim) lead to different results and standards.[2]

Finally, as noted, the government can inquire and receive (as here) Rule G(6) responses regarding "claimant's identity", which is not required in a claim / by Rule G(5). *See* Doc. 52 at 14-15. The government does not dispute or address this major gap and flaw in *$133,420's* reasoning either.

Tellingly, the government frames the "simple" issue here as follows: "[d]oes [ ] Rule G(6) [ ] allow for inquiries designed to elicit more information than that which is already required by Supplemental Rule G(5)?" (Doc. 53 at 2). Lewis above (and again) explained that his and *$239,400*'s view do not render Rule G(6) superfluous, because the government gets more in Rule G(6) than they get with Rule G(5) with Lewis' and *$239,400*'s view. Lewis had specifically critiqued the magistrate's order in these regards (*see* Doc. 52 at 3-5), yet the government avoided any meaningful discussion and fails to counter these points in any meaningful way.

> **B.**     ***$239,400*'s Holding Is Not Dicta But That Really Does Not Matter - *$239,400*'s Reasoning Holds True**

The government also states that Lewis "continues to cling to dicta from cases in the Seventh and Eighth Circuits". Doc. 53 at 2. The government does not grace the Court with any explanation for how *$239,400* could conceivably regarded as dicta, and tellingly ignores Lewis' discussion explaining that *$239,400's* Rule G(6) language was obviously <u>not</u> dicta. *See* Doc. 52 at 11-12.

But, more importantly, the government cannot come up with any discernable, let alone meaningful, critique of *$239,400.* There, the Court issued a thorough and convincing opinion explaining why claimants who have had property seized from them cannot be forced to prove that they in fact own the property and that they own it "legitimately" under the guise of what the government called "standing." Ultimately, the Court adopted the view Lewis' urges here: "[in Rule G(6) responses, the claimant] did assert, under oath and unequivocally, that he owns the

---

[2] Notably, the magistrate incorrectly seemed to find that Lewis "asserts" only a "possessory interest." Doc. 49 at 8-9. To the extent that this was a finding of fact, it was clearly erroneous.

defendant property and that it was in his possession when it was seized. These facts are sufficient for a claimant to establish standing at summary judgment. Further special interrogatories and responses were not necessary to determine standing, so the district court would have abused its discretion if it had granted the motion to strike on [the ground that the claimant did not adequately answer the Rule G(6) interrogatories]." 795 F.3d 639, 645 n3.

Other than characterizing *$239,400* as "dicta", the government offers no critique of the opinion.  Rather, the government merely cites four district court opinions. But, as noted, every single district court opinion cited by the government precedes *$239,400*, which (reversed its district court) and issued in **July 2015**. *Cf. U.S. v. $209,815.00 in US Currency*, 2014 WL 2959304 *2 (N.D.Cal. June 30, **2014**); *U.S. v. $307,970.00 in United States Currency*, 2013 WL 4095373 *3 (E.D.N.C. **2013**); *U.S. v. $104,250 in United States Currency,* 947 F.Supp.2d 560, 563 (D.Md. **2013**); *U.S. v. Approximately $750,000 in US Currency*, 2011 WL 6155687 (S.D.N.Y. Dec. 8, **2011**); *U.S. v. $2,051,660.00 in United States Currency*, 2008 WL 8723566 *1 (D.Kan. **2008**). The government's opposition brief is at best a brief synopses of the flawed reasoning of a handful of interim district court orders that failed to appreciate the broader consequence of their holdings.

Undersigned is painfully aware that the government has sought to use Rule G(6) and *$133,420 to* wrongfully accelerate claimants' burdens all around the country. Undersigned is certain that *$239,400* will, ultimately, put an end to this practice.  Hopefully, this Court will help to do exactly that.

                                                  Respectfully submitted,

Dated: 12 January 2016

                                                  *s/David M. Michael*
                                                  DAVID M. MICHAEL
                                                  LAW OFFICES OF DAVID M. MICHAEL
                                                  Attorney for Claimant

**CERTIFICATE OF ELECTRONIC SERVICE**

  I hereby certify that, on 12 January 2016, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            s/*David M. Michael*_____
            DAVID M. MICHAEL