**DAVID M. MICHAEL, CSBN 74031**
**EDWARD M. BURCH, CSBN 255470**
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:    (415) 946-8996

**JOE D. BUSTOS**
400 E 20th Street
Cheyenne, WY 82001
Telephone:    (307) 638-4633

**Attorneys for Defendant**
**SCOTT MICHAEL LEWIS**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Case No.: 2:14-cv-00151-ABJ |
| v. | ) DRAFT |
| One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and | ) |
| $259,717 United States Currency, | ) |
| Defendants, | ) |
| SCOTT MICHAEL LEWIS, | ) |
| Claimant. | ) |

**POST-INDICTMENT UNOPPOSED MOTION OF CLAIMANT TO STAY CIVIL FORFEITURE PROCEEDING PURSUANT TO 18 U.S.C. § 981(g)(2)**

Claimant Scott Lewis hereby moves to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(2), on the grounds that the forfeiture proceeding will burden his right against self-incrimination in the related and pending criminal Indictment case against him, and Lewis asks that these civil forfeiture proceedings be stayed until the conclusion of said criminal case.

1

Counsel for Lewis has conferred with counsel for Plaintiff by telephone and e-mail and understands that the government does not oppose the requested stay.

## BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURE

On or about February 27, 2014, [1] Lewis, along with Gilbert Wiles, flew a plane into Yellowstone Regional Airport in or near Cody, Wyoming. Local law enforcement were contacted and began investigating the plane and its occupants. Law enforcement eventually obtained a warrant to search the plane and Lewis' hotel room.

On February 28, 2014, law enforcement detained Lewis and Wiles and searched the plane, hotel room and everything therein. From the hotel room, officers discovered and seized Defendant currency. Officers also seized the defendant airplane.

On August 1, 2014, the government instituted this case by filing a complaint for forfeiture alleging that both of the seized Defendant properties are subject to forfeiture for being connected to illegal drug trafficking. Doc. 1.

On September 3, 2014, Lewis filed his claim opposing forfeiture, stating under oath the he owned, and had a possessory interest in all or part of the defendant property. Doc. 9. On October 3, 2014, Lewis filed his answer to the complaint along with a demand for trial by jury. Doc. 13.

The case was stayed from December 4, 2014 through September 8, 2015. Doc. 27 and 38. Discovery is now open and the parties have served discovery requests upon each other, including the government's request for information and documents related to "Morris Point, LLC". See Exhibit 2 and Exhibit 3, attached hereto. In addition to the ongoing discovery, Claimant's motion to suppress evidence (Doc. 43) and Claimant's appeal of the magistrate's order to compel complete answers to interrogatories (Doc. 52) are pending before the Court.

On January 14, 2010, the government obtained an indictment against Lewis and Wiles, charging them each with a count of conspiring to "willfully operate an unregistered aircraft, in violation of 49 U.S.C. § 46306(b)(6)(A)" and a count of operating an unregistered aircraft, "not using said aircraft to provide 'air transportation' as defined by 49 U.S.C. § 40102(a)(5)" in violation of "49 U.S.C. § 46306(b)(6)(A), 18 U.S.C. § 2, and *Pinkerton v. United States*, 328

---

[1] The facts are derived from the government's allegations in its complaint for forfeiture (Doc.1), and from the government's Indictment, attached hereto as Exhibit 1.

U.S. 640 (1946)." *See* <u>Exhibit 1</u> (Case 2:16-cr-00019-ABJ, Doc. 1, Filed 01/14/16) at 2. The Indictment also states the government's intent to forfeit the Defendant Cessna Airplane. Notably, the indictment indicates that part of the manner and means, and overt acts, of Lewis and Wiles that furthered the alleged conspiracy was that someone "caused an entity called Morris Point, LLC [ ] to be organized under the laws of the State of New Mexico." *Id.* at 2 & 4.

Based on the above facts, Lewis herein moves the Court to stay the case pursuant to 18 U.S.C. § 981(g)(2).

## AUTHORITIES AND ARGUMENT

A stay of this civil forfeiture is authorized and required by 18 U.S.C. § 981(g)(2). That statute provides:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>   (A) the claimant is the subject of a related criminal investigation or case;
>   (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>   (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

§ 981(g)(2).  For the purpose of this motion, and as referenced above, Lewis represents that he satisfies each prong and the government does not oppose the requested stay.

## CONCLUSION

Lewis requests that this Court grant his unopposed request for a stay of this forfeiture proceeding pending the disposition of the related Indictment case, with the parties advising this Court on a regular basis as to the status of that Indictment case.

Respectfully submitted,

Dated: 25 January 2016

*s/David M. Michael*
DAVID M. MICHAEL
LAW OFFICES OF DAVID M. MICHAEL
Attorney for Claimant

**CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that, on 25 January 2016, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    s/*David M. Michael*_____
                                    DAVID M. MICHAEL