DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:     (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:     (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>    Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>    Claimant. | **Civil Case No.: 2:14-cv-00151-ABJ** |

**CLAIMANT'S MOTION TO STAY FURTHER DISCOVERY PENDING THIS COURT'S DETERMINATION OF CLAIMANT'S RENEWED MOTION TO SUPPRESS, FILED ON 9/07/2016**
(Exhibits filed concurrently, herewith)

1.     THE PROCEDURAL POSTURE OF THE CASE

This case was initiated more than two years ago with the filing of the Government's Complaint for Forfeiture on 1 August 2014. (Doc 1).  This court granted a number of stays due to a pending related criminal investigation and a subsequent criminal prosecution of Claimant, over

1

which this Court presided.  Docs 27, 30, 38, and 57.

During a period of time where the initial stay had expired, Claimant filed his motion to suppress on 2 November 2015, based on the his allegation that the defendant property in this case, the $259,717 in U.S. Currency, was obtained as a result of an illegal search of one Cessna aircraft and Lewis' hotel room on 27 February 2014, that the search warrant affidavit did not provide probable cause, and that the drug dog used was not reliable. (Doc. 43).  The government then filed its Opposition and Memorandum on 16 November 2015 and 27 November 2015. (Docs 43 and 46).

On 9 December 2015, the government moved this Court to continue the hearing on the motion to suppress until after the dog discovery was provided (Doc 48).  On the same date, this Court granted that unopposed motion to continue (Doc. 48) and set a date of 18 December 2015 to determine the hearing and scope of the motion to suppress.

Subsequent to that date, Claimant Lewis was charged criminally for events related to the same interdiction by law enforcement.  As a result, on 25 January 2016, Claimant filed another motion to stay during the pendency of that criminal proceeding. (Doc 56).  The motion was unopposed by the government.  On 27 January 2016, this Court then granted an indefinite stay of these forfeiture proceeding, instructing the parties to advise this Court when that related criminal proceeding had been completed. (Doc 57)

Some 6 months later, the related criminal proceeding having been completed, this Court then conducted a status conference on 10 August 2016 and, on that date, issued its scheduling order. The government was compelled to provide by 1 September 2016, the dog discovery that Claimant previously requested. The government has done so.  At that scheduling hearing, this Court also allowed Claimant the opportunity to renew his motion to suppress. See, **Exhibit 4**, Tx of 8/10/2016, at p. 11 ("MR. MICHAEL:  Oh, I thought we had -- and the Court is indicating that we can renew that motion with a request for an evidentiary hearing?  THE COURT: Absolutely. MR. MICHAEL:  If we -- okay.  Thank you, Your Honor.

As represented to this Court, once that discovery was provided by the government, and Claimant had received the government's expert information, Claimant Lewis would, and now does, renew his motion to suppress, seeking his long overdue evidentiary hearing on the motion to suppress.

For the legal reasons set out herein, Claimant now seeks a stay of the government's

attempts at further discovery so that this Court may first decide Claimant's long standing suppression motion, with the evidentiary hearing he deserves. A determination by this Court in granting this motion would be dispositive of the case, as the government has, itself, acknowledged (see, Doc 48 -Government MOTION to Continue (Dispositive) *Suppression Hearing and Request for Scheduling Conference,* filed 12/09/15). The government would be unable to introduce, or even refer to, any evidence that existed inside the hotel room, and, in this case, the government's inference is correct as there exists no other independent lawfully obtained evidence to support its forfeiture case.

2.   **MEMORANDUM OF LAW**

Although the granting of a motion to suppress does not necessarily end a forfeiture proceeding, since the Government may proceed as long as it can prove the forfeiture through other untainted evidence. 18 U.S.C. § 983(c)(1)-(2); *United States v. Real Property Known as 22249 Dolorosa Street,* 167 F.3d 509, 513 (9th Cir, 1999), in this case, the granting of the motion would be dispositive as the government would be precluded from introducing any evidence obtained from the entry into Claimant's hotel room and there is no other evidence that the government could use that would support forfeiture. The government even tacitly acknowledges that the granting of Claimant's motion would be dispositive. See, Doc 48 -Government MOTION to Continue (Dispositive) *Suppression Hearing and Request for Scheduling Conference,* filed 12/09/15). The government's inference is correct as there exists no other independent lawfully obtained untainted evidence to support its forfeiture case.

In *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth*., 201 F.R.D. 1; 2001 U.S. Dist. LEXIS **6672 (2001 DC Dist. Col.), the court noted that "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion … " (citing to *Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)* (citations omitted); *see Ladd v. Equicredit Corp. of Am., 2001 U.S. Dist. LEXIS 2256*, No. CIV.A.00-2688, 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001); *White v. Fraternal Order of Police,* 285 U.S. App. D.C. 273, 909 F.2d 512, 517 (D.C. Cir. 1990.)) Further, discovery is "generally considered inappropriate" pending a motion that is dispositive of the claims in a complaint, because "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make

the most efficient use of judicial resources.'" *Chavous, supra* at **4 (citing *Coastal States Gas Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted))

Because a grant of either of the motions in *Chavous* would have been dispositive of "the entire case," and "plaintiffs have never suggested that they need the discovery they now seek in order to oppose the pending motions" (*Id*. at **7) "all discovery, including further consideration of plaintiffs' motion to compel [] and the [] motion to quash notices of deposition []," was ordered stayed "pending determination of the parties' dispositive motions." *Id*. at **13.

It has always been true that a court may exercise "its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem[] to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense.'" *United States v. Kordel*, 397 U.S. 1, 12 n.27, 25 L. Ed. 2d 1, 90 S. Ct. 763 (1970) (internal citations omitted)).

Moreover, Federal Rule of Civil Procedure 26(b)(1) states: "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(2)(C), in turn, states that "On motion [], the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; … or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, theparties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. (emphases added.) The burden and expense of requiring Claimants to expend resources by participating in regular discovery outweighs its likely benefit, because there is a strong possibility that the action will be disposed of, one way or the other, upon the granting of the pending motion to suppress. See, also, *United States v. $83,900.00 in United States Currency*, 1991 U.S. Dist. LEXIS 5638 (D Kansas)(granting motion to stay discovery pending hearing on motion to suppress)(" The hearing on that motion should produce more adequate facts relevant to this case.")

**3. CONCLUSION**

Therefore, Lewis now requests that this Court stay any further discovery in this case and set the pending evidentiary hearing on Lewis' motion to suppress on the most earliest date convenient to the Court and the parties.

4

                              Respectfully submitted,

Dated: 7 September 2016

                              *s/David M. Michael*
                              DAVID M. MICHAEL
                              LAW OFFICES OF DAVID M. MICHAEL
                              Attorney for Claimant
                              SCOTT MICHAEL LEWIS

## **CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that, on 7 September 2016, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                              s/*David M. Michael*_____
                              DAVID M. MICHAEL