ERIC J. HEIMANN
Assistant United States Attorney
Wyo. Bar # 6-4504
C. LEVI MARTIN
Assistant United States Attorney
Wyo. Bar # 6-3781
P. O. Box 668, Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov
Christopher.Martin@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 14-CV-00151-ABJ |
| One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and $259,717 United States Currency, | ) |
| Defendant-Property. | ) |
| SCOTT MICHAEL LEWIS, | ) |
| Claimant. | ) |

## GOVERNMENT'S OPPOSITION TO CLAIMANT'S RENEWED MOTION TO SUPPRESS AND REQUEST FOR EVIDENTIARY HEARING

The United States of America, by and through Assistant United States Attorney Eric Heimann, opposes Claimant Scott Lewis's renewed motion to suppress evidence seized from his hotel room and airplane. (*Renewed Mot. to Supp.*, Doc. 72.) The motion should be denied in the first instance because this Court already rejected the same challenges to the same searches in a federal criminal prosecution of the Claimant. Even if this Court gives Claimant another bite at this

particular apple, the result should be the same because probable cause supported the search warrants and the officers relied in good faith on those warrants. Finally, the Claimant is not entitled to an evidentiary hearing because he (still) has not made a sufficiently definite, specific, detailed, and non-conjectural factual allegation which must be resolved to decide his motion.

## BACKGROUND

In this civil action, the United States seeks to forfeit the above-described $259,717 (the Defendant-Currency) and Cessna airplane.[1] (*See Verified Complaint*, Doc. 1 at 2-3.) The Defendant-Currency was seized from a hotel room being used by the Claimant and Gilbert Wiles, Jr., on February 28, 2014, under authority of state court search warrants. (*First Mot. to Supp.*, Doc. 43-2 at 8-9 (the Hotel Warrant) and *id.* at 17-18 (the Airplane Warrant).) The applications for these warrants relied in part on a certified drug detection dog's positive alert to the Cessna.

During the pendency of this civil forfeiture, the grand jury charged the Claimant and Mr. Wiles with conspiracy and operating an unregistered aircraft in violation of 49 U.S.C. § 4606(b)(6)(A). *United States v. Lewis & Wiles*, No. 16-CR-019-J, Doc. 1 (D.Wyo. January 14, 2016) (the Criminal Prosecution). Mr. Lewis eventually pled guilty and was sentenced to probation on June 22, 2016. (Criminal Prosecution, Docs. 75, 104 and 106.) As part of the sentence, this Court forfeited the Cessna. (Criminal Prosecution, Doc. 126.)

The Claimant's renewed motion asserts his standing to seek suppression of evidence. (*Renewed Mot. to Supp.*, Doc. 72 at 10-11.) For the reasons stated in the government's opposition to Claimant's first motion to suppress (Doc. 45 at 2), we do not currently contest his standing but reserve the right to do so under Rule G or any other law.

---

[1] Since any interest in the Cessna belonging to the Claimant has been forfeited in a criminal prosecution (see *infra*.) and the time to appeal that forfeiture has passed without the Claimant appealing, the government will soon be filing a motion to remove the plane from this case.

ARGUMENT

Claimant's renewed motion seeks to suppress "all evidence obtained as a result of the illegal search of his hotel room and airplane[.]" (*Renewed Mot. to Supp.,* Doc. 72 at 2.) In substance, the Claimant alleges that the certified "drug dog [whose alert to the Cessna was described in the warrant affidavits] was not reliable and, in any event, the [hotel] warrant affidavit did not provide probable cause for the search of Lewis' hotel room." (*Id.* at 3.) For the reasons stated below, the motion must be denied because it was already decided in the criminal prosecution and because there was no violation of the Claimant's constitutional rights.

1. **The Claimant should be estopped from re-litigating these Fourth Amendment issues because this Court previously denied a substantively identical motion to suppress filed by Scott Lewis in the criminal prosecution.**

Prior to pleading guilty in the criminal prosecution, then-defendant Lewis filed a motion to suppress "all evidence obtained as a result of the illegal searches of his hotel room and airplane." (*Criminal Mot. to Supp.*, Criminal Prosecution, Doc. 42 at 1.) This motion was based on two allegations. First, Lewis speculated that the certified drug dog might not be reliable and therefore did not support probable cause to search either the airplane or the hotel room. (*Id.* at 4 ("Defendant hereby challenges the reliability of the drug dog used here, and it remains to be seen whether the dog's records, if there are any, will support that the dog is sufficiently reliable.").) Second, Lewis claimed "that even assuming the drug dog can be relied upon, there was a clear lack of probable cause to search the hotel room." (*Id.* at 5.) He makes the same claims here. (*Renewed Mot. to Supp.,* Doc. 72 at 15 ("Lewis hereby challenges the reliability of the drug dog used here, and will introduce his own expert witness. It remains to be seen whether the dog's records and expert testimony will support that he is sufficiently reliable[.]") and *id.* at 16 ("even assuming the drug dog can be relied upon, there was a clear lack of probable cause to search the hotel room.")

