CHRISTOPHER A. CROFTS
United States Attorney
ERIC J. HEIMANN (WY Bar #6-4504)
C. LEVI MARTIN (WY Bar # 6-3781)
Assistant United States Attorneys
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: (307) 772-2124
Facsimile: (307) 772-2123
eric.heimann@usdoj.gov
christopher.martin@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14-cv-151-J |
| | ) | |
| **ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL.** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO CLAIMANT'S MOTION TO STAY DISCOVERY PENDING A DETERMINATION OF CLAIMANT'S "RENEWED" MOTION TO SUPRESS**

COMES NOW Plaintiff, United States of America, by and through the United States Attorney for the District of Wyoming and C. Levi Martin, Assistant United States Attorney, hereby opposing Claimant's motion to stay discovery.

**Introduction**

As an initial matter, the issue brought before this Court at the informal discovery conference was limited to claimant's request to stay his deposition, not to stay all further discovery. *See* (Dkt. 66) ("Court held an informal discovery conference to discuss the Defendant/Claimant's *request to stay the deposition* of Scott Michael Lewis) (emphasis added). To the extent claimant now seeks a blanket stay (including his responses for two outstanding discovery requests already propounded), he failed to follow the informal discovery dispute process as set out by this Court in Administrative General Order 2012-04.

Regardless, there is no proper basis to stay any discovery. Claimant's purported rationale, a "renewed" motion to suppress, is a blatant delay tactic. The issues raised in it have already been fairly and fully decided against him in his criminal case. *Compare* (Dkt. 72 at 2) ("This motion is made on the specific grounds that the search warrant affidavit did not provide probable cause sufficient to justify the searches that occurred and that the drug dog was not reliable") *with United States v. Scott Lewis*; 16-cr-19-J (Dkt. 68 at 21-26) (Order denying motion to suppress based on the contentions that the affidavit did not provide probable cause to search hotel room and that the drug dog was not reliable). Accordingly, the Claimant is precluded from raising those issues again.

Even in the unlikely event that the motion to suppress were to be granted, it is not dispositive. Therefore, Mr. Lewis' deposition will still occur. However, delaying the deposition for even a few more weeks could prejudice the United States' ability to obtain additional follow-up discovery and/or negatively impact the shortened discovery deadlines as recently set by the District Court at the August 10, 2016 pretrial conference. *See* (Dkt. 64) (Fact Discovery deadline of November 14, 2016). The motion to stay should be denied.

**Legal Framework**

The underlying principle in determining whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). "The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court." *Wason Ranch Corp. v. Hecla Mining Co.*, 2007 WL 1655362 *1 (D. Colo. 2007), *citing Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). "In determining whether a stay is appropriate, the courts generally consider the following five factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending . . . litigation." *Id.* (citation omitted).

**Discussion**

As the Court is aware, this case was previously stayed during the parallel criminal proceeding against the Claimant. *See* (Dkt. 57) (January 27, 2016 Order staying matter during criminal case against Scott Lewis). At the conclusion of Mr. Lewis' criminal case, the District Court held a pretrial conference to establish new deadlines in this matter. At that August 10, 2016 conference, Judge Johnson made it clear that "we've got to get this case moving." (Dkt. 73 at 38:14). Accordingly, he set an ambitious schedule, including a discovery deadline of November 14, 2016. *See* (Dkt. 64 at 2). Following that hearing, the United States immediately began engaging in discovery, including requesting Claimant's counsel provide a date on which to depose

Mr. Lewis.  *See* (Attach. A) (August 15, 2016 email from the undersigned to claimant's counsel). Despite repeated subsequent emails seeking a response, claimant's counsel ignored the request. The United States was then forced to serve Mr. Lewis with a subpoena for his deposition.  *See* (Attach. B).  Now, in an attempt to simply delay the deposition (and other discovery), Claimant seeks a stay based upon a "renewed" motion to suppress which he is precluded from litigating again in any event.[1]  Consideration of the following five factors used by courts in deciding whether to grant a stay demonstrate the motion should be denied:

A.  <u>Plaintiff, the United States, has a high interest in proceeding expeditiously and it will be potentially prejudiced with even a short delay.</u>

As is evidenced by the United States' immediate attempts to engage in discovery following the August 10, 2016 pretrial conference, it has a high interest in proceeding expeditiously.  *See* (Attach. A) (August 15, 2016 email request for deposition date); *see also* (Attach. C) (Interrogatories sent to Claimant on August 11, 2016).  Further, as is usually the case, the United States anticipates there will be follow-up discovery requests after Mr. Lewis is deposed.  Under the Amended Initial Pretrial Order, such requests would have to be made in advance of October 14, 2016.  *See* (Dkt. 64 at 2) ("Written discovery requests are not timely of they are filed so close to this deadline [November 14, 2016] that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline").  Accordingly, even a short delay in deposing Mr. Lewis could prejudice the United States' ability to obtain the discovery to which it is entitled.  This factor weighs heavily against granting a stay.

