ERIC J. HEIMANN
C. LEVI MARTIN
Assistant United States Attorneys
District of Wyoming
P. O. Box 668,
Cheyenne, WY 82003
(307) 772-2124
Eric.Heimann@usdoj.gov
Wyo. Bar # 6-4504
Christopher.Martin@usdoj.gov
Wyo. Bar #6-3781

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil No. 14-CV-00151-ABJ** |
| ) | |
| **One Cessna Airplane, Model Number** ) | |
| **TU-206, bearing Tail Number N6214V** ) | |
| **and Serial Number U206-1189,** ) | |
| ) | |
| and ) | |
| ) | |
| **$259,717 United States Currency,** ) | |
| ) | |
| Defendant-Property. ) | |
| ) | |
| **SCOTT MICHAEL LEWIS,** ) | |
| ) | |
| Claimant. ) | |

### UNITED STATES' DESIGNATION OF EXPERT TESTIMONY

Plaintiff, United States of America, by and through Assistant United States Attorneys Eric Heimann and C. Levi Martin, submits this designation of expert testimony in accordance with the Amended Pretrial Order. (Dkt. 64 at 2).

A.      The United States may call the following expert witnesses:

1.      Robert Zavala
Aviation Enforcement Agent
U.S. Department of Homeland Security
Customs & Border Protection/Air & Marine Operations
1355 Customs Way/Building 605
Riverside, CA 92518

Agent Zavala is an Aviation Enforcement Agent and an expert in the detection of aviation smuggling. Agent Zavala is expected to testify in accordance with the opinions in the attached report (Attach. A) which he has prepared, as well as any additional opinions reached after reviewing additional discovery. In summary, in Agent Zavala's expert opinion, the Claimant and his co-conspirator Gilbert Wiles were using their Cessna 206 as an instrument in an illegal drug smuggling operation as evidenced by the combined following circumstances present in this case: 1. Flying via Visual Flight Rules (VFR) in Instrument Flight Rules (IFR) conditions; 2. Reclusive behavior, including attempts to avoid public contact; 3. Suspicious itineraries, including quick turnaround trips, improbable travel plans, and unusual distances traveled; 4. Appearing to be on deadlines; 5. Flying into or against inclement weather; 6. Frequenting isolated airports or runways; 7. Carrying large amounts of currency; 8. Paying only cash or cash equivalent; 9. Traveling to and from known and established drug distribution and production areas; 10. Use of false or assumed identities; 11. Appearance of legitimacy by using and/or creating the appearance of legal businesses; and 12. Type of airplane and modifications, including payload and ability to take-off and land on short runways and undeveloped areas.

Agent Zavala's opinions are based on the sources provided to him such as (1) Bates No. Lewis-RFP1-00001 to 01446; (2) Bates No. Lewis-RFP7-00001 to 00199; (3) Bates No. Lewis-RFP9-00001 to 00024; and (4) Lewis-Protective Order-0001 to 0067.

Agent Zavala will be provided all pertinent depositions and discovery, and other discovery obtained from the Claimant, or coming into existence subsequent to the instant designation, which may alter or expand his opinions. It is expected that he will testify in accordance with his deposition, if taken. Discovery is still ongoing, therefore the Plaintiff reserves the right to supplement this designation.

Agent Zavala's CV is attached. *See* (Attach. B). Agent Zavala has not authored any publications within the last ten years and has not testified as an expert in any case within the last four years. Agent Zavala is an employee of the United States and does not require compensation to be paid for his testimony. Undersigned counsel is unaware of any special requirements with respect to taking of Agent Zavala's deposition, other than the expectation that the location of any

deposition would be in or near Riverside, California, thereby involving no travel expense. Any deposition will also require coordination with Agent Zavala's calendar.

2. David A. Tyree
   Special Agent
   United States Department of Justice
   Drug Enforcement Administration (DEA)
   1205 Airport Parkway
   Cheyenne, WY 82001

Agent Tyree is a DEA agent and an expert in identifying behaviors evidencing the smuggling of narcotics or the proceeds from the sale of narcotics. Agent Tyree is expected to testify in accordance with the opinions in the attached report (Attach. C) which he has prepared, as well as any additional opinions reached after reviewing additional discovery. In summary, in Agent Tyree's expert opinion the $259,717 seized in this case is proceeds of illegal drug smuggling. The following combined factors conclusively establish this: 1. Cash as method of payment for travel and/or payment for hotel/motel; 2. Use of false names or contact information when making a reservation or registering for a room; 3. The locked luggage containing heat-sealed bags of currency with notes on how to deposit; 4. Claimant's previous conviction involving drug smuggling which demonstrated the same modus operandi in the packaging of currency; 5. The multiple communication devices; and 6. The recorded calls made from jail by the claimant which are replete with the use of coded illegal drug smuggling language and behavior.

