DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:     (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:     (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>    Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>    Claimant. | **Civil Case No.: 2:14-cv-00151-ABJ** |

**Claimant's Reply in Support of Renewed Motion To Suppress**

Claimant filed a motion to suppress in this case in November 2015 (Doc. 42.) On December 18, 2015, the motion was orally denied, with this Court indicating that after the government had provided the dog's records in discovery, Lewis would have the materials needed to properly renew his motion to suppress, and this holding was reiterated last month.[1]

Notwithstanding this holding, and Lewis' reliance on the procedures set out by this Court, the government contends that Claimant cannot renew his motion to suppress because a similar motion was denied back in April in his criminal case, and alternatively argues that the motion should be denied on the merits.

**1.      Collateral Estoppel Does Not Prohibit This Renewed Motion**

The government argues that Claimant is "precluded from re-litigating suppression" (Opp. 4) but does not cite any case law that mandates or even suggests this Court should not, as it has indicated, rehear the motion after the government provided relevant discovery.

First and foremost, Rule G(8), which was enacted subsequent to any published case cited by the government, by its own terms, gives a civil forfeiture claimant an absolute right to have a motion to suppress heard "if the defendant property was seized," as it was here. *See* Rule G(8)(a) ("If the defendant property was seized, <u>a party with standing</u> to contest the lawfulness of the seizure <u>may move to suppress</u> use of the property as evidence"). Recall: Rule G <u>must</u> be construed strictly in favor of claimants. (*See* Doc. 72 at 9 for discussion/authorities.)

Moreover, even before Rule G, appellate courts routinely held that collateral estoppel

---

[1] *See, e.g,* Doc. 73 at 40:20-23; at 24 (after discovery, claimant can brief and "submit [a renewed motion to suppress] to the Court with anything that you wish to attach [a]nd if I feel I need a hearing based upon what you have submitted, I can order it …"); at 38-39 (court stating on August 10, 2016 "claimant had filed a motion to suppress in which he argued that the dog that was involved in the sniff was not properly certified [which I] orally denied [ ] in a status conference [because] I held that there need not be an evidentiary hearing at this time, the main rationale being that the claimant was just guessing about the dog's credentials and had not served any discovery requesting information on the dog[;] I anticipate that the Government [sic] will serve discovery on the [claimant] about the dog and then [claimant will] refile its motion.")

1

does not apply to pretrial suppression motions in a later civil forfeiture action after a criminal prosecution, especially when the subsequent motion is litigated by different attorneys that may not have had an opportunity to present certain arguments and evidence. *U.S. v. Safari*, 849 F.2d 891, 893 (4th Cir. 1988) (collateral estoppel does not apply to federal government despite earlier court ruling granting suppression, even though state's attorney "was appointed as a Special Assistant United States Attorney for the prosecution of this [federal] case"); *U.S. v. Davis,* 906 F.2d 829, 834-35 (2nd Cir. 1990) ("it would be improper to deny the government an <u>opportunity to present its arguments</u> at a federal suppression hearing" and "focus" of inquiry must be on the "prosecutors", those with "authority to act" at the hearing) (emphasis added); *Stephens v. Attorney Gen.*, 23 F.3d 248, 249 (9th Cir. 1994) (state is bound by the federal court's suppression of the evidence "<u>only if state prosecutors</u> had <u>participated actively in the federal prosecution</u>", and since, "[a]t the federal hearing, the [state] detectives did not have the authority … to decide how the prosecution would proceed" collateral estoppel did not apply) (emphasis added) (citing *Davis, supra*); *U.S. v. Lauchli*, 724 F.2d 1279, 1282 (7th Cir. 1984) (no collateral estoppel of state court suppression ruling); *U.S. v. Lloyd*, 10 F.3d 1197, 1209 (6th Cir. 1993) (same).

      The government cites *B & B Hardware, Inc. v. Hargis Indus*., Inc., 135 S. Ct. 1293, 1298–99 (2015), but while the opinion states the general <u>reasoning</u> behind collateral estoppel, it merely held that a federal district court should not reconsider an issue under the Latham Act that was already decided by a federal administrative agency which was Congressionally created essentially for that specific purpose. 135 S.Ct. at 1310. *B & B Hardware* does not apply here.

      Similarly, *Dodge v. Cotter Corp.* 203 F.3d 1190, 1198 (10th Cir. 2000), cited by the government (Opp. 4), provides no support. While that initial opinion stated the general test for collateral estoppel, the same court, three years later, held that the district court incorrectly

2

applied the doctrine of offensive collateral estoppel (*id.* at 1193), and eventually the Court of Appeals, in 2003, held:

> [O]n the basis of our holdings in *Goebel* and *Velarde*, we reverse and remand *Dodge II* for a new trial … Furthermore, because the claims in *Dodge III* are the same as those alleged in *Dodge II* and because they depended upon this expert testimony just as much as the *Dodge II* claims, we have no recourse but to reverse and remand *Dodge III* for a new trial. [fn1]
>
> [fn1] Obviously, this conclusion moots the remaining issues [including collateral estoppel] raised in the cross-appeals. However, because the doctrine of offensive <u>collateral estoppel</u> might be reapplied on remand, the <u>district court should be mindful that such application impacts</u> both reliability of verdicts and <u>due process rights of defendants</u>.

*Dodge v. Cotter Corp.* 328 F.3d 1212, 1229-30 (10th Cir. 2003) (emphasis added).

