DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
Law Offices of David M. Michael
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:     (415) 946-8996

JOE D. BUSTOS
400 E 20th Street
Cheyenne, WY 82001
Telephone:     (307) 638-4633

Attorneys for Defendant
SCOTT MICHAEL LEWIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>One Cessna Airplane, Model Number TU-206, bearing Tail Number N6214V and Serial Number U206-1189, and<br><br>$259,717 United States Currency,<br><br>     Defendants,<br><br>SCOTT MICHAEL LEWIS,<br><br>     Claimant. | **Civil Case No.: 2:14-cv-00151-ABJ** |

**CLAIMANT'S REPLY IN SUPPORT OF MOTION TO STAY**

Claimant has moved for a stay pending this Court's determination of the pending renewed motion to suppress, a motion that this Court specifically indicated could be made.[1] As discussed in the concurrently filed reply in support of Claimant's renewed motion to suppress, the doctrine of collateral estoppel is not a bar to renewing his motion, contrary to the government's citation to an out of circuit case and a handful of unpublished orders.

The government opposes a stay, and it is correct in so far as it states that whether to issue a protective order or a stay of discovery is within this Court's discretion. Doc. 76 at 3 ("within the sound discretion of the trial Court"). The government is also correct that this Court should consider the burden the proposed discovery may impose on defendants and the use of judicial resources the potential discovery implicates. *Id.*

Claimant's primary rationale was that under the facts of this case, a grant of the motion to suppress would be effectively dispositive, because the government has no independent evidence that the seized currency is connected to drug trafficking other than what was discovered in the challenged search (of the hotel room) which uncovered the large amount of currency. The government contends that it may still obtain forfeiture if the suppression motion is granted because it alleges that Claimant has some old incidents involving marijuana and an unidentified source has claimed that Claimant is generally involved in drug trafficking, but that of course is

---

[1] *See, e.g,* Doc. 73, Transcripts of Status Conferences, at 40:20-23 ("MR. MICHAEL: Oh, I thought we had -- and the Court is indicating that we can renew that motion with a request for an evidentiary hearing? THE COURT: Absolutely."); at 24 (after discovery, claimant can brief and "submit [a renewed motion to suppress] to the Court with anything that you wish to attach [a]nd if I feel I need a hearing based upon what you have submitted, I can order it …"); at 38-39 (court stating on August 10, 2016 "claimant had filed a motion to suppress in which he argued that the dog that was involved in the sniff was not properly certified [which I] orally denied [ ] in a status conference [because] I held that there need not be an evidentiary hearing at this time, the main rationale being that the claimant was just guessing about the dog's credentials and had not served any discovery requesting information on the dog[;] I anticipate that the Government [sic] will serve discovery on the [claimant] about the dog and then [claimant will] refile its motion.")

1

not enough to even survive summary judgment. *See, e.g., U.S. v. $49,576*, 116 F.3d 425, 428 (9th Cir. 1997) (no probable cause for forfeiture even though claimant travelled with a large amount of cash on "a one-way ticket [purchased] in cash just minutes before" his plane departed, gave dishonest answers when questioned, walked in a nervous manner, had inconsistent identifications, and did not have the key to unlock the luggage which contained the cash, a drug dog alerted to the money, claimant denied ownership of the money at the time of the search, and claimant "was once detained in connection with a drug-related crime."); *U.S. v. $31,990 in U.S. Currency*, 982 F.2d 851, 853 (2d Cir. 1993) (no probable cause for forfeiture even though money found in a cab with a small amount of cocaine was wrapped and packaged in a manner consistent with money used in drug trafficking and claimants had incredible explanation for it). Without being able to use the currency as evidence, the government's action is doomed, and any allegations of past marijuana activity and general contentions that Claimant is involved in drug trafficking will not sustain this forfeiture case. Noteably, where the res, itself, is suppressed, there has never been a case where the government could proceed with the litigation. There is a simple and obvious reason for that. Suppression, in this case as in many others, stops the government at the door to the hotel room. Whatever is discovered past that point, unless it is independently derived evidence, is simply inadmissible as evidence and cannot even be referred to in the case. That means that the government cannot even establish that there was currency seized.

