United States District Court
For The District of Wyoming

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL.,<br><br>Defendants. | Civil No. 14-CV-151-ABJ |

**ORDER REVERSING MAGISTRATE JUDGE RANKIN'S ORDER REQUIRING FURTHER RESPONSES TO LIMITED RULE G(6) INTERROGATORIES**

This matter comes before the Court on *Claimant's Local Rule 74.1(a) "written statement of reconsideration" of Magistrate's Order requiring further responses to limited Rule G(6) Interrogatories*, ECF No. 52, the Government's opposition thereto, ECF No. 53, and Claimant's further reply, ECF No. 54. The Court having carefully considered the Motion, Response, and Reply, and being fully advised in the premises, FINDS:

### BACKGROUND

This case is originally before the Court on the Government's Verified Complaint for Forfeiture *In Rem* filed after Plaintiff seized One Cessna Airplane, Model Number

1

TU-206 and $259,717 in United States Currency in connection with a criminal investigation suggesting the aforementioned property was utilized in illegal drug trafficking. Verified Complaint for Forfeiture *In Rem* 9-10, Aug. 1, 2014, ECF No. 1. Following the seizure of the Defendant Property, Scott Lewis (Claimant) filed two Verified Claims Opposing Forfeiture, asserting an ownership and possessory interest in the Defendant Property. *See* Verified Claim of Scott Lewis Opposing Forfeiture 1, Sept. 3, 2014, ECF No. 9.

The Government subsequently filed a motion to strike Claimant's claims, arguing Claimant "failed to adequately identify both the specific property claimed and his interest in the Defendant Property." Mot. to Strike Claim and Answer of Claimant Scott Michael Lewis for Failure to Comply with Supplemental Rule G 2, Oct. 31, 2014, ECF No. 19. The Court denied the Government's Motion to Strike, holding Claimant had statutory standing and constitutional standing to maintain his claim to the Defendant Property at the pleading stage. Order Den. Pl.'s Mot. to Strike Claim 4, 6, Dec. 4, 2014, ECF No. 26. However, the Court reserved judgment on standing at later stages in the case. *Id.*

Following the Court's denial of the Government's Motion to Strike, the case was ultimately stayed until September 8, 2015. *See* Order Granting Mot. to Stay and Vacating Initial Pretrial Conference 4, Dec. 4, 2014, ECF No. 27; Order 1, Mar. 5, 2015, ECF No. 30; Order Granting Mot. to Continue Stay 1, July 10, 2015, ECF No. 38.

After the stay was lifted, the Government served Claimant with six special interrogatories under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking "the claimant's identity and relationship to

2

the [D]efendant [P]roperty." United States' Mot. to Compel Complete Resps. to Special Interrogs. 2, Nov. 13, 2015, ECF No. 44. Claimant's counsel objected to several of the special interrogatories on the basis that the interrogatories exceeded the scope of Supplemental Rule G(6). *Id.* at 3. Subsequently, the Government filed a Motion to Compel Claimant's responses. *Id.*

On December 9, 2015, Magistrate Judge Rankin entered an *Order Granting United States' Motion to Compel Complete Responses to Special Interrogatories.* ECF No. 49. On December 23, 2015, Claimant timely filed an appeal of this order. ECF No. 52.

Two weeks after filing his appeal, Claimant filed *A Motion to Stay Case*, in which he asked the Court to stay the case pursuant to 18 U.S.C. § 981(g)(2) because the Government obtained an indictment against Claimant stemming from the same series of events leading to the forfeiture. The indictment charged Claimant with conspiring to willfully operate an unregistered aircraft in violation of 49 U.S.C. §46306(b)(6)(A), 18 U.S.C. § 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946). Case No. 16-cr-00019-ABJ ("related criminal case"), Doc. 1. EFC No. 56. On January 27, 2016, the Court granted Claimant's request for a stay. ECF No. 57.

On June 28, 2016, after the related criminal proceedings ended, the parties filed a Joint Status Report. ECF No. 28. The parties stated the criminal proceedings concluded and requested to proceed with the civil proceedings. Accordingly, the Court set a status conference to outline the remainder of the instant case and resumed its consideration of

Petitioner's appeal of Magistrate Judge Rankin's *Order Granting United States' Motion to Compel Complete Responses to Special Interrogatories*.

