United States District Court

For The District of Wyoming



| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Civil No. 14-CV-151-ABJ |
| ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL., | |
| Defendants. | |

**ORDER DENYING CLAIMANT'S RENEWED MOTION TO SUPPRESS AND MOTION FOR EVIDENTIARY HEARING**

This matter comes before the Court on *Claimant's Renewed Motion to Suppress and Motion for Evidentiary Hearing* (ECF No. 72), the Government's response (ECF No. 75) and Claimant's further reply (ECF No. 79). After considering the parties' arguments, the Court orders as follows.

## Background

This case is originally before the Court on the Government's Verified Complaint for Forfeiture *In Rem* filed after Plaintiff seized One Cessna Airplane, Model Number TU-206 and $259,717 in United States Currency in connection with a criminal investigation suggesting the aforementioned property was utilized in illegal drug trafficking. Verified Complaint for Forfeiture *In Rem* 9-10, Aug. 1, 2014, ECF No. 1.

1

Following the seizure of the Defendant Property, Scott Lewis (Claimant) filed two

Verified Claims Opposing Forfeiture, asserting an ownership and possessory interest in

the Defendant Property. *See* Verified Claim of Scott Lewis Opposing Forfeiture 1, Sept.

3, 2014, ECF No. 9. The case was ultimately stayed until September 8, 2015. *See* Order

Granting Mot. to Stay and Vacating Initial Pretrial Conference 4, Dec. 4, 2014, ECF No.

27; Order 1, Mar. 5, 2015, ECF No. 30; Order Granting Mot. to Continue Stay 1, July 10,

2015, ECF No. 38.  Discovery ensued.

On October 27, 2015, the Court lifted the stay in a status conference.  ECF Nos.

40, 41.  On November 2, 2015, Claimant filed a *Motion to Set Aside/Suppress Evidence*

*or Quash*. ECF No. 43.[1] The Government responded.  ECF No. 45.  The Court, at the

Claimant's request, set a hearing on the Motion to Suppress for December 17, 2015.

Prior to the hearing, the Government filed a *Motion to Continue Suppression Hearing*

*and Request for a Scheduling Conference*, in which the Government requested the Court

to hold a hearing to determine what evidence must be presented at the suppression

hearing because the Government argued there were no disputed facts before the Court.

ECF No. 48.  The Court granted the Government's motion and set a scheduling

conference for December 18, 2015.  ECF. No. 50.  During the scheduling conference, the

Court orally ruled that there was nothing in the record before it that would impeach or

raise issues concerning the use of the dog, the affidavits before the court were significant,

and the absence of discovery to demonstrate certification was noticeable.  The Court

ruled that there were no issues of fact ripe for an evidentiary hearing and notified the

---

[1] The Court will summarize the parties' arguments below.

parties that it would reconsider a motion to suppress once discovery on the issue of the dog certification was complete. ECF No. 70, Transcript of Scheduling Conference, pp. 18–23.

Following the scheduling conference, on January 25, 2016, Claimant filed *A Motion to Stay Case*, in which he asked the Court to stay the case pursuant to 18 U.S.C. § 981(g)(2) because the Government obtained an indictment against Claimant stemming from the same series of events leading to the forfeiture. The indictment charged Claimant with conspiring to willfully operate an unregistered aircraft in violation of 49 U.S.C. §46306(b)(6)(A), 18 U.S.C. § 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946). Case No. 16-cr-00019-ABJ ("related criminal case"), 16-cr-19, ECF No. 1. 14-cv-1511, EFC No. 56. On January 27, 2016, the Court granted Claimant's request for a stay. 14-cv-151, ECF No. 57. Relevant to the instant motion, Claimant filed a motion to suppress in the related criminal matter on March 25, 2016. 16-cr-00019, ECF. No. 42. The Court denied Claimant's Motion to Suppress in the related criminal matter on April 13, 2016. 16-cr-119, ECF No. 68.

