

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL.,<br><br>Defendants. | Civil No. 14-CV-151-ABJ |

**ORDER DENYING AS MOOT CLAIMANT'S MOTION TO STAY FURTHER DISCOVERY PENDING THIS COURT'S DETERMINATION OF CLAIMANT'S RENEWED MOTION TO SUPPRESS, FILED ON 9/07/2016 [DOC. 74]**

This matter is before the Court on Claimant's Motion to Stay Further Discovery Pending This Court's Determination of Claimant's Renewed Motion to Suppress, Filed on 9/07/2016 [Doc. 74]. The Court having carefully considered the Motion, Response, and Reply, and being fully advised in the premises, FINDS:

### BACKGROUND

This case is originally before the Court on the Government's Verified Complaint for Forfeiture *In Rem* filed after Plaintiff seized One Cessna Airplane, Model Number TU-206 and $259,717 in United States Currency (Defendant Property) in connection with a criminal investigation suggesting the Defendant Property was utilized in illegal drug trafficking. Following the seizure of the Defendant Property, Scott Lewis (Claimant) filed two Verified

Claims Opposing Forfeiture, and asserting an ownership and possessory interest in the Defendant Property.

### CLAIMANT'S MOTION TO STAY FURTHER DISCOVERY [DOC. 74]

In in the instant Motion, Claimant requests the Court stay discovery pending a ruling on Claimant's Renewed Motion to Suppress [Doc. 72]. Claimant argues the Renewed Motion to Suppress is dispositive of this case, since, if granted, Plaintiff would not be able to introduce, or even mention, any evidence that existed inside the hotel room. Claimant notes it is within a court's discretion to stay discovery, and argues the burden and expenses associated with continued discovery outweigh any likely benefit. As a result, Claimant requests the Court Stay discovery pending a ruling on the Renewed Motion to Suppress.

### PLAINTIFF'S RESPONSE [DOC. 76]

Plaintiff first argues Claimant failed to comply with this Court's Administrative General Order 2012-04 since the informal discovery conference was limited to Claimant's request to stay his deposition, not to stay all discovery. Plaintiff next claims Claimant has not provided any proper basis for the requested stay. Plaintiff argues the issues raised in the Renewed Motion to Suppress have already been addressed, and that Claimant is precluded from raising the issues again. Plaintiff also argues that even if the Renewed Motion to Suppress were granted it would not be dispositive, and Claimant's deposition would still occur. Plaintiff goes on to argue the five factors courts generally consider in determining when a stay of discovery is appropriate all favor the continuation of the discovery process. Specifically, Plaintiff argues that under the current trial schedule, even a short delay in discovery would prejudice Plaintiff's ability to obtain discovery. Plaintiff also argues the discovery is not burdensome, that the District Court has made clear no further delays will be

tolerated, and that the public's interest in the pending litigation weighs against the requested stay.

### CLAIMANT'S REPLY

In Reply, Claimant reiterates his claims that a grant of the Renewed Motion to Suppress is dispositive of this case, arguing any remaining evidence is not sufficient to survive a motion for summary judgment. Claimant goes on to argue Plaintiff would likely not be entitled to discovery if the Motion to Suppress is granted. Claimant also argues Plaintiff's concerns regarding the timing of the trial schedule can be alleviated by a short extension to conduct additional discovery if necessary.

### RULING OF THE COURT

Claimant's request to stay discovery was based on his desire for the Court to issue a ruling on Claimant's Renewed Motion to Suppress [Doc. 72] before requiring the parties to go through the burden and expense of participating in discovery. On October 5, 2016, the District Court denied Claimant's Renewed Motion to Suppress and Motion for Evidentiary Hearing [Doc. 82]. Therefore, the underlying basis for Claimant's Motion to Stay Discovery has been addressed and the parties can now proceed with discovery.

NOW, THEREFORE, IT IS ORDERED that Claimant's Motion to Stay Further Discovery Pending This Court's Determination of Claimant's Renewed Motion to Suppress, Filed on 9/07/2016 [Doc. 74] is DENIED AS MOOT

Dated this 7th day of October, 2016.

_____
Kelly H. Rankin
U.S. Magistrate Judge