United States District Court
For The District of Wyoming



UNITED STATES OF AMERICA,

Plaintiff,

vs.

ONE CESSNA AIRPLANE, MODEL NUMBER TU-206, BEARING TAIL NUMBER N6214V AND SERIAL NUMBER U206-1189, ET AL.,

Defendants.

Civil No. 14-CV-151-ABJ

**ORDER DENYING CLAIMANT'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING**

Claimant's "Motion for Reconsideration of Denial of Motion to Suppress and for Evidentiary Hearing" [ECF No. 84] is before the Court for consideration. The Court has considered Claimant's motion for reconsideration as well as the file and all pleadings of record, is fully advised in the premises, and orders as follows.[1]

This case is originally before the Court on the Government's Verified Complaint for Forfeiture *In Rem* filed after Plaintiff seized One Cessna Airplane, Model Number TU-206 and $259,717 in United States Currency in connection with a criminal investigation suggesting the aforementioned property was utilized in illegal drug trafficking. Verified Complaint for Forfeiture *In Rem* 9-10, Aug. 1, 2014, ECF No. 1. On

---

[1] The Court notes that pursuant to USDCWY Local Rule 7.1 it is permitted to rule on a motion at any time after it is filed.

November 2, 2015, Claimant filed a *Motion to Set Aside/Suppress Evidence or Quash*. ECF No. 43. The Government responded. ECF No. 45. The Court, at the Claimant's request, set a hearing on the Motion to Suppress for December 17, 2015. Prior to the hearing, the Government filed a *Motion to Continue Suppression Hearing and Request for a Scheduling Conference*, in which the Government requested the Court to hold a hearing to determine what evidence must be presented at the suppression hearing because the Government argued there were no disputed facts before the Court. ECF No. 48. The Court granted the Government's motion and set a scheduling conference for December 18, 2015. ECF. No. 50.

During the scheduling conference, the Court orally ruled that there was nothing in the record before it that would impeach or raise issues concerning the use of the dog, the affidavits before the Court were significant, and the absence of discovery to demonstrate certification was noticeable. The Court ruled that there were no issues of fact ripe for an evidentiary hearing and notified the parties that it would reconsider a motion to suppress once discovery on the issue of the dog certification was complete. ECF No. 70, Transcript of Scheduling Conference, pp. 18–23. As discussed below, the Court adopted its oral ruling in a text order on August 30, 2016. ECF No. 65.

Following the scheduling conference, on January 25, 2016, Claimant filed *A Motion to Stay Case*, in which he asked the Court to stay the case pursuant to 18 U.S.C. § 981(g)(2) because the Government obtained an indictment against Claimant stemming from the same series of events leading to the forfeiture. The indictment charged Claimant with conspiring to willfully operate an unregistered aircraft in violation of 49

U.S.C. §46306(b)(6)(A), 18 U.S.C. § 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946). Case No. 16-CR-00019-ABJ ("related criminal case"), 16-CR-00019, ECF No. 1. 14-CV-1511, ECF No. 56. On January 27, 2016, the Court granted Claimant's request for a stay. 14-CV-151, ECF No. 57. Relevant to the instant motion, Claimant filed a motion to suppress in the related criminal matter on March 25, 2016. 16-CR-00019, ECF. No. 42. The Court denied Claimant's Motion to Suppress in the related criminal matter on April 13, 2016. 16-CR-119, ECF No. 68.

On June 28, 2016, after the related criminal proceedings ended, the parties filed a Joint Status Report. 14-CV-151, ECF No. 59. The parties stated the criminal proceedings concluded and requested to proceed with the civil forfeiture proceedings. *Id.* In response, the Court held a status conference on August 10, 2016 and issued an Amended Initial Pretrial Order. ECF Nos. 63 and 64. During this conference, it was clear that Claimant was confused about the Court's prior oral denial of his Motion to Suppress. Thus, the Court reiterated its previous oral ruling to alleviate Claimant's confusion as to whether the Court had ruled on the original motion to suppress. This reiteration included a statement that the Court would reconsider a motion to suppress once discovery on the issue of the dog certification was complete. To alleviate this confusion further, on August 30, 2016, the Court memorialized its ruling in a text order. ECF No. 65. On September 7, 2016, Claimant filed his renewed Motion to Suppress [ECF No. 72] asserting almost identical arguments to his original Motion to Suppress [ECF No. 43] and the Motion to Suppress in the related criminal proceedings.