This Court denied the criminal motion to suppress following an evidentiary hearing. (Criminal Prosecution, Doc. 68 at 21-26 (order denying motion); Criminal Prosecution, Doc. 53 (motions hearing minute sheet).) In doing so, this Court specifically found that "[t]he warrant affidavits provide a substantial basis to believe evidence of drug trafficking was located in the plane and hotel room." (Criminal Prosecution, Doc. 68 at 24). As to the dog, this Court stated that the evidence (including the testimony of the canine handler) clearly showed that the dog was certified when deployed around the Cessna and this certification was described in the affidavits. And, therefore, "[t]he defendants' arguments with respect to the certification of the K-9 drug dog do not have merit." (*Id.* at 25-26.)

"Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time, and it encourages parties who lose before one tribunal to shop around for another. The doctrine of collateral estoppel or issue preclusion is designed to prevent this from occurring." *B & B Hardware, Inc. v. Hargis Indus.*, Inc., 135 S. Ct. 1293, 1298–99 (2015). In element form, "collateral estoppel requires: **(1)** the issue previously decided is identical with the one presented in the action in question, **(2)** the prior action has been finally adjudicated on the merits, **(3)** the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and **(4)** the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

The Claimant should be precluded from re-litigating suppression because each element is satisfied. First, the Claimant's renewed motion to suppress challenges the same searches based on the same complaints which this Court rejected in the criminal prosecution. Second, the Claimant pleaded guilty in the criminal prosecution, this Court entered judgment and sentenced the

Claimant, and he has not filed notice of appeal; therefore, the criminal prosecution has been finally adjudicated on the merits. Third, the government is invoking collateral estoppel against the Claimant, who was indisputably a party to the criminal prosecution. Finally, the Claimant had a full and fair opportunity to litigate the suppression issue in the criminal prosecution—including an evidentiary hearing where the canine officer testified and was cross-examined.[2]

In sum, the Claimant seeks to undo what has already been decided. This Court should refuse the requested do-over and deny the renewed motion to suppress.

### 2. The affidavit provided the magistrate judge a substantial basis to believe that evidence of drug trafficking was located in the plane and the hotel room.

If we reach the merits again, the Claimant's renewed motion should be denied for the reasons articulated in the government's opposition to Claimant's first motion to suppress. (*See Oppo. to First Supp. Mot.*, Doc. 45 at 3-10). We summarize those reasons below.

The Claimant challenges the probable cause supporting search warrants. In this context, "[t]he test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999) (internal quotations omitted). Therefore, a reviewing court "need only ask whether, under the totality of the circumstances presented in the affidavit, the

---

[2] *C.f. United States v. One Parcel of Real Prop. Known as 16614 Cayuga Rd.*, 69 F. App'x 915, 918 (10th Cir. 2003) (unpublished) (federal forfeiture claimant's motion to suppress denied because claimant had previously litigated suppression in prior prosecution); *United States v. Real Prop. Located in El Dorado Cty. at 6380 Little Canyon Rd., El Dorado, Cal.*, 59 F.3d 974, 979 (9th Cir. 1995), as amended on denial of reh'g (Sept. 13, 1995), abrogated on other grounds as recognized in *United States v. $273,969.04 U.S. Currency*, 164 F.3d 462, 466 (9th Cir. 1999) (same); *United States v. $393,550.00 in United States Currency*, No. 13-CV-00933-CMA-BNB, 2014 WL 4179451, at *4 (D. Colo. Aug. 22, 2014) (same); *United States v. U.S. Currency in Sum of Ninety Seven Thousand Two Hundred Fifty-Three Dollars ($97,253.00), More or Less*, No. 95-CV-3982 (JG), 2000 WL 194683, at *6, n. 1 (E.D.N.Y. Feb. 15, 2000) (same).

magistrate judge had a 'substantial basis' for determining that probable cause existed."[3] *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004). And, the magistrate's decision is entitled to great deference. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