---

[1] *See United States v. One Parcel of Real Prop. Known as 16614 Cayuga Rd., et al.*, 69 Fed. Appx. 915 *2 (10th Cir. 2003) (Claimant precluded from raising same Fourth Amendment issues as a defense to the civil forfeiture action because they were fully litigated in his criminal prosecution); *see also* (Dkt. 75) (United States' Opposition to Claimant's Renewed Motion to Suppress and Request for Evidentiary Hearing at 3-5) (complete discussion on collateral estoppel).

B.  The discovery sought from Claimant is not overly burdensome.

First, Mr. Lewis cannot seriously contend that being deposed would be unduly burdensome to him.  Second, even if this Court were to consider this motion to stay as including the other outstanding discovery requests, it is evident from the requests themselves that they are not overly burdensome either.  *See* (Attach. C) (Two interrogatories sent on August 11, 2016); *see also* (Attach. D) (Interrogatories and Requests for Production propounded on December 22, 2015 for which responses are due September 19, 2016).[2]  Accordingly, this factor also weighs against granting the stay.

C.  The District Court has made clear that it does not want further delay.

At the August 10, 2016 conference, Claimant's counsel attempted to get the District Court to schedule a hearing on what he thought[3] was a pending motion to suppress.  *See* (Dkt 73 at 38:09 to 38:13) (Claimant's counsel arguing "we have a right to have a hearing on the suppression motion prior to further litigation in the case").  The District Court responded, "[i]f you want to just delay it further—I'm not going to tolerate it."  (Dkt 73 at 38:15 & 38:17).  Judge Johnson could not be more clear.  He considers further delay as being counter to the "convenience of the court in the management of its cases, and the efficient use of judicial resources[.]" Wason *Ranch Corp.*, 2007 WL 1655362 *1.

Further, although the United States recognizes a stay can be considered appropriate if "resolution of a preliminary motion may dispose of the entire action[,]"[4] in this case, the

---

[2] *See* (Dkt. 64 at 2) ("Claimant's responses to Government's Fed. R. Civ. P. 33 and 34 discovery requests served prior to January 27, 2016 must be received by [September 19, 2016]").

[3] Docket 65 makes clear that claimant's motion to suppress had already been previously orally denied.

[4] *Wason Ranch Corp.*, 2007 WL 1655362 *1, *quoting Nankivil v. Lockheed Martin Inc.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

Claimant's "renewed" motion to suppress will not be dispositive.[5] First, and as discussed above, Claimant is precluded from litigating these issues again. Second, even in the unlikely event that the motion to suppress were to be successful, there would be sufficient evidence remaining to continue on with the forfeiture action. *See* (Attach. E) (Agent Hasskamp's partial response to Interrogatory No. 12). Accordingly, the deposition of Mr. Lewis is an inevitability.

Therefore, a stay would likely result in needing to reschedule litigation deadlines. That would be inconvenient for the Court and an inefficient use of judicial resources. Consideration of this factor weighs heavily against granting a stay.

D.  Interests of persons not parties to the civil litigation.

There are no known effects of a stay to the interests of persons who are not a party to this litigation. Accordingly, this factor does not weigh in favor of, or against, a stay.

E.  Interest of the public in the pending litigation.

A superficial computer query conducted by the undersigned (using the phrase "plane and money seizure cody wyoming") demonstrates there has been moderate coverage of the case. Accordingly, consideration of this factor militates against a stay too. *See In Re Special Proceedings*, 840 F. Supp. 2d 370, 376-77 (Dist. D.C. 2012) (public interest in case weighs in favor of prompt resolution).

---

[5] Claimant alleges the United States "tacitly acknowledges that the granting of Claimant's motion would be dispositive" based on an ECF docketing notation. (Dkt. 74 at 3). Claimant is mistaken. The United States has never contended the suppression of evidence obtained in the search would be dispositive, and Claimant has provided no authority for the proposition that docket text resulting from an ECF function somehow transforms the substance of what the United States has stated in the filings themselves.

**Conclusion**

There is no factor which weighs in favor of a stay, and there are several factors which weigh against a stay, two of them heavily so.  Claimant's motion for a stay should be denied.

DATED this 16th day of September, 2016.

CHRISTOPHER A. CROFTS
United States Attorney

By:   /s/ *C. Levi Martin*
C. LEVI MARTIN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

It is hereby certified on the 16th day of September, 2016, a true and correct copy of the foregoing **OPPOSITION TO CLAIMANT'S MOTION TO STAY DISCOVERY PENDING A DETERMINATION OF CLAIMANT'S "RENEWED" MOTION TO SUPRESS** was served upon the following, by the method(s) indicated below.

| | |
|---|---|
| David M. Michael<br>Law Offices of David Michael<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |
| Jose Delaluz Bustos<br>Joe D. Bustos Law Office<br>400 East 20th Street<br>Cheyenne, WY 82001 | [ ] U.S. Mail<br>[ ] Hand delivery<br>[X] Electronic Filing<br>[ ] Overnight Courier |

/s/ *C. Levi Martin*
United Stated Attorney's Office