Agent Tyree's opinions are based on the sources provided to him such as: (1) Cody, Wyoming Police Report marked Lewis-RFP1-00958 through Lewis-RFP1-01003; (2) Document referred to as Lewis-RFP1-00473 which details a traffic stop in the State of Oregon which resulted in the execution of search warrants in Humboldt County, California; (3) A DEA report of investigation prepared by DEA Special Agent Richard Fraga, written to DEA case BC-10-0009 in which Scott Lewis and others are reported as arrested from 1330 Madrone, Eureka, California subsequent to the execution of a search warrant which resulted in the seizure of over 200 pounds of marijuana, scales and packaging materials, and false identifications; (4) Documents referred to as "Counterfeit DLs.PDF and "r_IDS of Wiles and Lewis.pdf; (5) 12 Photos of the $259,717 United States currency referred to as IMG_0397.JPG through IMG_0410.JPG; (6) 23 photos from the search of the hotel room 110 of the Holiday Inn Hotel, located at 1701 Sheridan Avenue, Cody Wyoming referred to as IMG_0369.JPG through IMG_0391.JPG; and (7) Jail calls of Scott Lewis, referred to as 10.63.21-7FAAE0000A3F00151.

Agent Tyree will be provided all pertinent depositions and discovery, and other discovery obtained from the Claimant, or coming into existence subsequent to the instant designation,

which may alter or expand his opinions. It is expected that he will testify in accordance with his deposition, if taken. Discovery is still ongoing, therefore the Plaintiff reserves the right to supplement this designation.

Agent Tyree's CV is attached. *See* (Attach. D). Agent Tyree has not authored any publications within the last ten years and has not testified as an expert in any case within the last four years. Agent Tyree is an employee of the United States and does not require compensation to be paid for his testimony. Undersigned counsel is unaware of any special requirements with respect to taking of Agent Tyree's deposition, other than the expectation that the location of any deposition would be near Cheyenne, Wyoming, thereby involving no travel expense. Any deposition will also require coordination with Agent Tyree's calendar.

3. Ken Wallentine, esq.
   5272 South College Drive #200
   Murray, UT 84123

Officer Wallentine is an expert in law enforcement canine handling. Officer Wallentine is expected to testify in accordance with the opinions in the attached report (Attach. E) which he has prepared, as well as any additional opinions reached after reviewing additional discovery. In summary, Officer Wallentine opines that the sniffs of the exterior and interior of the Cessna were conducted in a manner consistent with actions of reasonable, well trained police service detector dog team. The records and reports of this incident, as well as the training records, deployment records and testing certifications conducted by a nationally-recognized and credible organization, demonstrate that Zeke was well trained, had demonstrated reliability in field deployments and training and that he was properly certified.

Officer Wallentine's opinions are based on the sources provided to him such as (1) Cody Police Department reports case number 14-180; (2) Powell Police Department reports case number 14-251; (3) National Police Canine Association Certifications for PSD Zeke for January 2014 and May 2014; (4) Department Training & Deployment Records for PSD Zeke for 2013 and 2014; (5) National Police Canine Association Standards and Certification manual.

Officer Wallentine will be provided all pertinent depositions and discovery, and other discovery obtained from the Claimant, or coming into existence subsequent to the instant designation, which may alter or expand his opinions. It is expected that he will testify in accordance with his deposition, if taken. Discovery is still ongoing, therefore the Plaintiff reserves the right to supplement this designation.

Officer Wallentine's CV, rate schedule, publications and prior testimony are included within his report. Undersigned counsel is unaware of any special requirements with respect to

taking of Officer Wallentine's deposition, other than the expectation that the location of any deposition would be near Murray, Utah and after coordination with Officer Wallentine's calendar.

4.  Travis Peters
    7834 Fuller Street
    Casper, WY 82604

Mr. Peters is an expert in evaluating the operational costs of aircraft. Mr. Peters is expected to testify about the cost estimates which are itemized in the attached report (Attach. F), which he has prepared. In summary, Mr. Peters will testify that a conservative cost estimate for a Cessna 206 would be $26,208.60 for 125 hours of flight time. His opinion is based on the sources provided to him such as: (1) The Straight Flight invoice which details the specifications of the subject aircraft; (2) log entries; (3) certifications; and (4) quotes received from various aviation service companies.

Mr. Peters will be provided all pertinent depositions and discovery, and other discovery obtained from the Claimant, or coming into existence subsequent to the instant designation, which may alter or expand his opinions. It is expected that he will testify in accordance with his deposition, if taken. Discovery is still ongoing, therefore the Plaintiff reserves the right to supplement this designation.

Mr. Peters' CV is attached. *See* (Attach. G). Mr. Peters has not authored any publications within the last ten years and has not testified as an expert in any case within the last four years. Mr. Peters' rate is $100 per hour for testimony. Undersigned counsel is unaware of any special requirements with respect to taking of Mr. Peters' deposition, other than the expectation that the location of any deposition would be near Casper, Wyoming, thereby involving no travel expense. Any deposition will also require coordination with Mr. Peters' calendar.

B.  The United States may call any expert witness listed by Claimant.

C.  With permission of the Court, the United States reserves the right to name additional expert witnesses or amend its designation in light of investigation, discovery, or Orders of the Court.

D.  With permission of the Court, the United States reserves the right to name other experts for impeachment or rebuttal.

E.	The United States may supplement this designation in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted this 19th day of September, 2016.

                                        CHRISTOPHER A. CROFTS
                                        United States Attorney

By:	/s/ *C. Levi Martin*
       C. Levi Martin
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on September 19, 2016, a copy of the **UNITED STATES' DESIGNATION OF EXPERT TESTIMONY** was served on all counsel of record by filing a copy of that document with the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                        /s/ *Breanne Ramirez*
                                        BREANNE RAMIREZ
                                        United States Attorney's Office