The government also cites, in a footnote without discussion, a number of cases to support its position that collateral estoppel and issue preclusion applies here. Opp. 5 fn2.

First, the government cites to the unpublished *U.S. v. 16614 Cayuga Rd.*, 69 F. App'x 915, 918 (10th Cir. 2003), for the proposition that the "federal forfeiture claimant's motion to suppress was denied because claimant had previously litigated suppression in a prior prosecution." Opp. 5 fn 2. However, *16614 Cayuga* only perfunctorily concluded, without any discussion of what the issues were, that the claimant was "collaterally estopped from raising these Fourth Amendment issues as a defense to the civil forfeiture action, because these same issues were fully litigated in his state criminal prosecution and all of the criteria for application of collateral estoppel have been met." 69 F. App'x at 918. Of course, Tenth Circuit Rule 32.1(A) establishes that "[u]npublished decisions are not precedential" and may only "be cited for their persuasive value." Thus, *16614 Cayuga Rd* is certainly not binding, and it is not at all persuasive because it perfunctorily concludes that "all of the criteria for application of collateral estoppel have been met" without discussion or explanation.

The government also cites the out of circuit *U.S. v. 380 Little Canyon Rd.*, 59 F.3d 974,

3

979 (9th Cir. 1995) where the Ninth Circuit held that "[t]he legality of the state search was fully and fairly litigated in the state court prosecution" (*id.* 980), but like *16614 Cayuga Rd.,* the Court there does not explain what the contention was with regard to a challenged home search or provide any meaningful discussion for why allowing the Claimant to litigate a suppression motion in his civil forfeiture would have been a second "bite[ ] at the apple." *Id. 380 Little Canyon* is not persuasive here.

As can be seen from the published appellate authority,[2] if there is a different attorney litigating a subsequent suppression motion and **that attorney has new arguments or evidence that were not considered in the previous suppression motion,** then collateral estoppel is not a bar to the subsequent suppression motion. *E.g., Davis,* 906 F.2d at 834; *Stephens,* 23 F.3d at 249.

Here, as outlined in the declaration of counsel filed concurrently, Mr. Lewis's criminal attorney did not have the benefit of, or at least did not introduce, the (supposed) drug dog team's training and field deployment records and did not call any expert on drug dogs or aviation. Mr. Lewis's counsel in this case has obtained such records through discovery and will retain and call specific experts that counsel expects will establish that the dog team generally and in this case were unreliable based on the discovery obtained since the criminal suppression hearing. In short, Mr. Lewis now has the evidence he needs to prevail in undermining the supposed drug dog team, which was the principal failing of his suppression motion in his criminal case.[3]

Further, as outlined in counsel's declaration, at the criminal suppression hearing, no

---

[2] The government cites, <u>without discussion</u>, a couple of unpublished district court orders to support applying collateral estoppel here. Those orders are not applicable or persuasive here, especially because there is published authority on this issue.

[3] *Cf.* Case No. 2:16-cr-00019 Doc. 68 at 22 (this Court emphasizing that "defendants have argued the drug dog was not reliable, without offering any evidence to support this contention" and concluding, at 24-25, that "[t]he documents before the Court [ ] show the K-9 drug dog [ ] was certified [and] defendants' arguments with respect to the certification of the K-9 drug dog do not have merit[,] [f]urthermore, defendants have offered no evidence to the contrary [so] [b]oth affidavits offered with the search warrant application show probable cause").

witness was called for defense, but here, Lewis has a specific aviation expert who will testify that the employee at regional airport was wrong to claim that Lewis or the plane he came in on exhibited anything unusual or suspicious.

**2.    The Two Experts and New Evidence, Not Present At the Criminal Suppression Hearing, Negate Probable Cause and Will Require The Warrants Be Invalidated**

In short, without Lewis's actions with his plane being suspicious and a drug dog alert to the plane, the affidavit merely shows that two men flew into an airport, took their bags and stayed at a hotel, and wanted some privacy, food, and an HDMI cable. This is certainly not probable cause for anything. Thus, if Lewis succeeds through new documentary and expert testimony to undermine the suspiciousness of his plane/travel and to undermine the validity of the drug dog alert, the warrants must fail because they were not supported by probable cause.

Specifically, Mr. Falco, by "examin[ing] how the dog (or handler) performed in the [training and certification] assessments made in those settings" and using "evidence of the dog's (or handler's) history in the field", will "undermine the case for probable cause[.]" *Florida v. Harris*, 133 S. Ct. 1050, 1057-1058 (2013). The facts to which Mr. Falco will point regarding the dog team's training, field deployment history, and certification that undermine the case for probable cause, and (even though the good faith exception to exclusion is not available here) are by their very nature material facts that the affiant withheld and require the warrant be invalidated pursuant to *Franks v. Delaware* 438 U.S. 154 (1978) and its progeny.

Similarly and further, Mr. Bevington, by establishing that nothing regarding Lewis' plane/travel was unusual will show that the airport employee, in stating otherwise, made false and misleading statements that invalidate the warrant under *Franks*, or that the employee was akin to an informant who was unreliable under *Illinois v. Gates*, 462 U.S. 213, 236 (1983), *Draper v. United States*, 358 U.S. 307, 313, (1959) and their progeny.

5

Dated: 23 September 2016

Respectfully submitted,

*s/David M. Michael*
DAVID M. MICHAEL
LAW OFFICES OF DAVID M. MICHAEL
Attorney for Claimant

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on 23 September 2016, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*David M. Michael*
DAVID M. MICHAEL

6