Instead, the government opposes the stay primarily because of a purported fear that there will not be enough time after the court's resolution of the suppression motion to conduct all of the follow up discovery that it anticipates. Doc. 76 at 4 ("the United States anticipates there will be follow-up discovery requests after Mr. Lewis is deposed [but] [u]nder the Amended Initial

2

Pretrial Order, such requests would have to be made in advance of October 14, 2016 … even a short delay in deposing Mr. Lewis could prejudice the United States' ability to obtain the discovery to which it is entitled.")

It is doubtful that the government would even be entitled to regular discovery if the suppression motion was granted. See, e.g., *U.S. v. $191,910.00*, 16 F.3d 1051, 1066 (9th Cir. 1994) and *U.S. v. $ 493,850.00,* 518 F.3d 1159, 1168-9 (9th Cir. 2008) (the government, in order to properly institute a forfeiture action, must have sufficient evidence to constitute probable cause for forfeiture at the time it files its complaint and may not use evidence acquired after the filing of the complaint to show that probable cause existed at the time the complaint was filed); *U.S. v. Appx. $1.67 Million in U.S Currency, Stock and Other Valuable Assets*, 513 F.3d 991,1001 (9th Cir. 2008) (same); *U.S. v. $ 186,416.00*, 527 F. Supp. 2d 1103, 1115-19 (C.D. Cal 2007) (same) (*aff'd in relevant part* at 590 F.3d 942, 948-9 (9th Cir. 2010); *U.S. v. $ 17,700.00*, 2008 U.S. Dist. LEXIS 96938 at *16 (C.D. Cal. 2008) (same).

Yet, even if the government was entitled to discovery and their fear that the current deadline is unworkable had some merit, Claimant would have no objection to a small extension of time for any fact discovery, and the Court would certainly be able to continue its own deadline by some amount of time sufficient for the government to obtain follow up discovery. The government concedes this, but claims, without citation to any authority, that it would "inconvenient for the Court and an inefficient use of judicial resources." Doc. 76 at 6.  This is a thin reed to use to justify continuing a case before a dispositive motion to suppress is decided and seems to be inherently contradictory.  The real inconvenience would be to allow further discovery when there is no clear determination by the Court as to what is and what is not admissible evidence and, consequently, what can be inquired about in that further discovery.

3

At the very least, this Court should issue a protective order indicating that the government cannot obtain or introduce aspects about the defendant currency which the Court suppresses pursuant to Rule G(8)(a). For example, the government should not through discovery be able to reconstruct the amount or establish how or where the currency was found, as that will be prohibited via a suppression order in this case.

Finally, the government contends that "moderate" media coverage of this case weighs against a stay because the public is interested in this case by citing *In Re Special Proceedings*, 840 F. Supp. 2d 370, 376-77 (Dist. D.C. 2012) regarding the popular Senator Ted Stevens. The Court there found that "the public interest in timely disclosure of the results of Mr. Schuelke's investigation is evidenced by the public statements of members of the United States Senate, the national media, and the Attorney General himself", citing to specific articles evincing that interest. 840 F. Supp. 2d 370, 377. This case is hardly comparable to a case involving a sitting US Senator, and there is no public harm from a short stay of discovery, especially considering that discovery in this case was stayed for months because the of the criminal prosecution.

For the foregoing reasons, the Court should grant the short stay or issue a protective order delineating that the government not use discovery as a alternative method of introducing the fruits of its illegal searches into this case.

Dated: 23 September 2016

                            Respectfully submitted,

                            *s/David M. Michael*
                            DAVID M. MICHAEL
                            LAW OFFICES OF DAVID M. MICHAEL
                            Attorney for Claimant

**CERTIFICATE OF ELECTRONIC SERVICE**

  I hereby certify that, on 23 September 2016, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            s/*David M. Michael*
            DAVID M. MICHAEL

5