### STANDARD OF REVIEW

A magistrate judge's non-dispositive order can only be set aside by a district judge if it is "clearly erroneous or contrary to law." U.S.D.C.L.R. 74.1(a); *Williams v. Vail Resorts Dev. Co.*, No. 02-CV-16-J, 2003 WL 25768655, at *2 (D. Wyo. Nov. 17, 2003). Under the "clearly erroneous" standard, the district court must affirm the magistrate's order unless it has a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988); *see Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.").

Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if the magistrate judge applied an incorrect legal standard. *Williams*, 2003 WL 25768655, at *2. "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright et al., Federal Practice and Procedure § 3069 (2d ed. 1997).

### MAGISTRATE JUDGE RANKIN'S RULING

Magistrate Rankin identified the instant issue as whether Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Rule G(6)) requires Claimant to provide additional information regarding his relationship with the Defendant Property to the Government. ECF No. 49, p. 4. Magistrate Judge Rankin recognized that information regarding standing is the focus of Rule G(6), but specifically chose not to address whether Claimant had standing in this case. ("The Court is not determining whether Claimant has adequately established standing to maintain his claim." ECF No. 49, pp.3–4).

Magistrate Judge Rankin relied on Supplemental Rule G(6), its accompanying committee notes, and the following cases in support of his holding: *United States v. $133,420.00,* 672 F.3d 629, 642 (9th Cir. 2012); *United States v. $104,250.00 in U.S. Currency,* 947 F. Supp. 2d 560, 563 (D. Md. 2013); *United States v. Real Property Located at 17 Coon Creek Road, Hawkins Bar CA, Trinity County,* 787 F.3d at 979 (9th Cir. 2015); *United States v. $209,815 in U.S. Currency,* No. C 14-0780 SC, 2014 WL 2959304, at *2 (N.D. Cal. June 30, 2014); *United States v. $307,970.00 in U.S. Currency,* No. 4:12-CV-136-FL, 2013 WL 4095373, at * (E.D.N.C. Aug. 13, 2013). Magistrate Judge Rankin also considered the two cases that Claimant relied on: *United States v. Funds in the Amount of $239,400,* 795 F.3d 639, 645 (7th Cir. 2015) and *United States v. $154,853 in U.S. Currency,* 744 F.3d 559, 564 (8th Cir. 2014).

Ultimately, Magistrate Judge Rankin found as follows:

- "Based on the case law stemming from the Ninth Circuit, numerous district courts around the country, and principles of statutory interpretation, the Court finds the Government is entitled to the information sought in its Rule G(6) special interrogatories."

- "The persuasive evidence is clear: a claimant's vague assertion of an ownership or possessory interest entitled the Government to use Rule G(6) special interrogatories to discover information about that interest regardless of whether the interest is legitimate or illegitimate."

- "The Government in this case is not requiring Claimant to prove legitimate ownership with its special interrogatories, if it were, Claimant would be correct. What the Government seeks to do is gather more information regarding Claimant's ownership of Defendant Property in order to determine whether standing, as proscribed by the supplemental rules and Article III, is proper. Without information beyond Claimant's naked assertion of ownership, the Government cannot meaningfully test the validity of Claimant's claim."

### PARTIES' ARGUMENTS

In his appeal, Claimant outlines the following specific objections to the Magistrate Judge Rankin's Order: (1) Magistrate Judge Rankin should not have avoided making a determination as to whether Claimant had standing to maintain his claim because that is both the purpose and limitation of Rule G(6); (2) Magistrate Judge Rankin was incorrect to hold that "interpretation of Rule G(6) provides that the Government is entitled to

additional specificity to conduct a standing analysis when a claim vaguely asserts an ownership or possessory interest" because Claimant asserted an ownership, not possessory, interest and Claimant did provide additional information in response to the special interrogatories that established his standing; (3) Magistrate Judge Rankin's holding that Rule G(6) must allow the Government to extract information beyond that required in Rule G(5) is erroneous because it implicitly and incorrectly finds that Claimant's Rule G(6) responses provided nothing more than what Rule G(6) required; (4) Magistrate Rankin's holding that the Government lacks any additional facts to test the validity of Claimant's claims and thus cannot ensure Claimant is the true owner of the property is improper because it puts the burden on Claimant and intertwines the issues of the merits of the case and standing; and (5) Magistrate Rankin was incorrect to hold that Claimant gives the Government little opportunity to test his credibility regarding his interests in the Defendant property because Claimant's credibility goes to the merits of the case and has no merit on whether he has standing.