On June 28, 2016, after the related criminal proceedings ended, the parties filed a Joint Status Report. 14-cv-151, ECF No. 59. The parties stated the criminal proceedings concluded and requested to proceed with the civil forfeiture proceedings. *Id*. In response, the Court held a status conference on August 3, 2016 and issued an Amended Initial Pretrial Order. ECF Nos. 63 and 64. On September 7, 2016, Claimant filed his renewed Motion to Suppress. ECF No. 72.

## Parties' Arguments

Claimant argues that suppression of the evidence is required because the drug dog was not reliable and the search warrant for the hotel room was not supported by probable case.  Specifically Claimant argues that the exclusionary rule applies in the civil forfeiture context because the cases are "quasi-criminal."  Claimant relies on the Fourth Amendment and Supplemental Rule G(8)(a) that allows for a claimant with standing to contest the lawfulness of a seizure and move to suppress the property as evidence. Claimant goes on to urge that in civil forfeiture cases the "*Leon* good faith exception" does not apply to permit introduction of tainted evidence because Rule G(8)(a) is a congressionally-created remedy that the judiciary cannot modify.  Claimant contends that Lewis has Fourth Amendment standing to challenge the searches and seizures at issue because he has a legitimate expectation of privacy in the hotel room.

Next, Claimant goes on to note his intent to cross examine Agent Martinez, the Government's aviation expert, regarding his identified, alleged indicators of claimant's illegal activity used to establish probable cause.  Claimant argues that Agent Martinez's use of the phrase "alleged indicators of illegal activity" is a self-serving, impregnable representation and 11 of his 12 identified indicators are representative of innocent behavior commonly performed by general aviation pilots.

Claimant then challenges the reliability of the drug dog used here.  He states that it "remains to be seen whether the dog's records[2] and expert testimony will support that he is sufficiently reliable of that his alleged alert was probative of anything."  Claimant provides the Court with "an anticipated," but not yet retained, expert witness that he plans to have testify on behalf of claimant on the issue of dog sniff reliability.

Finally, Claimant argues that the affidavit lacks probable cause to justify the search of the hotel room.  After laying out the relevant standards for probable cause, Claimant argues that the warrant affidavit failed to provide some facts that would support the inference that drugs or drug related items would be found in the hotel room because a dog alert indicated the drugs were in the plane not the hotel room.  Claimant contends that the affidavit is filled with speculation, threadbare suspicions, and was so lacking in probable cause that no agent could reasonably rely upon the warrant when conducting the search.  Thus, Claimant concludes that the warrant must be quashed and the evidence seized from the hotel room suppressed.

The Government argues that Claimant should be estopped from re-litigating the Fourth Amendment issues because the Court previously denied a substantively identical motion to suppress filed by Claimant in the related criminal proceedings.  In the alternative, the Government argues that the affidavit provided the Magistrate judge a substantial basis to believe that evidence of drug trafficking was located in the plane and

---

[2] The Court initially denied Claimant's Motion to Suppress because he had not sought the dog's records in discovery.  Claimant renewed his motion without doing the exact thing the Court directed him to do before renewing his motion.

the hotel room and truthfully reported that the drug dog was certified and nothing more was required, and that  the officers relied on the warrants in good faith.

## Discussion

The Court will first consider the Government's argument that Claimant is estopped from re-litigating the issues in his motion to suppress before considering the merits of Claimant's motion to suppress.

In response to the Government's collateral estoppel argument, Claimant argues that that collateral estoppel does not prohibit his renewed motion because (1) Rule G(8) gives a civil forfeiture claimant an absolute right to have a motion to suppress heard if the defendant property was seized and (2) appellate courts have routinely held that collateral estoppel does not apply to pretrial suppression motions in a later civil forfeiture actions after a criminal prosecution, especially when the subsequent motion is litigated by different attorneys who many not have had an opportunity to present certain arguments and evidence.  Claimant goes on to analyze and distinguish the case law cited by the Government.