On October 5, 2016, the Court denied Claimant's Motion to Suppress and Request for an Evidentiary Hearing. ECF No. 81. Specifically, the Court held that Claimant had already made the same argument before the Court during the related criminal proceeding, the Court had denied Claimant's motion, and Claimant was collaterally estopped from raising the arguments again in the instant case. For the first time in the case, in its response brief to Claimant's renewed motion to suppress, the Government raised the issue of collateral estoppel in connection with the motions to suppress in the related criminal proceeding and the instant case. The Court did not have an opportunity to consider this argument previously.

In his motion for reconsideration, Claimant argues that, pursuant to *Florida v. Harris*, 133 S.Ct. 1050 (2013), he is permitted to challenge the evidence of a dog's reliability through an evidentiary hearing. Claimant persists that he provided the Court with the name of the expert he intends to call to testify regarding dog reliability and demonstrated his intended compliance with Federal Rule of Civil Procedure 16(b)(1)(c). Claimant contends that the Court must reconsider its prior ruling because the Court stated in the August status conference, after the motion to suppress was denied in the criminal case, that Claimant could renew his motion to suppress in the instant case after receiving relevant dog-reliability discovery. Claimant states, "there can be no doubt that this Court's statement on August 10, 2016 was a finding by this Court that Lewis- and any other party- could rely on such a ruling. That is how litigation works. The parties discuss the issue with the Court and the Court makes a ruling." ECF No. 84. Claimant urges that the Court "cannot renege on its own ruling." ECF No. 84. Claimant further

states that the Court's August 10th statement was, "either an explicit determination by this Court, or at least, an issue decided by necessary implication." ECF No. 84. Claimant argues that "law of the case" should apply and "it takes no leap of faith to conclude that the law of the case trumps any collateral estoppel implications." ECF No. 84.

The Court finds Claimant's arguments unpersuasive. Even assuming that Claimant is correct that the Court's statement giving Claimant permission to renew his motion to suppress was "law of the case," the Court finds Claimant's argument logically flawed. Claimant reads far too much into the Court's August 10th statement. Contrary to Claimant's illogical assumptions, the Court **did not** state on August 10th that (1) Claimant would be granted an evidentiary hearing on his renewed motion to suppress; (2) that the Court would not consider collateral estoppel arguments that were not yet before the Court; or (3) that Claimant would be successful in his renewed motion.

The Court did exactly as it stated on August 10th and did not "renege" on its statement.[2] It allowed Claimant to refile his motion to suppress, did not summarily deny the renewed motion (even though he filed an identical motion previously without the necessary support), and ruled on the merits. Contrary to Claimant's assertion, the Court's statement that Claimant could refile a motion to suppress does not "trump any collateral estoppel implications" because the collateral estoppel argument was not before the Court

---

[2] The irony of Claimant's argument is worth noting. Claimant argues that the Court must persist in and is bound by previous rulings in the instant case while simultaneously urging the Court to do the exact opposite (reconsider its ruling that it will persist in its denial of and prevent the relitigation of the Claimant's motion to suppress made on similar arguments in the related criminal case).

on August 10th. Additionally, on August 10th, the Court could not have predicted that Claimant would submit a renewed motion containing the same arguments as the motion to suppress in the related criminal proceeding.

Accordingly, the Court persists in its ruling that Claimant is estopped from raising the arguments contained in the renewed Motion to Suppress [ECF Nos. 72 and 81]. The Court urges the parties to continue with discovery in a timely fashion. Based on the preceding discussion, the Court herby **DENIES** *Claimant's Motion for Reconsideration.* [ECF No. 84]. It is so **ORDERED**.

Dated this 18th day of October 2016.

Alan B. Johnson
UNITED STATES DISTRICT JUDGE