The affidavits supporting the warrants (which are identical in substance) were filed with the Claimant's first motion to suppress. (Doc. 43-2 at 1-7 (the hotel affidavit) and *id.* at 10-18 (the airplane affidavit). In summary, the affidavits showed that the Claimant and Wiles: **(1)** were operating an unregistered airplane with a suspended certificate that was capable of carrying heavy loads; **(2)** were trying to conceal their identities and travels by paying cash, using "Trac" phones, flying under visual flight rules, and not announcing their registration number over the radio; **(3)** were using a name "Ken Howard" which could not be linked to a pilot's license; **(4)** were trying to conceal the interior of their plane with sunshades; **(5)** took an unusual amount of luggage from their plane to their hotel room, including a heavy duffle bag which they would not let the shuttle driver touch; **(6)** did not want to open their hotel room door more than necessary; and **(7)** the plane had previously been flown out of the airport at night in bad weather when the pilot was told he could not stay with the plane overnight. The affidavits included the suspicions of laypeople who had significant contact with pilots (including the manager of Choice Aviation, the hotel manager, and the Aircraft Owners and Pilots Association), and explained that drug traffickers use airplanes to transport drugs and cash, take measures to conceal their identities, and use "Trac" phones to

---

[3] The Claimant challenges the government's designated aviation expert and announces his intention to call an unnamed aviation expert to testify that the facts relied upon by that expert are completely innocent aviation activities. (*Renewed Mot. to Supp.,* Doc. 72 at 12-14.) Aviation experts are irrelevant to suppression because the affidavit did not cite the opinion of any aviation expert and this Court's review of the warrant is not dependent upon any particular expertise but rather whether a reasonably cautious layperson would believe that evidence of a crime would be found in the plane and hotel room.

prevent tracing of the number back to an individual.[4] Altogether, these facts provided the magistrate with a substantial basis for determining that there was probable cause to believe that the plane and the hotel room contained evidence of drug trafficking. Thus, even if there were no dog alert, the search warrants were valid and the Claimant's motion should be denied.

Of course, the dog's positive alert to the Cessna significantly strengthened the probable cause for both the plane and the hotel. As detailed in the affidavit, Powell police officer Reece McLain deployed with his dog "Zeke" around the Cessna and the dog alerted to the odor of drugs. *See* (Doc. 43-2 at 14.) Five weeks prior, on January 21, 2014, Officer McLain and Zeke had been certified by the National Police Canine Association to detect the odor of marijuana, cocaine, methamphetamine, heroin, and MDMA. (*Id.* at 13.) As to the plane, the positive alert by a certified drug-detection dog alone provided probable cause to search this vehicle for drugs and evidence of drug trafficking. *E.g., United States v. Ludwig*, 641 F.3d 1243, 1250-51 (10th Cir. 2011) (dog alert created probable cause to support warrantless search of car). As to the hotel room, the Claimant and Wiles took their luggage—including a heavy bag which they would not let the shuttle driver touch—from the plane to their room. The common-sense inference is that the Claimant and Wiles took a bag containing drugs or money tainted with the residual odor of drugs from their plane to their hotel. Thus, the alert on the plane increased the likelihood that the hotel room contained evidence of drug trafficking.

**3. The affidavit truthfully reported that the drug dog was certified—nothing more was required.**

The Claimant speculates that Zeke—though certified—was unreliable and therefore probable cause fails. (*Renewed Mot. to Supp.*, Doc. 72 at 14-15.) In doing so, the Claimant asserts

---

[4] The government described the contents of the affidavits in detail in our opposition to the Claimant's first motion to suppress. (Doc. 45 at 3-6.)

that a drug-detection "dog must be reliable as demonstrated through his training and field performance records. (*Id.* at 14.) This is incorrect. The Supreme Court has criticized the fetishizing of a dog's deployment records as follows: "[f]ield data … may markedly overstate a dog's real false positives. By contrast, those inaccuracies—in either direction—do not taint records of a dog's performance in standard training and certification settings. There, the designers of an assessment know where drugs are hidden and where they are not—and so where a dog should alert and where he should not. The better measure of a dog's reliability thus comes away from the field, in controlled testing environments." *Florida v. Harris*, 133 S. Ct. 1050, 1056–57 (2013). Therefore, "if a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search." *Id.* at 1057. Here, the affidavit truthfully reported that Officer McLain and Zeke were certified. This was enough for the magistrate to rely upon the alert. *United States v. Ruiz*, 664 F.3d 833, 840 (10th Cir. 2012) (search warrant based on drug dog alert is sufficient on its face if the affidavit states that dog is trained and certified to detect odor of drugs); *United States v. Kennedy*, 131 F.3d 1371, 1276-77 (10th Cir. 1997) (same).