Claimant goes on to argue that he has established standing, even at the later summary judgment stage, and thus he cannot be made to prove his innocent ownership in Rule G(6) interrogatory responses and no further G(6) responses are necessary. Claimant focuses on the limited scope of the Rule G(6) responses to gather information that bears on the claimant's standing. Claimant rebuts Magistrate Judge Rankin's holding that Rule G(6) is rendered superfluous because (1) whether claimant came to own the property illegally, he still has standing if he claims to own the property seized from him; and (2)

the government still receives Rule G(6) responses regarding Claimant's identity and Claimant's relationship to the property.

In response, the Government argues that Magistrate Rankin was correct in applying the law from *United States v. $133,420.00 in United States Currency*, 672 F.3d 629 (9th Cir. 2012) because it was not dicta and correct in distinguishing *United States v. Funds in the Amount of $239,400.00*, 795 F.3d 639 (7th Cir. 2015) and *United States v. $154,853 in United States Currency*, 744 F.3d 559, 564 (8th Cir. 2014). In support of its argument, the Government points out that a lower court relied on *United States v. $133,420.00 in United States Currency*, 672 F.3d 629 (9th Cir. 2012) to reject a similar argument and grant a motion to compel answers to interrogatories that are nearly identical to the interrogatories submitted to Claimant by the Government in this case. *See United States v. $209,815.00 in US Currency*, 2014 WL 2959304 *2 (N.D. Cal. June 30, 2014) (unpublished). The Government goes on to cite three additional cases that stand for the same propositions relied upon and cited by Magistrate Judge Rankin. In sum, the Government argues that the plain text of the rule, the advisory committee notes, the principles of statutory construction, and the overwhelming number of decisions which have analyzed the issue demonstrate the Government is entitled to obtain the information requested through Supplement Rule G(6). The Government urges the Court to uphold Magistrate Judge Rankin's order and require Claimant to provide complete responses to the special interrogatories propounded by the Government within seven days of this Court's order.

## ANALYSIS

F.R.C.P. Supp. R. for Admiralty or Mar. Claims & Asset Forfeiture Actions G(6)(a) provides "[t]he government may serve special interrogatories limited to the Claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." The advisory committee notes clarify that the purpose of the limited special interrogatories is to gather information that bears on claimant's standing. *Id.* at advisory committee notes Subdivision(6).

In the Order on appeal, Magistrate Judge Rankin stated:

> The Court is not determining whether Claimant has adequately established standing to maintain his claim. *See United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 641 (7th Cir. 2015) ("But rather than striking the claims . . . the district court drew an adverse inference against the claimants with respect to standing); *United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar CA, Trinity Cnty.*, 787 F.3d 968, 975 (9th Cir. 2015) (holding "noncompliance with Rule G(6)" does not amount to "a per se . . . standing defect.

ECF. No. 49, p. 4. The Court understands that Magistrate Judge Rankin was in a difficult position and forced to avoid the question of standing because it may have been a dispositive issue in the case. Nevertheless, the Court finds his holding impliedly finds that Claimant did not meet his burden to establish standing at this stage of the litigation. Judge Rankin found that "Claimant in this case has simply claimed an ownership and possessory interest in the property. 947 F. Supp. 2d at 563. Based on this vague assertion, the Government lacks any additional facts to test the validity of Claimant's Claims and thus cannot ensure Claimant is the true owner of the property and not a

courier for a third party." ECF No. 49, p. 9. In essence, Magistrate Judge Rankin found that the Government was entitled to Rule G(6) interrogatories because Claimant had not provided enough evidence in support of his ownership and possession of the res at issue to establish standing.

It is necessary to make a standing determination when considering Government's motion to compel because the Government is only allowed to submit Rule G(6) limited interrogatories to gather information that *bear on the claimant's standing*. If Claimant has already provided sufficient information to establish standing, it stands to reason that the Government has no need for Rule G(6) interrogatories and thus, there would be no need to compel further responses. Thus, this Court will make such determination and determine its effect on the Motion to Compel.

### a.  Standing

While Article III standing is required in all cases, Rule G(5) requires a claimant to also establish procedural statutory standing by proving he or she has (1) filed a timely claim and answer, (2) the claim is properly verified, (3) identified himself or herself and an interest in the property, and (4) serve the verified complaint on the government attorney. F.R.C.P. Supp. R. for Admiralty or Mar. Claims & Asset Forfeiture Actions G(5)(a)(i). The Court persists in its finding that Claimant established procedural standing by complying with the requirements in Rule G(5). ECF No. 26.