The Court will first look generally at whether collateral estoppel applies to pretrial suppression motions in a later civil forfeiture actions after criminal prosecution.

> Collateral estoppel bars the successive litigation of any issue of law or fact "once [it has] been determined by a valid and final judgment." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). That is, the doctrine "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *Melnor, Inc. v. Corey (In re Corey),* 583 F.3d 1249, 1251 (10th Cir.2009). In this way, collateral estoppel, frequently referred to as "issue preclusion," aims to promote judicial efficiency, encourage reliance on previously adjudicated

matters, and avoid inconsistent rules of decision. *Nichols v. Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.,* 506 F.3d 962, 967 (10th Cir.2007). Federal law governs the scope of the preclusive effect given to federal-court decisions. *See Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 500, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).

In unpublished decisions, the Tenth Circuit Court of Appeals has addressed the issue of whether a claimant is estopped from raising issues in a motion to suppress in a forfeiture proceeding if his motion to suppress raises identical issues as a motion to suppress in the claimant's criminal proceedings. In *Anderson v. United States*, a claimant was convicted by a jury of a conspiracy to distribute cocaine and possession with intent to distribute cocaine. 62 F. App'x 883, 884 (10th Cir. 2003) (unpublished). After his conviction, and after the Tenth Circuit Court of Appeals affirmed his conviction, he filed a motion under Fed. R. Crim. P.41(e) seeking the return of the currency that was seized pursuant to search warrant. *Id.* The district court treated the claimant's motion as an equitable civil motion for return of property. *Id.* The district court granted summary judgment in favor of the government and held that the amounts were subject to forfeiture and that the claimant was collaterally estopped from challenging the legality of the seizures or alternatively, there were no genuine issues of material fact regarding the legality of the seizures. *Id.* The claimant appealed the district court's grant of summary judgment. On the issue of whether the district court erred in applying collateral estoppel from precluding the claimant from challenging the seizures, the Tenth Circuit stated and held,

> As to the seizure of evidence from his car, prior to his criminal trial, Anderson filed a motion to suppress the $55,489.79 on the ground that the search of his car was unlawful. After conducting a hearing, the district court denied the suppression motion; Anderson did not directly appeal the denial. As a result, we agree with the district court that Anderson is collaterally estopped from relitigating the legality of the search of his car. As for the seizure of evidence from his residence, however, the doctrine of collateral estoppel is not applicable as the legality of the search of Anderson's residence was not actually litigated in the criminal case. *See Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 765 (10th Cir.1988).  Nonetheless, we agree with the district court's alternative holding that Anderson failed to raise a genuine issue of material fact for trial regarding the legality of the search of his residence.

*Anderson v. United States*, 62 F. App'x 883, 885–86 (10th Cir. 2003).

The Tenth Circuit Court of Appeals, in *United States v. One Parcel of Real Prop. Known as 16614 Cayuga Rd.*, also an unpublished opinion, upheld a lower court's denial of a motion to suppress in a forfeiture action.  69 F. App'x 915, 918 (10th Cir. 2003).  The Tenth Circuit held, without a detailed analysis as pointed out by Claimant in the instant case, as follows:

> [Claimant] is collaterally estopped from raising these Fourth Amendment issues as a defense to the civil forfeiture action, because these same issues were fully litigated in his state criminal prosecution and all of the criteria for application of collateral estoppel have been met. *See United States v. 6380 Little Canyon Road,* 59 F.3d 974, 979–80 (9th Cir.1995) (abrogation on other grounds recognized by *United States v. $273,969.04 U.S. Currency,* 164 F.3d 462, 466 n. 3 (9th Cir.1999)).