As with his first motion, Claimant offers no specific reason to doubt Zeke's reliability. Instead, the Claimant says that he will hire an expert to opine on Zeke's reliability (*Renewed Mot. to Supp.*, Doc. 72 at 15) and demands an evidentiary hearing to explore training and performance records on the presumption that evidence of unreliability will arise (*Id.* at 12, 14-15.) This is not enough: "To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (quotation omitted). Even if this issue was

not precluded from reconsideration, there are still no disputed facts that would need to be resolved to decide the Claimant's motion.[5]

The Claimant asserts that *Florida v. Harris*, 133 S. Ct. 1050 (2013), created an absolute right to an evidentiary hearing in every case involving a dog alert. (*Renewed Mot. to Supp.*, Doc. 72 at 12, 14-15.) *Harris* is distinguished from our case because it involved warrantless searches which are subject to a different standards of review than warrant-authorized searches. In addition, while the *Harris* Court acknowledged that a defendant must have an opportunity to challenge the reliability of a dog, it emphasized that there are no special procedures or standards for dog alerts. *Id.* at 1058 ("a probable cause hearing focusing on a dog's alert should proceed much like any other"). Thus, there is no special right to an evidentiary hearing in a dog case and even if he is allowed to re-litigate already-decided Fourth Amendment issues the Claimant's mere speculation fails to earn him a hearing in this case.

4. **The officers relied upon the warrants in good-faith.**

If this Court finds it can reconsider this issue and that the warrants were somehow invalid, the resulting evidence should not be suppressed because the officers relied upon the warrants in good-faith. Claimant argues at length that Supplemental Rule G(8)(a) requires the suppression of illegally seized evidence in all civil forfeiture cases without exception. (*Renewed Mot. to Supp.*, Doc. 72 at 7-10.) This argument misreads the rule and has not been accepted by any court.

In full, Supplemental Rule G(8)(a) provides that "[i]f the defendant property was seized, a party with standing to contest the lawfulness of the seizure <u>may move to suppress use of the property</u> as evidence. Suppression does not affect forfeiture of the property based on independently

---

[5] The one concrete fact the Claimant offers to support Zeke's alleged unreliability is undisputed: no drugs were found in the Cessna. This is undisputed and irrelevant: a trained drug-detection dog <u>should</u> alert to the residual odor of drugs. *See Harris*, 133 S.Ct. at 1057 n.2; *id.* at 1059.

derived evidence." Supplemental Rule G(8)(a) (2006) (emphasis added). Claimant misreads this rule to supersede the good-faith exception. By its plain language, however, the rule merely allows a forfeiture claimant to file a motion to suppress and prevent <u>use of the seized property</u> (in this case the Defendant-Currency) as evidence. The suppression of other evidence gathered as result of some unconstitutional search is excluded because forfeiture is quasi-criminal and courts have applied the broader Fourth Amendment exclusionary rule in civil forfeiture cases. *One 1958 Plymouth Sedan v. Com. of Pa.*, 380 U.S. 693, 702 (1965) (exclusionary rule applies to state forfeitures). In this, Rule G(8)(a) is no different from Rule 41(h) of the Federal Rules of Criminal Procedure which provides that "[a] defendant may move to suppress evidence in the court where the trial will occur" but does not alter any Fourth Amendment standards used to decide the motion. Thus, Claimant's argument fails and, if necessary, the good-faith exception should allow use of all seized evidence in this case.

Dated this 16th day of September, 2016.

                                                Respectfully submitted,
                                                CHRISTOPHER A. CROFTS
                                                United States Attorney

By:    */s/ Eric J. Heimann*
           ERIC J. HEIMANN
           Assistant United States Attorney

## CERTIFICATE OF SERVICE

It is hereby certified on the 16th day of September, 2016, a true and correct copy of the foregoing **GOVERNMENT'S OPPOSITION TO CLAIMANT'S RENEWED MOTION TO SUPPRESS** was served upon the following by the method(s) indicated below.

| | |
|---|---|
| David M. Michael | [X] Electronic Filing |
| Law Offices of David M. Michael | [ ] U.S. Mail -- postage prepaid |
| One Sansome Street, Suite 3500 | [ ] U.S. Mail -- certified |
| San Francisco, CA 94104 | [ ] Hand delivery |
| | |
| Joe D. Bustos | [X] Electronic Filing |
| 400 E 20th Street | [ ] U.S. Mail -- postage prepaid |
| Cheyenne, WY 82001 | [ ] U.S. Mail -- certified |
| | [ ] Hand delivery |

*/s/ Eric Heimann*
United Stated Attorney's Office