The Court will now consider whether Claimant has established Article III standing. The Court finds that the controlling law on whether Claimant has met his

burden to establish standing is *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1273, which Magistrate Judge Rankin did not outwardly consider. "As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1273.

In *United States v. $148,840.00*, the Tenth Circuit Court of Appeals considered whether a claimant, at the summary judgment stage, had constitutional standing to challenge a forfeiture action when: (1) it was undisputed that the property was taken from the claimant's possession, (2) the claimant repeatedly stated he was the owner of the property, and (3) claimant invoked his Fifth Amendment privilege against self-incrimination when asked specific questions about the property. 521 F.3d at 1268–1273. The Tenth Circuit Court of Appeals stated:

> The government cannot prevent every person unwilling to completely explain his relationship to property that he claims to own, and that is found in his possession and control, from merely contesting a forfeiture of that property in court. It may well be that forfeiture ultimately will prove appropriate, but we find it obvious that such a claimant risks injury within the meaning of Article III and thus may have his day in court. We thus hold that when a claimant has asserted an ownership interest in the res at issue and has provided some evidence tending to support the existence of that ownership interest, the claimant has standing to challenge the forfeiture.

*Id.* at 1276 (10th Cir. 2008).

Under Tenth Circuit law, in forfeiture cases, the nature of proof for constitutional standing differs based on whether a claimant purports to be the possessor or the owner of the defendant property. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1274–75. In *$148,840.00 in U.S. Currency,* the Tenth Circuit Court of Appeals went

11

through a lengthy discussion delineating how one establishes standing for a possessory interest versus an ownership interest. In sum, the court noted that when a claimant asserts a possessory interest, more evidence is required to establish standing. ("The court have required the claimant to provide evidence tending to support the legitimacy of the possessory interest alleged before the claimant will have standing." *Id.* at 1275. (citing *United States v. $321,470 in U.S. Currency,* 874 F.2d 298, 303 (5th Cir.1989); *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d Cir.1989)).

Regarding an ownership interest, the Tenth Circuit Court of Appeals found a Fifth Circuit case, *$38,570 in U.S. Currency,* persuasive. 950 F.2d 1108, 1112 (5th Cir. 1992). In *$38,570 in U.S. Currency*, the Fifth Circuit held that "a bare assertion of ownership in the res, without more, is inadequate to establish standing," but also concluded that when coupled with evidence of claimant's involvement in the res, a bare assertion of ownership is enough to confer Article III standing.

The Tenth Circuit Court of Appeals also relied on a Ninth Circuit case, *$191,910.00 in U.S. Currency*, in which the Ninth Circuit held that a claimant from whom money was seized (1) asserted he **owned** the money and was carrying some for a client, (2) did not disclaim knowledge of the money, (3) asked for a receipt, and (4) was in possession of the money when the police seized it, had asserted a colorable claim of possessory and ownership interest sufficient to support standing. *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1057–58 (9th Cir.1994).

The Tenth Circuit ultimately held that "[T]he [claimant's] assertion of ownership [was] assumed to be true on this record, and because the currency was indisputably

12

seized from a vehicle that [the claimant] was driving, we hold [the claimant] established constitutional standing at this stage of the litigation. He has both made a claim of ownership over the currency and provided some evidence tending to substantiate that claim, as he had obvious possession and control over the currency when it was taken." *Id.* at 1277.

The Court finds *United States v. $290,000.00 in U.S. Currency*, 249 F. App'x 730, 733 (10th Cir. 2007) (unpublished) instructive on the issue of clarifying one's interest in the property after submitting a verified claim and its effect on the standing analysis. In *$290,000.00 in U.S. Currency*, in a forfeiture action, the Tenth Circuit found that the claimant failed to prove that she had standing to contest the forfeiture based on ownership of the res money. *Id.* Although the claimant alleged in writing an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property, during her deposition she refused to say whether she was the owner of the money. Specifically, the Tenth Circuit stated,