The Court notes that the District Court for the District of Colorado has also applied the principle of collateral estoppel to a motion to suppress filed in a forfeiture action after a state court had previously denied a similar motion to suppress in the claimant's criminal

proceedings.  *United States v. $393,550.00 in United States Currency*, No. 13-CV-00933-

CMA-BNB, 2014 WL 4179451, at *4 (D. Colo. Aug. 22, 2014) (unpublished)

Claimant argues that these opinions are merely persuasive and thus should not be

relied on by this Court.  The Court agrees with Claimant that the cases cannot be cited as

binding authority pursuant to CTA10 Rule 32.1.  The Court, however, finds the above-

cited cases persuasive and indicative of how the Tenth Circuit Court of Appeals, in a

published decision, may rule on the issue of whether collateral estoppel can prevent a

claimant from arguing a subsequent motion to suppress filed in a forfeiture case after  a

court has ruled on the identical issues in previous, related litigation.  Thus, the Court

finds the *Anderson* and *16614 Cayuga Rd.* persuasive on the issue.  Accordingly, the

Court finds that collateral estoppel generally is applicable in the instant situation.

For the Claimant to be estopped from litigating the issues raised in his motion to

suppress, the Government has the burden to establish the following elements:

> (1) the issue previously decided is *identical* with the one presented in the
> action in question,
> (2) the prior action has been *finally adjudicated on the merits,*
> (3) the party against whom the doctrine is invoked was a *party or in privity
> with a party* to the prior adjudication, and
> (4) the party against whom the doctrine is raised had a *full and fair
> opportunity to litigate* the issue in the prior action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (citing

*Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation,* 975 F.2d 683, 687 (10th

Cir.1992)) (emphasis in original).  The Court will now analyze these elements by

reviewing the motion to suppress filed in the related criminal proceeding.

In the criminal proceeding *Motion to Suppress*, Lewis argued (1) the drug-sniffing dog was not reliable. Lewis cited *Florida v. Harris*, 133 S.Ct. 1050 (2013) and stated that "it remains to be seen whether the dog's records, if there are any, will support that the dog is sufficiently reliable." 16-CR-19, ECF No. 42, pp. 3–4; and (2) the affidavit did not provide probable cause to justify the search of the hotel room. Lewis argued that a hotel room is a residence for the purpose of searches, that there must be additional evidence linking the residence to the suspected criminal activity, and whether a sufficient nexus has been established linking the criminal activity to the residence depends on the facts of the case and a sufficient affidavit. Lewis contended that the warrant affidavit was required to provide facts that support an inference that drugs or related items would be found in the hotel room, but the affidavit supported the opposite conclusion–that a dog alert (if believed) indicated that drugs were in the plane and not in the hotel room. Lewis urged that there was absolutely no evidence, beyond pure speculation, and threadbare suspicions, before the magistrate linking either Defendant or his hotel room to any illegal activity. Thus, Lewis concludes that the warrant must be quashed and the evidence seized from the hotel room suppressed.

The Court held an evidentiary hearing on April 8, 2016, during which the Court considered several motions including Lewis' Motion to Suppress (which his co-defendant joined). After hearing arguments and testimony from and cross-examination of an officer regarding the drug dog's credentials, the Court held as follows:

> The warrant affidavits provide a substantial basis to believe evidence of drug trafficking was located in the plane and hotel room. The neutral

magistrate, when required to determine whether probable cause exists to support a warrant, must make practical, common-sense decisions. The neutral magistrate must determine whether, given the circumstances described in the affidavit before him and considering the veracity and basis of knowledge of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Artez,* 389 F.3d 1106, 1111 (10th Cir. 2004). This decision is entitled to deference and the reviewing court looks to the totality of the circumstances presented in the affidavit when considering whether there was a substantial basis for determining that probable cause existed.

. . .