> Last, although the claimant alleged in writing "an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property," Aplt. App. at 21, she refused to say at her deposition whether she was the owner of the money. Therefore, district court correctly held that ownership could not form the basis for standing. As to possession, she failed to establish anything more than naked possession, which does not constitute a sufficient possessory interest to confer standing. In a case with similar facts, the Fifth Circuit held that "[u]nexplained naked possession of a cash hoard ... does not rise to the level of the possessory interest requisite for standing to attack [a] forfeiture proceeding." *United States v. $321,470, U.S. Currency,* 874 F.2d 298, 304 (5th Cir.1989). The Sixth Circuit has likewise held that unexplained naked possession of money is insufficient to confer standing. *See United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 498 (6th Cir.1998) (holding that although a property interest less than ownership, such as an assignment

13

or bailment may be sufficient to confer standing, "naked possession" claims are not sufficient without "some explanation or contextual information regarding the claimant's relationship to the seized property").

The Court reads *$290,000.00 in U.S. Currency* to say that if the claimant in that case had stated in her deposition, under oath, that she was the owner of the res, her sworn statement coupled with her possession of the res at the time of seizure would have been sufficient to treat the claimant as an owner for the standing analysis.

In the instant case, in his Verified Claim, Claimant stated, under penalty of perjury, that he has an ownership **and** possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property. ECF No. 9. Then, unlike in *$290,000 in U.S. Currency,* he clarified in his interrogatories, "I **own** the Defendant $259,717 United States Currency and it was seized from my possession." ECF. No. 44-2, p. 8 (emphasis added). Claimant's clarification of ownership of the res at issue, under the penalty of perjury, affects the Court's analysis of whether Claimant has met his burden to establish standing. To the court's knowledge, Claimant has not yet been deposed.

Magistrate Judge Rankin did not consider the other evidence in the case that lends support to Claimant's claim of ownership, and thus standing, as directed by the Tenth Circuit in *United States v. $148,840.00 in U.S. Currency.*[1] The Government's Complaint acknowledges that Claimant was one of two persons from whose hotel room the currency

---

[1] Without information beyond Claimant's naked assertion of ownership and a possessory interest, the Government cannot meaningfully test the validity of Claimant's claim. *$104,250.00 in U.S. Currency*, 947 F. Supp. at 563. ECF No. 49.

was seized, which substantiates claimant's ownership of or involvement with the res. *See* Compl., ECF. No. 1. ("The Defendant-Property was seized from Scott Lewis and Gilbert Wiles on February 28, 2014."). This demonstrates Claimant's control over and involvement with the res. Accordingly, the Court finds that Claimant has provided evidence in support of his ownership claim that is very similar to the claimant's evidence in *United States v. $148,840.00 in U.S. Currency*. Thus, the Court finds that Claimant has met his burden to establish standing at this point in the litigation.

The Court's conclusion that Claimant has constitutional standing to challenge the forfeiture at this point in the proceedings "does no more than give him the right to contest that his property rights in the cash [and plane] are properly subject to forfeiture." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d at 1278. As recognized in *United States v. $148,840.00 in U.S. Currency*, forfeiture may ultimately prove appropriate, but the Court finds "that such a claimant risks injury within the meaning of Article III and thus may have his day in court." *Id.* at 1276. Unless the Government provides new evidence to refute Claimant's allegations of ownership or to create a genuine issue of material fact regarding standing, the Court will persist in this ruling through summary judgment stages of the case.

### b. Effect of standing determination on Motion for Reconsideration

The Court finds that Claimant raised two meritorious objections in his Motion for Reconsideration: (1) in order to determine whether to compel Claimant to respond to the Rule G(6) interrogatories, which are limited in scope and bear only on the issue of

standing, the Court must first consider whether Claimant has already satisfied his burden to demonstrate standing; and (2) there are different standards for demonstrating standing if a person asserts a possessory interest or an ownership interest. Based on the discussion above, the Court finds that Magistrate Judge Rankin failed to make a standing determination.  Because Rule G(6) interrogatories are limited in scope and only permitted to gather information that bears on standing, and because the Court finds that Claimant has met his burden to establish standing as a claimed owner of the res at issue, the Court will not compel Claimant to further answer the Rule G(6) interrogatories.

### CONCLUSION

The Court hereby GRANTS Claimant's Motion for Reconsideration and REVERSES Magistrate Judge Rankin's Order compelling Claimant to provide further answers to the Rule G(6) Interrogatories.

Dated this 5th day of October, 2016.

Alan B. Johnson
United States District Judge