The documents before the Court, and the testimony of Officer McClain, clearly show the K-9 drug dog, Zeke, was certified on the pertinent dates in February of 2014, which was disclosed in the search warrant affidavits. The defendants' arguments with respect to the certification of the K-9 drug dog do not have merit. Furthermore, defendants have offered no evidence to the contrary. Both affidavits offered with the search warrant application show probable cause for issuance of the search warrants for the plane and the hotel room at the Holiday Inn in Cody, Wyoming. The Court finds that the motions to suppress will be denied.

16-CR-19, ECF No. 68, pp. 23–25.

As to the elements of collateral estoppel, the Court finds that the arguments contained in the instant motion to suppress are identical to those in motion to suppress filed by Lewis in the related criminal proceedings. This Court denied the motion to suppress in the related criminal proceeding and Lewis did not appeal this Court's decision,[3] thus it was a final adjudication of the motion to suppress. Claimant was clearly a party in the related criminal proceeding. Thus, the first three elements of collateral estoppel are satisfied.

_____

[3] Lewis' co-defendant did appeal, but this does not alter the finality of Lewis' judgment.

11

Regarding the fourth element, whether the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action, Claimant argues that because he had a different attorney in the related criminal proceeding, he did not have the opportunity to fully and fairly litigate the issue in the related criminal proceeding.  In support of this argument, Claimant cites *U.S. v. Davis,* 906 F.2d 829, 834-35 (2nd Cir. 1990) and *Stephens v. Attorney Gen.*, 23 F.3d 248, 249 (9th Cir. 1994). Claimant argues that if there is a different attorney litigating a subsequent suppression motion and that attorney has new arguments or evidence that were not considered in the previous suppression motion, then collateral estoppel is not a bar to the subsequent suppression motion.  In support of this argument, Claimant argues that Mr. Lewis's criminal attorney did not have the benefit of, or at least did not introduce, the "supposed" drug dog team's training and field deployment records and did not call any expert on drug dogs or aviation.  It is worth noting that Claimant did not cite any Tenth Circuit law in support of his argument.

Claimant's argument is unpersuasive and disingenuous.[4]  The Court finds that Claimant is not raising new arguments in the instant motion to suppress.  It is clear that Claimant's attorney in the related criminal proceeding based the criminal motion to suppress on the original (not the instant, renewed) motion to suppress that Claimant filed in the forfeiture case.  The motions contain some identical language outside of case law quotations, which the Court finds is not a mere coincidence.  If the attorneys in the

---

[4] The Court suspects that this Motion to Suppress may be motivated by a desire to stay discovery to avoid the Claimant's deposition.  While the Court understands case strategy is part of lawyering, the Court notes that this case has been pending for over two years and encourages the parties to continue to pursue discovery diligently and cooperatively.

12

criminal and civil cases could rely on each other's work product, they clearly could have consulted with each other and strategized about a unified approach to a suppression argument, expert witnesses, and cross-examination of the officer who testified about the dog's credentials.

Additionally, Joe Bustos represents Claimant as local counsel in the civil and criminal cases.  Mr. Bustos is charged, under the local rules, with being present for all proceedings in connection with the case and has full authority to act for an on behalf of the client in all matters. USDCWY Local Civil Rule 84.2 and Criminal Rule 61.1. Therefore, Claimant did have one lawyer who was the same in his criminal and civil case and his argument has no merit.  Furthermore, if a party could avoid collateral estoppel under the guise that he or she had a different attorney when the argument was originally made, this would encourage a party to terminate his or her attorney and hire another to reassert a failed argument.  That is contrary to the policy behind collateral estoppel, judicial efficiency and finality.

## Conclusion

For the reasons cited above, the Court finds that Claimant is estopped from raising the arguments contained in the instant Motion to Suppress and the Court **DENIES** *Claimant's Renewed Motion to Suppress and Motion for Evidentiary Hearing* (ECF No. 72). Based on the Court's denial of the motion, the Court also finds that there is no need for an evidentiary hearing.

Dated this ___4 th___ day of October, 2016.

Alan B. Johnson
United States District Judge